Nos. 13-17102, 13-17154

IN THE

# United States Court of Appeals
# For The Ninth Circuit

───────────────────────────────────────

FACEBOOK, INC.
*Plaintiff-Appellee*,

v.

STEVEN SURAJ VACHANI,
*Defendant-Appellant*.

───────────────────────────────────────

FACEBOOK, INC.
*Plaintiff-Appellee*,

v.

POWER VENTURES, INC. AND STEVEN SURAJ VACHANI,
*Defendants-Appellants*.

───────────────────────────────────────

Appeal from the United States District Court
for the Northern District of California
Case No. 5:08-cv-5780-LHK, Honorable Lucy Koh

## MOTION TO CONSOLIDATE APPEALS

| | |
|---|---|
| I. Neel Chatterjee | Eric A. Shumsky |
| Monte M.F. Cooper | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| Robert L. Uriarte | 1152 15th Street, N.W. |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | Washington, DC 20005-1706 |
| 1000 Marsh Road | (202) 339-8400 |
| Menlo Park, CA 94025-1015 | |

*Counsel for Plaintiff-Appellee*

## **CORPORATE DISCLOSURE STATEMENT**

There is no parent corporation and no publically held corporation that owns 10% or more of Facebook, Inc.'s stock.

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Eric A. Shumsky*
Eric A. Shumsky
Attorney for Plaintiff-Appellee

Plaintiff-Appellee Facebook, Inc. respectfully requests that the Court consolidate Nos. 13-17102 and 13-17154, both of which are appeals arising out of the same final judgment in the same district court action. At a minimum and in the alternative, the cases should be set on the same briefing schedule and argued (should oral argument be ordered) before the same panel of this Court on the same day. Appellants do not consent.

## MOTION TO CONSOLIDATE APPEALS

These two appeals arise out of a single lawsuit filed by Plaintiff-Appellee Facebook against Defendants-Appellants Power Ventures, Inc. and Steven Vachani, Power's Chief Executive Officer. The lawsuit's allegations concerned Power and Vachani's unauthorized access to Facebook's computer network and their dissemination of unsolicited and deceptive email messages to Facebook's users.

The district court entered judgment against Power and Vachani on September 25, 2013. *See* Dist. Ct. Dkt. No. 377.[1] There now are two appeals before this Court stemming from that single judgment. Power and Vachani jointly filed a Notice of Appeal on October 23, 2013, which was docketed in this Court as Case No. 13-17154. (*See* Dist. Ct. Dkt. No. 379.) In addition, Vachani also filed a

---

[1] All references to the district court docket are to U.S. District Court for the Northern District of California Case No. 5:08-cv-5780.

separate appeal, acting *pro se*. Originally he filed a Notice of Appeal related to the magistrate judge's order sanctioning Power and Vachani for discovery misconduct (*see* Dist. Ct. Dkt. No. 360); but, after this Court issued an order to show cause why that appeal (No. 13-16795) should not be dismissed for lack of jurisdiction (*see* Dkt. No. 2 in No. 13-16795), Vachani subsequently filed an "Amended Notice of Appeal" (*see* Dist. Ct. Dkt. No. 375) that was docketed as No. 13-17102 in this Court. This Court then dismissed No. 13-16795 (*see* Dkt. No. 8 in Case No. 13-16795).

So, as matters currently stand, No. 13-17102 remains pending, along with No. 13-17154. The two appeals, however, have been put on different briefing schedules. Vachani's opening brief in No. 13-17102 is due on January 10, 2014 (*see* Dkt. No. 1-2 in No. 13-17102), whereas Power's opening brief in No. 13-17154 is due on January 31, 2014 (*see* Dkt. No. 1-4 in No. 13-17154).

Consolidating these two appeals would promote economy and efficiency for the Court and the parties alike. Both appeals arise out of the same final judgment, and that fact alone warrants aligning the appeals. In addition, if (as we understand) one appeal is directed to the substantive merits of the claims while the other means to focus on the sanctions order, that is the type of circumstance in which this Court

repeatedly has consolidated or coordinated appeals that were separately noticed.[2] That only makes sense; an understanding of the district court litigation typically is necessary in order to evaluate the circumstances under which sanctions were issued.

For the foregoing reasons, Nos. 13-17102 and 13-17154 should be consolidated. At a minimum and in the alternative, the two cases should be coordinated by setting them on the same briefing schedule, and setting them for argument (if argument is ordered) before the same panel of this Court on the same day.

Respectfully submitted,

Dated: December 16, 2013　　　ORRICK, HERRINGTON & SUTCLIFFE LLP

　　　　　　　　　　　　　　　　　　/s/ Eric A. Shumsky
　　　　　　　　　　　　　　　　　　Eric A. Shumsky
　　　　　　　　　　　　　　　　Attorneys for Plaintiff-Appellee

---

[2] *See, e.g., Mendez v. Cnty of San Bernardino,* 540 F.3d 1109, 1116 (9th Cir. 2008) (adjudicating separate appeals of merits orders and sanctions orders in one consolidated appeal); *Downing v. Abercrombie & Fitch,* 265 F.3d 994, 1000 (9th Cir. 2001) (adjudicating separate appeals of fee award and summary judgment order in one consolidated appeal); *see also SEC v. Seaboard Corp.,* 677 F.2d 1301, 1304 (9th Cir. 1982) (consolidating appeals in separate cases concerning overlapping facts); Fed. R. App. P. 3(b) (permitting consolidation of separate appeals where consolidation is practicable).

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on December 16, 2013.

I certify that all participants in the case who are registered CM/ECF users will receive service through the appellate CM/ECF system, and that all other parties who are not registered CM/ECF users have been served in accordance with the Federal Rules of Appellate Procedure.

*/s/ Eric A. Shumsky*
Eric A. Shumsky
Attorneys for Plaintiff-Appellee
