Nos. 13-17102, 13-17154

IN THE

# United States Court of Appeals
# for the Ninth Circuit

---

**FACEBOOK, INC.**,

*Plaintiff-Appellee*,

v.

**STEVEN VACHANI**,

*Defendant-Appellant*,

_____

Appeal from the United States District Court
for the Northern District of California
Case No. 5:08-cv-05780-LHK, Honorable Lucy Koh

---

## DEFENDANTS-APPEALLANTS' RESPONSE IN OPPOSITION TO PLAINTIFF-APPELLEE'S MOTION TO CONSOLIDATE APPEALS

---

Amy Sommer Anderson
AROPLEX LAW
156 2nd Street
San Francisco, California 94105
Telephone: 415-529-5148
Facsimile: 415-970-5016

Counsel for Defendant-Appellant,
POWER VENTURES, INC.

STEVEN VACHANI
2425B Channing, #216
Berkeley, CA 94704
Telephone: (917) 267-8823

*Pro se* Appellant

## **CORPORATE DISCLOSURE STATEMENT**

There is no parent corporation and no publicly held corporation that owns 10% or more of Power Ventures, Inc.'s stock.

Defendants-Appellants Power Ventures, Inc. and Steven Vachani file this Response in Opposition to Plaintiff-Appellee's Motion to Consolidate Appeals seeking consolidation of appeals nos. 13-17102, 13-17154 filed December 16, 2013. For the reasons set out below, Defendants-Appellants oppose Plaintiff-Appellee's consolidation request in its entirety and stay or expand the briefing schedule in both appeals to remedy any prejudice caused Defendants-Appellants in responding to the motion at issue, or, in the alternative, request the Court allow Defendant-Appellant Vachani to file a separate brief on the issues raised in his discovery sanctions appeal.

If granted, Defendants-Appellants would be adversely affected by such order in that consolidation of this appeal with the appeal in No. 13-17102 will prejudice the rights of Defendants-Appellants since this appeal involves substantially different questions of law as those to be considered in No. No. 13-17102 such that consolidation of the proceedings will result in needless complexity on appeal with little savings of time and costs for the parties or the court.

Contrary to Plaintiff-Appellee's assertion, the two appeals at issue do not, "[arise] out of the same final judgment in the same court action."[1] In fact, the appeals arise from entirely distinct and factually unrelated orders. On October 21, 2013, this Court docketed appeal No. 13-17102, which was brought by the

---

[1] *See*, Plaintiff-Appellee's *Motion to Consolidate Appeals*; Dkt. No. 12 at 1:¶1.

individual Defendant-Appellant, Steven Vachani, appealing Judge Joseph Spero's August 7, 2013 order for sanctions based on a single primary issue: whether the individual deponent in this matter is liable for discovery sanctions resulting from a renewed 30(b)(6) hearing. On October 25, 2013, this Court docketed appeal No. 13-17154, which was brought by *both* Defendants-Appellants appealing the Court's summary and final judgments[2] issued by former Chief Judge Ware and Judge Lucy Koh, respectively.

      Because individual Defendant-Appellant Vachani has appealed an order for discovery sanctions, the merits of which are entirely unrelated to the Summary Judgment and associated final judgments adjudicating the substance of the original action now on appeal by *both* Defendants-Appellants, it is appropriate for the parties to argue—and for the Court to decide—these distinct matters entirely separately. Further supporting movants' position, the sanctions issue is not particularly novel and will be reviewed for abuse of discretion, while the other is a seldom civilly litigated, complex matter that the Court will review *de novo*.

      Attempting to substantiate their request, Plaintiff-Appellee offers that "an understanding of the district court litigation typically is necessary in order to evaluate the circumstances under which sanctions were issued," but such is not the case in the instant matter—and even Plaintiff-Appellee does not propose that it

---

[2] This motion does not contain an exhaustive description of Defendants' grounds for appeal; Defendants reserve the right to raise other issues on appeal.

is—as the issues raised in the individual Defendant-Appellant's appeal are specific to whether a cooperating individual deponent can be held jointly liable for sanctions where the court finds a corporate party did not present an adequately prepared deponent for a 30(b)(6) hearing, which does not call into question any of the substantive facts or issues central or related to the joint appeal of the final judgment.

Plaintiff-Appellee offers no example of how separate appeals might prejudice or otherwise substantially burden Plaintiff-Appellant. Likewise, Plaintiff-Appellee offers no example of how separate appeals places unnecessary burden on the Court, and, in fact, separate cases would lessen the burden on the merits panel for the sanctions appeal since 1) it is raised by the *individual* defendant alone and, thus, does not raises issues for determination as to the *corporate* defendant, and 2) that panel does not need to be—and, arguably, should not be—burdened or distracted by the considerable and unrelated record in this case. Indeed, the parties most burdened, if at all, by prosecuting separate appellate cases on these matters are Defendants-Appellants, who believe they would be even further burdened by consolidation of these cases.

WHEREFORE, Defendants-Appellants pray the Court allow the separate appeals to proceed independently with a stayed or expanded briefing schedule, or, in the alternative, the Court allow Defendant-Appellant Vachani to file a separate

brief on the issues raised in his discovery sanctions appeal.

                                                       Respectfully submitted,

Dated: December 24, 2013        AROPLEX LAW

                                         By      /s/
                                                  AROPLEX LAW
                                                  156 2nd Street
                                                  San Francisco, California 94105
                                                  anderson@aroplex.com
                                                  Telephone: 415-529-5148
                                                  Facsimile: 415-970-5016
                                                  Attorney for Defendant
                                                  POWER VENTURES, INC.

FILER'S ATTESTATION: Pursuant to Circuit Rule 25-5(f), I attest under penalty of perjury that all other parties on whose behalf the filing is submitted concur in the filing's content.


Dated: December 24, 2013        Respectfully submitted,

                                                  /s/
                                                 Amy Sommer Anderson

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on December 24, 2013.

I further certify that all participants in the case who are registered CM/ECF users will receive service through the appellate CM/ECF system, and that all other parties who are not registered CM/ECF users have been served in accordance with the Federal Rules of Appellate Procedure.

By: /s/ Amy Sommer Anderson
Amy Sommer Anderson