Nos. 13-17154, 13-17102

**IN THE**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

**FACEBOOK, INC.**,

*Plaintiff-Appellee,*

*v.*

**POWER VENTURES, INC. AND STEVEN VACHANI**,

*Defendants-Appellants,*

_____

Appeal from the United States District Court
for the Northern District of California
Case No. 5:08-cv-05780-LHK, Honorable Lucy Koh

─────────────────────────────────────────────

**APPELLANTS' EXCERPTS OF RECORD**
**Volume II of II**
**Pages 89 through 244**

─────────────────────────────────────────────

Amy Sommer Anderson
AROPLEX LAW
156 2nd Street
San Francisco, California 94105
Telephone: 415-529-5148
Facsimile: 415-970-5016

Counsel for Defendant-Appellant,
POWER VENTURES, INC.

STEVEN VACHANI
2425B Channing, #216
Berkeley, CA 94704
Telephone: (917) 267-8823

*Pro se* Appellant

Court of Appeals No. 13-17154, 13-17102

======================================

*Facebook, Inc v. Power Ventrues, Inc, et al.*

_____

INDEX
EXCERPTS OF RECORD
VOLUME II

## VOLUME I

| Date | Dkt. No. | Page No. | Document |
|------|----------|----------|----------|
| 01/08/14 | 15 (9th. Cir. Dkt.) | 1 | Court Order Consolidating Case Nos. 13-17154 and 13-17102 |
| 09/25/13 | 374 | 2 | Final Judgment |
| 09/25/13 | 373 | 3 - 36 | Order denying Motion for Leave to File; granting Motion for Permanent Injunction; granting motion for summary judgment regarding liability of Vachani and motion for damages (unsealed version only; no reference to sealed portion(s)) |
| 08/07/13 | 356 | 37 - 43 | Order Re Attorney Fees and Costs for Renewed Deposition |
| 03/01/12 | 282 | 44 - 45 | Discovery Order re: Renewed Deposition |
| 02/16/12 | 275 | 46 - 64 | Order Granting Plaintiff's Motion for Summary Judgment |
| 07/20/10 | 89 | 65 - 88 | Order Denying Cross-Motions for Summary Judgment |

## VOLUME II

| Date | Dkt. No. | Page No. | Document |
|------|----------|----------|----------|
| 10/06/13 | 379 | 89 - 91 | Defendants-Appellants' Notice of Appeal to the United States Court of Appeals for the Ninth Circuit |
| 10/02/13 | 375 | 92 - 93 | Vachani's Amended Notice of Appeal Re: Sanctions Order |
| 09/06/13 | 360 | 94 | Vachani's Notice of Appeal Re: Sanctions Order |

| | | | |
|---|---|---|---|
| 08/15/13 | 357-1 | 95 - 99 | Vachani's Declaration In Support Of Defendants' Opposition to Facebook's Request for Injunctive Relief |
| 08/15/13 | 357-2 | 100 – 101 | Exhibit A to Vachani's Declaration In Support Of Defendants' Opposition to Facebook's Request for Injunctive Relief |
| 08/15/13 | 357-3 | 102 - 108 | Exhibit B to Vachani's Declaration In Support Of Defendants' Opposition to Facebook's Request for Injunctive Relief |
| 04/29/13 | 333 | 109 | Facebook's Case Management Statement (except) |
| 08/15/12 | 317 | 110 - 127 | Vachani's Supplemental Brief on Damages and Vachani's Liability |
| 02/10/12 | 269 | 128 - 135 | Joint Letter Brief Regarding Facebook's Request for Renewed Deposition (unsealed version only; no reference to sealed portion(s)) |
| 01/19/12 | 225-1 | 136 - 139 | Cutler Declaration In Support of Facebook's Motion for Partial Summary Judgment (unsealed version only; no reference to sealed portion(s)) |
| 01/19/12 | 225-2 | 140 - 146 | Exhibit C to Cutler Declaration In Support of Facebook's Motion for Partial Summary Judgment (unsealed version only; no reference to sealed portion(s)) |
| 05/09/11 | 98 | 147 - 170 | Defendants' Motion for Summary Judgment |
| 05/09/11 | 98-2 | 171 - 174 | Vachani Declaration in Support of Defendants' Motion for Summary Judgment |
| 01/13/09 | 9 | 175 -200 | Facebook's First Amended Complaint |
| N/A | N/A | 201 - 244 | Trial Court Docket |

1   Amy Sommer Anderson (STATE BAR NO. 282634)
    anderson@aroplex.com
2   Aroplex Law
    156 2nd Street
3   San Francisco, California  94105
    Telephone:     415-529-5148
4   Facsimile:     415-970-5016

5   Attorney for Defendant
    POWER VENTURES, INC.
6
    STEVEN VACHANI (*pro se*)
7   2425B Channing, #216
    Berkeley, CA  94704
8   Telephone: (917) 267-8823

9

10                    UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12

13   FACEBOOK, INC.,                      Case No. 5:08-CV-05780 LHK

14              Plaintiff,                **NOTICE OF APPEAL**

15       v.

16   POWER VENTURES, INC., et al.

17              Defendants.

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF APPEAL                    -1-            CASE NO. 5:08-CV-05780 LHK

ER 89

1

2

### NOTICE OF APPEAL

3     Please take notice that Defendants Power Ventures, Inc. and Steven Vachani hereby

4     appeal to the Ninth Circuit United States Court of Appeals from the Order Granting Plaintiff's

5     Motion for Summary Judgment and Denying Defendants' Motion for Summary Judgment (Dkt.

6     No. 275) entered in this action on February 16, 2012 and from the Final Judgment (Dkt. No. 374)

7     entered in this action on September 25, 2013.

8
                                    Respectfully submitted,
9

10    Dated: October 23, 2013                  AROPLEX LAW

11
                                        By      /s/
12                                              Aroplex Law
                                                156 2nd Street
13                                              San Francisco, California  94105
                                                anderson@aroplex.com
14                                              Telephone:     415-529-5148
                                                Facsimile:     415-970-5016
15                                              Attorney for Defendant
                                                POWER VENTURES, INC.
16

17
      Dated: October 23, 2013                  STEVEN VACHANI
18
                                        By      /s/
19                                              STEVEN VACHANI (*pro se*)
                                                2425B Channing, #216
20                                              Berkeley, CA  94704
                                                Telephone: (917) 267-8823
21

22

23    FILER'S ATTESTATION: Pursuant to General Order No. 45 §X(B), I attest under penalty of
      perjury that concurrence in the filing of the document has been obtained from its signatory.
24

25    Dated: October 23, 2013                  Respectfully submitted,

26                                              /s/
                                        Amy Sommer Anderson
27

28

**RULE 3-2 REPRESENTATION STATEMENT**

1.  Plaintiff Facebook, Inc. is represented by

    I. NEEL CHATTERJEE (State Bar No. 173985)
    nchatterjee@orrick.com
    MONTE COOPER (State Bar No. 196746)
    mcooper@orrick.com
    MORVARID METANAT (State Bar No. 268228)
    mmetanat@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Rd.,
    Menlo Park, California 94025
    Telephone: 650-614-7400
    Facsimile: 650-614-7401

    FREDERICK D. HOLDEN, JR. (State Bar No. 61526)
    fholden@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Rd.,
    Menlo Park, California 94025
    Telephone: 415-773-5958
    Facsimile: 415-773-5759

2.  Defendant Power Ventures, Inc. is represented by

    Amy Sommer Anderson (STATE BAR NO. 282634)
    anderson@aroplex.com
    Aroplex Law
    156 2nd Street
    San Francisco, California  94105
    Telephone:     415-529-5148
    Facsimile:     415-970-5016

3.  Defendant Steven Vachani is a *pro se* appellant.

1    STEVEN VACHANI (*pro se*)
     2425B Channing, #216
2    Berkeley, CA  94704
     Telephone: (917) 267-8823
3

4

5

6

7

8                          CLERK OF THE COURT

9
        UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
10

11

12   FACEBOOK, INC.,                       | Case No. 13-16795

13              Plaintiff-Appellee,         | **RESPONSE TO CLERK'S ORDER
                                            | REGARDING LACK OF
14        v.                                | JURSIDCTION OVER APPELLANT'S
                                            | INTERLOCUTORY APPEAL**
15   STEVEN SURAJ VACHANI,

16              Defendant-Appellant.

17

18        On September 6, 2013, I, Steven Vachani, appealed to the Ninth Circuit United States

19   Court of Appeal from the Order Re Attorneys Fees and Costs for Renewed Deposition[1] entered

20   August 7, 2013, and on September 9, 2013, the Court assigned the case number for the appeal and

21   set the briefing schedule.

22
          On September 13, 2013, a File Clerk Order was entered in this appellate action stating: "A
23
     review of the record suggests that this court may lack jurisdiction over the appeal because the
24
     district court's August 7, 2013 'order re attorneys fees and costs for renewed deposition' does not
25
     appear to be appealable." In summary, the clerk rejects immediate appeal of the District Court
26

27

28   ────────────────
     [1] *Facebook, Inc. v. Power Ventures, Inc.*, et al., CAND Case No. 5:2008cv05780; Dkt. No. 356.

ER 92

1    Order because it 1) was issued by a magistrate judge, and 2) is a sanctions order of a type not

2    generally appealable prior to the entry of final judgment.

3            On September 25, 2013, a final judgment in *Facebook, Inc. v. Power Ventures, Inc.*, et al.

4    was entered[2]. A true and correct copy of the final judgment is attached hereto as Exhibit A. As

5    final judgment has now been entered and the U.S. Court of Appeal has acquired jurisdiction over

6    interlocutory orders, as well as those issued by a magistrate judge, I respectfully submit that the

7    instant action be allowed to advance without dismissal.

8

9            I declare under the penalty of perjury of the laws of the State of California that the

10   foregoing is true and correct.

11                                            Respectfully submitted,

12

13   Dated: October 2, 2013

14

15   San Francisco, CA                    By   /s/ Steven Vachani

16                                        PRO SE DEFENDANT STEVEN VACHANI
                                          Steven Vachani (pro per)
17                                        2425B Channing, #216
                                          Berkeley, CA 94704
18

19

20

21

22

23

24

25

26

27

28

---

[2] *Facebook, Inc. v. Power Ventures, Inc.*, et al., CAND Case No. 5:2008cv05780; Dkt. No. 374.

STEVEN VACHANI (*pro se*)
2425B Channing, #216
Berkeley, CA  94704
Telephone: (917) 267-8823

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC., | Case No. 5:08-CV-05780 LHK |
| Plaintiff, | **NOTICE OF APPEAL** |
| v. | |
| POWER VENTURES, INC., et al. | |
| Defendants. | |

## NOTICE OF APPEAL

Please take notice that Defendant Steven Vachani hereby appeals to the Ninth Circuit United States Court of Appeals from the Order Re Attorneys Fees and Costs for Renewed Deposition (Dkt. No. 356) entered in this action on August 7, 2013.

Respectfully submitted,

Dated: September 6, 2013

By __ *[signature]* _____

PRO SE DEFENDANT STEVEN VACHANI

Steven Vachani (pro per)
2425B Channing, #216
Berkeley, CA  94704

NOTICE OF APPEAL                                   -1-                     CASE NO. 5:08-CV-05780 LHK

ER 94

1  Amy Sommer Anderson (STATE BAR NO. 282634)
   anderson@aroplex.com
2  Aroplex Legal Services & the Law Practice of Amy
   Sommer Anderson
3  156 2nd Street
   San Francisco, California  94105
4  Telephone:     415-529-5148
   Facsimile:     415-520-0606
5
   Attorney for Defendant
6  POWER VENTURES, INC.

7  STEVEN VACHANI (*pro se*)
   2425B Channing, #216
8  Berkeley, CA  94704
   Telephone: (917) 267-8823
9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                         SAN JOSE DIVISION

13 FACEBOOK, INC.,                    | Case No. 5:08-CV-05780 LHK

14              Plaintiff,            | **DECLARATION OF STEVEN**
                                      | **VACHANI IN SUPPORT OF**
15          v.                        | **DEFENDANTS' OPPOSITION TO**
                                      | **FACEBOOK, INC.'S REQUEST FOR**
16 POWER VENTURES, INC., a Cayman Island | **INJUNCTIVE RELIEF**
   corporation and d//b/a POWER.COM, a
17 California corporation; STEVE VACHANI, an
   individual; DOE 1, d/b/a POWER.COM,
18 DOES 2-25, inclusive,

19              Defendants.

20

21      I, Steven Vachani, declare as follows:

22      1.     I am the CEO of Power.com ("Power").  I make this declaration in support of

23 Defendants' Supplemental Memorandum In Opposition to Facebook's Request for Injunctive

24 Relief.  I have personal knowledge of the facts stated herein and, if called as a witness, I could

25 and would competently testify to the truth thereof.

26

27

28

VACHANI DECL. IN SUPPORT OF DEFENDANTS'
OPPOSITION TO FACEBOOK'S REQUEST FOR        -1-              CASE NO. 5:08-CV-05780 LHK
INJUNCTIVE RELIEF

2.        Beginning in 2006, defendant Power operated a website known as Power.com, which allowed users to access various social networking websites (e.g. MySpace and Orkut) in one place. Specifically, Power created a browser that allowed users to login and access all of their various social networking accounts at once.  Users could update their photos, messages, music, and videos, and these updates would be portable across various social networking sites.

3.        For approximately one month, December 2008, Power offered a promotion to users who also had Facebook accounts. Power advertised to its users that, if they chose to invite their friends to try Power's system, they could win $100. The promotion displayed a pop-up box that said: "share with friends through events." While the specific "event" checkbox on the promotion was pre-checked, consent to participate in the campaign overall required an affirmative click by Power's users. When those users chose to participate in the promotion, Power automated the process of inviting the user's Facebook friends to join Power's service through Facebook's captive "events" interface, which, as described further below, prevented Power (and the user) from changing key elements of the invitation. Attached hereto as Exhibit A is true and correct copy of the above-referenced pop-up box.

4.        On December 1, 2008, Power received a cease and desist notice from Facebook's outside counsel demanding, *inter alia*, that Power discontinue their integration with Facebook. On December 4th, I promptly responded on Power's behalf, as CEO, expressing Power's eagerness to discuss the issues and work out a mutually agreeable solution.

5.        Upon becoming aware of Facebook's opposition to Power's integration, Power undertook full-time efforts to implement Facebook Connect—a platform designed by Facebook that allows third party websites to connect to Facebook—as Facebook requested.

6.        Discussions between Power and Facebook ensued throughout most of December as Power worked diligently to integrate their system with Facebook Connect.  Attached hereto as

VACHANI DECL. IN SUPPORT OF DEFENDANTS'
OPPOSITION TO FACEBOOK'S REQUEST FOR
INJUNCTIVE RELIEF        - 2 -        CASE NO. 5:08-CV-05780 LHK

ER 96

Exhibit B are true and correct copies of e-mail correspondence exchanged between me, as Power's CEO and on Power's behalf, and Facebook counsel at various dates in December 2008.

7.      On December 15, 2008, Facebook expressly granted Power until December 26th to integrate the Facebook API and authorized Power to continue operating on their site with the then-current version of their software.

8.      Negotiations between Power and Facebook over the implementation of Facebook Connect broke down when Facebook refused to grant a reasonable amount of additional time necessary for Power to complete their Facebook Connect integration. At that point, Power shut down their integration at Facebook's demand.

9.      Power completed their Facebook Connect integration in January 2009 and relaunched on Facebook in full compliance with their terms of use. Facebook approached Power, requiring consent to terms additional to those generally required of Connect partners, so Power voluntarily shut down their Connect integration at the end of January 2009.

10.      Power never made any additional attempts to connect to Facebook in any way.

11.      Power went out of business in April, 2011.

12.      Facebook allows its users to create "events" and invite their friends to attend. The specific email referenced in Facebook's complaint was generated by Facebook as a result of a Facebook user named 'Nik' creating an event and selecting the friends to invite.  It was Nik, not Power, that logged on to Facebook and created the event.  It was Nik, not Power, that chose the friends he wished to invite.  Nik could only send the invitation to other Facebook members who had agreed to 'friend' Nik, and thus had expressly agreed to receive communications from Nik.  Facebook then sent an email to those friends on Nik's behalf.  Power did not initiate this message.  Power did not select the recipients to whom it was sent.  And Power had no control over the content of the message or the header information.  Only Facebook did.  Power did not

VACHANI DECL. IN SUPPORT OF DEFENDANTS'
OPPOSITION TO FACEBOOK'S REQUEST FOR          - 3 -          CASE NO. 5:08-CV-05780 LHK
INJUNCTIVE RELIEF

ER 97

transmit any email message to any Facebook account.  Nor did Power make available any utility that would enable a user to transmit such messages. Attached hereto as Exhibit C are screenshots demonstrating the Facebook "event" creation process.

13.     The header information on the emails at issue in this case was accurate and showed that Facebook had sent the messages.  Power had no control over them.  They were auto-generated by Facebook and Power could not have changed them if it wanted to.

14.     Like Facebook, Power also has not received a single complaint from a Facebook user about any of the events described in Facebook's complaint. Nor has anyone complained to Power about any of our activities related to Facebook.  Nor has anyone claimed to have been misled by anything we did.

15.     Power did not access any nonpublic portion of Facebook's website.  Power merely offered users a different and potentially superior browser through which they could access their Facebook accounts to copy, update, and/or port their own "User Content."  And users did so by entering their own valid usernames and passwords, which Power never copied or stored for any purpose.  Power did not obtain any software, data, or other content of value from Facebook.  The only data accessed through Power's utilities were user's own "User Content," over which Facebook has disclaimed any ownership.

16.     No file remotely relevant to the instant action has been deleted or destroyed. Years after the lawsuit started and after the company ran out of money and could not afford to maintain its servers, Power was pressed to back everything up in a short time before losing server access completely. There was insufficient time to transfer two files completely irrelevant to Facebook's action: One file was unrelated to Power.com's operations and the other file was a nonessential log file, which did not affect operation of the site. This file contained no information that was not duplicated in the data that was backed up and readily available for Facebook inspection.

VACHANI DECL. IN SUPPORT OF DEFENDANTS'
OPPOSITION TO FACEBOOK'S REQUEST FOR          - 4 -          CASE NO. 5:08-CV-05780 LHK
INJUNCTIVE RELIEF

ER 98

17.     My role as CEO of Power during all times relevant to this case required my involved, to some degree, in nearly all operations of the company. At no point, however, did I exert unilateral control or ultimate decision-making authority.

18.     In 2008, Power Ventures was in its infancy, and only seeking to contribute to the world of social networking and improve users' experiences. Power Ventures, Inc. was funded by top tier Silicon Valley ventures and had dozens of sophisticated investors, as well as dozens of employees who owned shares in the company. The company maintained a professional board and at no time did I have control of the board or control over the decisions of a majority of the shareholders in the company.

19.     Attached hereto as Exhibit D is a true and correct copy of *Supplemental Brief by Pro Se Defendant Steven Vachani Regarding Damages*, Dkt. No. 317 filed August 15, 2012.

20.     Attached hereto as Exhibit E is a true and correct copy of *Electronic Frontier Foundation's Brief In Support of Defendants' Motion for Summary Judgment*, Dkt. No. 206-2.

21.     I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.


Dated: August 15, 2013

By    /s/ Steven Vachani

PRO SE DEFENDANT STEVEN VACHANI
Steven Vachani (pro per)
2425B Channing, #216
Berkeley, CA  94704

VACHANI DECL. IN SUPPORT OF DEFENDANTS'
OPPOSITION TO FACEBOOK'S REQUEST FOR         - 5 -         CASE NO. 5:08-CV-05780 LHK
INJUNCTIVE RELIEF

ER 99

# EXHIBIT A



Launch Promotion
by Power.com
friends 100 dollars 100 days 100
Win 100 dollars!
First 100 people who bring 100 new friends to Power.com win $100. Join now!
Share with friends through my photos
Share with friends through events
Share with friends through status
Yes, I do!
Rules
No, thanks.

# EXHIBIT B

**From:** "steve@stevevachani.com" <steve@stevevachani.com>
**To:** felipe.herrera@powerinc.net; "Cutler, Joseph P. (Perkins Coie)" <JCutler@perkinscoie.com>
**Cc:** "Demetrescu, Nicole (Perkins Coie)" <NDemetrescu@perkinscoie.com>; "McCullagh, James R. (Perkins Coie)" <JMcCullagh@perkinscoie.com>; steve@power.com
**Sent:** Saturday, December 27, 2008 3:49 AM
**Subject:** Power.com Update - sent December 26th, 2008

Dear Joseph,

I am writing to follow up to our discussions regarding Power.com's integration of Facebook connect, your requests for us to take down our current Power browser compatability with Facebook, and your complaints regarding our users storing their Facebook login information inside the Power Browser. I hope you will pass this letter on to Sam and other appropriate parties inside of Facebook to communicate our sincere desire to diplomatically resolve our current disagreement and help you reduce these disagreements with well intentioned companies like Power.

Power.com is very committed to working with Facebook and we sincerely hope that this message of diplomacy and good intention is very clear in this letter. We would like to reiterate that we have made the decision to make every diplomatic effort possible to cooperate with Facebook to integrate your Facebook Connect solution on our login page. We had originally expected that it would take us 2 weeks to complete this integration, but with the holidays and the amount of work necessary to complete this integration, we realistically don't expect have this new solution fully integrated until January 30th as we had previously discussed. After careful consideration and after previously thinking that it would better to take Facebook comptability down while we implemented this new solution, we have made the business decision to not prevent the interruption of service to our millions of users while working closely to make these changes to address Facebook's concerns. We sincerely hope that while this is not your desired action, you will respect our reasons for doing this and keep the door open and approve Power.com inside of Facebook connect when we go live in one month. Furthermore, we would like to work with Facebook to offer our complete browser tools to users with Facebook's consent and input into the user experience.

The Power.com browser provides our users value added features across their Internet experience.  Like most browsers, we have little interest to cause harm to Facebook or reduce Facebook's revenues. On the contrary, we are taking proactive steps to pass all Facebook ads through to the user inside our browser. Similar to Firefox, Internet Explorer, Flock, and other browsers and browser add-ons, we provide our users a browser to navigate and continue to use their existing sites and do not in any way attempt to obstruct users from using the sites they are accustomed to using every day. Like most browsers, we do offer our users the option to either start their experience on our home page or start on their default social network.

Furthermore, we are about to launch a new solution which will pass Facebook ads inside of all Facebook content which is displayed outside of Facebook. This is something we can have ready by the end of January and which we can also enable for you to offer to other develpment partners whose only desire is to create positive applications for Facebook users. We are committed to working with the entire industry to responsibly create a borderless web where all parties interests are respected when widgets, apps, messages, and other content are distributed outside of Facebook or outside the host site of any other web publisher.

Power strives for complete transparency with our users by providing them explicit statements on our front page in two different places about the nature of our application, the fact that we are a value added browser with no endorsement by other sites, and we also require a user before using our service to read through and proactively accept our terms and conditions where we for the third time clarify the users consent and understanding that we are in no way affiliated with or endorsed by Facebook.

We completely understand Facebook's position to not begin any business discussions with Power.com until we have become compliant with Facebook requests. We request that you please reconsider this decision and enable us to meet with Facebook as early as possible to diplomatically resolve this issue in a way that will allow us to keep creating new applications for Facebook and also help Facebook better accommodate other innovators and application developers like Power.com who only want to enrich your user's experiences. We are working to implement this complete solution with Facebook's cooperation by January 30th and sincerely hope that you will not misinterpret this delay and our decision to not interrupt the user experience of our mutual users as our lack of desire to work together with Facebook.

If you maintain that you cannot facilitate a direct meeting, we will happily use our own contacts to start these discussions with Facebook, but it is difficult to start these discussions until after the holidays are over. We have no problem using our own contacts to get to the appropriate people at Facebook engaged in discussions in January to resolve this, but naturally prefer your assistance to speed things up.

We believe that it would be a serious strategic mistake to disrupt the experience of the millions of Power.com users while we are actively working to complete the integration of Facebook connect. We believe that this would create unnecessary attention and disruption among users, the media, and the industry around what we believe is a discussion that can be handled maturely and quietly between our companies.

I believe that Facebook understands the current challenges as Meebo and soon thousands of other sites that will connect to Facebook using open source technology solutions and other user driven solutions that are not endorsed by Facebook. We respect Facebook's objectives to create an open Internet which respects and protects users and enables developers to create new innovations to serve Facebook users. We think that it is important that we all diplomatically work together to achieve these goals for the best interests of users. The borderless web is inevitable and we all need to work together to define the best practices for this new and exciting Internet which Facebook has already played such a pivotal role in helping create over the past years.

Power.com is very interested in sitting down with Facebook to discuss together the future of the borderless internet and work to address all of Facebook's concerns. I am willing to fly to San Francisco as early as possible to proactively present our solutions or we are happy to wait until after January 30th when we complete our integration of Facebook connect on our initial login page.

We believe that that your number one concern of protecting a users username and password will be resolved by our implementation of Facebook connect or by Facebook using an extension to Facebook connect that we would like to present to you which would allow Power and other outside developers maximum flexibility to innovate on top of Facebook while keeping the users username and password locked securely and safely outside the reach of Power.com or any other developer. We are currently supporting and helping introduce a new industry wide solution that will ensure that sites like Power.com, Meebo, eBuddy, and thousands of others will never have access or store Facebook usernames and passwords, but still have the maximum flexibility to innovate new applications on top of Facebook and all other sites on the Internet. We all share similar investors and partners and we are all striving for the same objectives.

We believe that Facebook's second concern is the potential loss of revenues when Facebook content is accessed outside of Facebook. This coming month, Power.com will be introducing a solution which will pass all Facebook advertising through with your content that is displayed outside of Facebook. We are proceeding with this without being asked in order to further demonstrate our desire to diplomatically and responsibly address the issues of distributed content inside of mashed up websites. Power.com has no interest to interfere or to prevent Facebook from receiving revenue from all its content and will go out of its way to showcase to the industry how to responsibly solve this problem. We would welcome the opportunity to work with you to define these standards together with the leading sites on the web and introduce these standards together to the industry and inside of Facebook connect.

Finally, as a browser, most of our users experience is actually inside of Facebook and other destination sites  and we do not in any way prevent users from viewing the entire Facebook experience with all ads and revenues streams intact.

While we understand your current requests to take down the current Facebook compatibility with the Power Browser today, we strongly believe that it is a mistake to disrupt the user experience of our millions of users and create attention around our private discussions.

Unlike some other sites that you are dealing with that may truly be causing harm to Facebook, Power.com's only goal is to enable new applications which enhance Facebook's users experience inside your site.

Therefore, we diplomatically request that you please grant us an extension until January 30th to work to achieve compliance with Facebook's request and to have time to diplomatically sit down with Facebook to present solutions that will assist you in dealing with these core issues not only with Power.com, but with the hundreds of other well intentioned developers who are only looking to create new innovations for Facebook, but who do not yet have the flexibility from Facebook to support their innovations. The floodgates are about to open and we would love to work proactively to solve these challenges together.

We sincerely hope you respect our decision on this and look forward to building a healthy and diplomatic dialogue with Facebook to address your true concerns of protecting your users. And we apologize for the lack of clarity on our position until today and for any confusion we may have created from this lack of clarity. Facebook's initial strong reaction did catch us off guard and after careful consideration, we have crafted this letter to make clear our position and desire and commitment to work together.


Best Regards,

Steve Vachani

CEO, Power.com

----- Forwarded Message -----
**From:** "steve@stevevachani.com" <steve@stevevachani.com>
**To:** filipe.herrera@powerinc.net; "Cutler, Joseph P. (Perkins Coie)" <JCutler@perkinscoie.com>
**Cc:** "Demetrescu, Nicole (Perkins Coie)" <NDemetrescu@perkinscoie.com>; "McCullagh, James R. (Perkins Coie)" <JMcCullagh@perkinscoie.com>
**Sent:** Thursday, December 18, 2008 4:29 AM
**Subject:** Re: Power.com

Joseph,

I just finished a meeting with our team. They have changed the priorities of our product team to begin a complete reintegration of Facebook with Facebook connect. They are putting together a detailed product plan and studying intensively how to get the maximum innovation through Facebook connect.

I am waiting for them to final the complete product plan and schedule and allocation of resources.

Based on the more detailed feedback, I am concerned that my goal of December 26th may have been too optimistic. Rather than waiting until the last day, I would like to have an open and transparent conversation with you about our progress and also early next week share with you a visual product plan on what is being implemented for you to fully appreciate the amount of resources and time we are putting into this reintegration with Facebook connect.

It is my hope that after I present this that you and your team will see the good faith effort that our team is making to make this integration as smooth as possible.

I would like to reconvene by telephone with you on December 23rd at the end of the day to present the latest progress.

I am not expecting anything from you now, but only to provide you an update on our progress and ensure that we have open communication as we make a full effort to integrate this. On December 23rd, I will share a demo showing how we are integrating Facebook connect.

Thanks,
Steve

--- On **Mon, 12/15/08, Cutler, Joseph P. (Perkins Coie) <JCutler@perkinscoie.com>** wrote:

> From: Cutler, Joseph P. (Perkins Coie) <JCutler@perkinscoie.com>
> Subject: Re: Power.com
> To: steve@stevevachani.com, filipe.herrera@powerinc.net
> Cc: "Demetrescu, Nicole (Perkins Coie)" <NDemetrescu@perkinscoie.com>, "McCullagh, James R. (Perkins Coie)" <JMcCullagh@perkinscoie.com>
> Date: Monday, December 15, 2008, 6:16 PM
>
> Sounds good.  Let's shoot for 1:30 pm?
>
> I'll call you.
>
> Thanks for getting back to me, Steve.
>
> Joe
>
> Joseph P. Cutler
> Attorney at Law
> Perkins Coie, LLP
> 206. 359. 6104 (Office)
> 206. 359. 7104 (Fax)
> jcutler@perkinscoie.com
>
> -----Original Message-----
> From: steve@stevevachani.com <steve@stevevachani.com>
> To: Cutler, Joseph P. (Perkins Coie); filipe.herrera@powerinc.net <filipe.herrera@powerinc.net>
> CC: Demetrescu, Nicole  (Perkins Coie); McCullagh, James R.  (Perkins Coie)
> Sent: Mon Dec 15 18:05:14 2008
> Subject: Re: Power.com
>
> I will be free to go over these terms tomorrow. I am on a flight all morning, but should be free to talk around noon.
>
> Thanks,
> Steve
>
> Thanks,
> Steve
>
> Sent via BlackBerry by AT&T
>
>
> From: "Cutler, Joseph P. (Perkins Coie)"
> Date: Mon, 15 Dec 2008 17:00:53 -0800
> To: <steve@stevevachani.com>; <filipe.herrera@powerinc.net>
> Subject: RE: Power.com
>
> Steve and Felipe,
>
> I am sorry that we were not able to match schedules on Friday. Facebook has reviewed this letter, and is willing to accept your offer to have Facebook Connect implemented by EOD December 26 – which is two weeks from the date you sent the letter.

Meanwhile, as you may know, Facebook has taken technical measures to limit the interaction between Power.com and its network at this time.  In order to fully initialize your integrated Facebook Connect status, and to lift those technical measures, Facebook requires written confirmation of the following:

1.  That Power.com has purged and destroyed all data that it obtained from the Facebook network or from Facebook users prior to implementation of Facebook Connect, including all login information and/or any other data obtained or scraped from Facebook's site.
2.  That Power.com has ceased displaying Facebook's trademarks on its website, except as expressly permitted by Facebook's Terms of Use, Developer Terms of Service, and/or Facebook's Connect Policies (see http://wiki.developers.facebook.com/index.php/Facebook_Connect_Policies).
3.  That Power.com has implemented Facebook Connect in strict adherence to Facebook's Terms of Use, Developer Terms of Service, and/or Connect Policies.
4.  That Power.com has removed all compatibility with Facebook's site that does not comply with Facebook's Terms of Use, Developer Terms of Service, and/or Connect Policies.
5.  That Power.com will in the future adhere to all of Facebook's Terms of Use, Developer Terms of Service, Connect Policies.

While Facebook does not object to Power.com's efforts to interact with Facebook's developer teams via normal channels, it will not set up any special developer meetings for Power.com.

Lastly, regarding your proposed notice to Facebook users: your Connect interaction must strictly comply with Facebook's applicable Terms and Policies.  Posting a notice that casts Facebook's Connect system in a negative light will likely become counterproductive to your stated goals of working together with Facebook's developers.  Facebook reserves its right to deny approval for any Facebook Connect application for any reason.

I would still like to go over these items together on the phone.  Are you available for a call tomorrow (Tuesday)?  If so, what time?

Please confirm that you agree with these terms, and that you will commit to integrating Facebook Connect by EOD, December 26, 2008.  Please also confirm that you intend to provide the written confirmation as described above by that time.

Thanks,

Joe

From: steve@stevevachani.com [mailto:steve@stevevachani.com]
Sent: Friday, December 12, 2008 1:24 PM
To: Cutler, Joseph P. (Perkins Coie)
Cc: felipe.herrera@corp.power.com; Eric Santos
Subject: Power.com

Thank you for patience to allow us to clarify our plan of action on Power in regards to our discussion on Wednesday.

We decided to move forward with the following steps

1) We will implement Facebook connect on our main login page and work with the capabilities of Facebook connect for the login to our site. Instead of a login for Facebook, users will have a button which then opens the Facebook connect window and allows them to login through Facebook connect. We will say that Facebook connects current capabilities are extremely limited and we would love the opportunity to provide a Facebook connect extension to Facebook that would allow us to enrich the experience for Facebook users. We will show that to the bus dev guys when we have a chance to meet with them.

2) We will delete any Facebook friend information we currently have.

3) We will move forward and use the Facebook features to utilize Facebook's IM, updates, and some other functionality that is already available. After we finish the implementation, we would like the opportunity to get Facebook's feedback. We have some simple innovative ideas that will follow Facebook connects system, but allow for better usability and integration. As stated earlier, we do believe that the user experience of Facebook connect is extremely limited at this stage and we hope to have an open and friendly relationship with the Facebook team to share ideas and complete solutions to allowing partners to do greater integration while addressing Facebook's concerns.

4) We are finishing a solution that we have already been discussing with other sites that is an extension to Facebook connect that Facebook could enable that will allow us to provide more functionality to Facebook users while protecting all the concerns of Facebook.

5) We do understand that there is no guarantee that Facebook will accept this solution, but our only request is that

6) We estimate that it will take us 2 weeks to completely finish this integration with Facebook connect and shift the user experience for our current users.

7) While have made the decision today to do this, we would request only one thing. We would like to meet with the business dev and guys involved on the product for thinking about solution for providing more flexibility with partners and at least present our simple code that Facebook could add that would allow us to provide a richer experience to our users and at the same time do it in a way that Facebook finds compatible with you they are envisioning their partners working with them in the future.

I believed that this email addresses everything we discussed.

The two requests we have and hope you will faciliate.

1) Can we get an email introduction to the correct people inside Facebook. We only ask for the introduction and we will follow up and see their interest to meet.

2) Provide us 2 (instead of one you offered) to implement this new solution.

We did study Digsby and others and saw the changes they made in their UI to implement Facebook connect.

Please call me now and we can discuss this further. I am heading to a flight shortly.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

-----Original Message-----
From: steve@stevevachani.com <steve@stevevachani.com>
To: felipe.herrera@powerinc.net <felipe.herrera@powerinc.net>; Cutler, Joseph P. (Perkins Coie)
CC: McCullagh, James R.  (Perkins Coie); Mrazik, Ryan T.  (Perkins Coie); Demetrescu, Nicole  (Perkins Coie)
Sent: Thu Dec 04 11:08:43 2008
Subject: Re: Power.com Cease and Desist Action

We would be open to a meeting with you or anyone at Facebook to discuss an agreeable solution to this. Since you pointed out a range issues, we think it would be best to sit
down with the appropriate members of your team and at Facebook to discuss a solution. We are open and can sit down at your convenience next week. What day would be
good for you guys? I am currently here in San Francisco.

Please communicate with myself and Felipe directly on all matters related to this issue.

Thanks,
Steve

--- On Thu, 12/4/08, Cutler, Joseph P. (Perkins Coie) <JCutler@perkinscoie.com> wrote:


    From: Cutler, Joseph P. (Perkins Coie) <JCutler@perkinscoie.com>
    Subject: Power.com Cease and Desist Action Response
    To: steve@stevevachani.com, felipe.herrera@powerinc.net
    Cc: "McCullagh, James R. (Perkins Coie)" <JMcCullagh@perkinscoie.com>, "Mrazik, Ryan T. (Perkins Coie)" <RMrazik@perkinscoie.com>, "Demetrescu, Nicole
    (Perkins Coie)" <NDemetrescu@perkinscoie.com>, mster1@poweremail.org
    Date: Thursday, December 4, 2008, 10:39 AM


    Mr. Vachani and Mr. Herrera,


    We represent Facebook, Inc. in Palo Alto, California.  I just spoke with Leigh Power regarding the cease and desist letter we sent to him on December 1, 2008.  That letter
demanded that Power.com cease and desist soliciting Facebook user login information, scraping content from Facebook and displaying it on Power.com, sending unsolicited
commercial messages to Facebook users, and otherwise using Facebook for a commercial purpose without Facebook's authorization.  In that letter, we stated that we needed to
hear back from your organization by the end of business on December 3, 2008.  Mr. Power informed me that he has forwarded our letter to you for response, but as of today,
December 4, 2008, we have received no such response.


    Facebook continues to consider the options available to remedy this urgent matter, and demands a response from you by the end of business on Friday, December 5, 2008
confirming that you have complied with the demands set forth in our letter to Mr. Power.


    Please feel free to contact me directly with any questions you might have.


    Sincerely,


    Joe


    Joseph P. Cutler | Perkins Coie LLP

    Attorney at Law
    1201 Third Avenue, Suite 4800
    Seattle, WA 98101-3099
    jcutler@perkinscoie.com <mailto:jcutler@perkinscoie.com>

    206.359.6104 (office) | 206.359.7104 (fax)

Defendants destroyed evidence concerning the number of spam messages sent to Facebook users *after* this litigation had commenced, and with no attempt to implement a litigation hold;

Defendants used automatic directory harvesting to obtain Facebook users' contact information used to send messages to those contacts in violation of Facebook's terms of use; and

Defendants' attempted to conceal their unlawful activity so as to go undetected—both pre and post litigation.

*See id.* In addition, Facebook is entitled to at least $80,543 in damages for internal and external investigations related to Defendants' conduct and the implementation of technical measures to restrict Defendants' access. *Id.* at 9-13. Defendant Vachani should be held personally liable under the CAN-SPAM Act, CFAA, and California Penal Code 502(c) because it is undisputed that he personally directed and authorized all of the activity giving rise to liability— in a manner that exceeds a merely supervisory role as CEO of Power. *Id.* at 14-17. *See also* Dkt. No. 275, at 14-17. It is undisputed that Vachani controlled and personally directed Power's activities as they related to Facebook, including Power's unauthorized access to the Facebook website and spamming campaign. Dkt. No. 300, at 14-17. Facebook further noted that it is entitled by statute to receive permanent injunctive relief, and an award attorneys fees, as a result of the Court's findings of liability under the CAN-SPAM Act, the CFAA, and California Penal Code § 502(c). *See* Dkt. No. 300, at 1, fn. 1; *id.* at 9, fn. 6; *id.* at 10, fn. 8.

## 2. **Defendants Are Liable for Sanctions Awarded by Magistrate Judge Spero.**

Separate from the award of damages associated with the summary judgment ruling, Facebook also is entitled for fees and costs associated with the Court ordered renewed 30(b)(6) deposition of Defendant Power. *See* Dkt. Nos. 279, 282. On March 1, 2012, Magistrate Judge Spero entered an Order in which he concluded that Power not only produced a Rule 30(b)(6) witness who was insufficiently prepared for a critical Rule 30(b)(6) deposition, but also that Defendants had without justification withheld 74.6 gigabytes of emails and data relating to Power's interaction with Facebook which had previously been ordered to be produced before the

CASE MANAGEMENT STATEMENT
5:08-CV-05780 LHK

NAME: Steven Vachani
TELEPHONE 1-917-267-8823
EMAIL  vachani@yahoo.com

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

FACEBOOK, INC.,

                                        Plaintiff,

-against-

POWER VENTURES, INC. a Cayman Island
Corporation, STEVEN VACHANI, an
individual; DOE 1, d/b/a POWER.COM, an
individual and/or business entity of unknown
nature; DOES 2 through 25, inclusive,
individuals and/or business entities of unknown
nature,

                                        Defendants.

Case No. 5:08-CV-05780 JW

**SUPPLEMENTAL BRIEF BY *PRO SE***
**DEFENDANT STEVEN VACHANI**
**REGARDING DAMAGES**

Date: August 15, 2012
Chief Judge James Ware

## TABLE OF CONTENTS

                                                              Page

I.    COURT ALLOWS *PRO SE* DEFENDANT VACHANI TO
      FILE A SUPPLEMENTAL BRIEF ON THE ISSUE OF
      DAMAGES……………………………………………………………3

II.   CEOs HAVE A DUTY TO BE INVOLVED IN
      THE OPERATIONS OF THE CORPORATION AND
      MERE TITLE DOES NOT TRIGGER PERSONAL
      LIABILITY…………………………………………………………...4

III.  PLAINTIFF SEEKS DAMAGES THAT ARE
      DISPROPORTIONATE TO THE ALLEGED OFFENSE
      AND WOULD BE CRIPPLING TO ANY INDIVIDUAL………………..8

IV.   PUBLIC POLICY REQUIRES THE COURTS
      TO IMPOSE PERSONAL LIABILITY WITH CAUTION……………..14

1

## TABLE OF CASES

2

*Conley v. Gibson,*
3
 355 U.S. 41 (1957)…………………………………………………………………3
4
*Davis v. Metro Productions, Inc.,*
 885 F.2d 515 (9th Cir. 1989)…………………………………………………...7
5
*DirectTV v. Le,*
 267 Fed. Appx. 636 (9th Cir. 2008)…………………………………………...8
6
*F.T.C. v. Phoenix Avatar, L.L.C.,*
7
 No. 04 C 2897, 2004 WL 1746698 (N.D. Ill. July 30, 2004)………………8
*F.T.C. v. Sili Neutraceauticals, L.L.C.,*
8
 No. 07 C 4541, 2008 WL 474116 (N.D. Ill. Jan. 23, 2008) ………………..8
9
*Facebook, Inc. v. Fisher,*
 No.C09-05842 JF (PSG), 2011 WL 250395 (N.D. Cal. Jan. 26, 2011) ………9
10
*Facebook, Inc. v. Wallace,*
11
 No. C09-798 JF (RS), 2009 WL 3617789 (N.D. Cal. Oct. 29, 2009)………..10
*Hall v. Bellman,*
12
 935 F.2d 1106 (10th Cir. 1991)………………………………………………...3
13
*Haines v. Kerner,*
 92 S.Ct. 594 (1972)………………………………………………………....3
14
*Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc.,*
15
 556 F. Supp. 2d 1122 (E.D. Cal. 2008) …………………………….……..8
*Hulsey v. Owens,*
16
 63 F.3d 354 (5th Cir. 1995)……………………………………………………3
17
*Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.,*
 No. C07-03952 JW, 2010 WL 5598337 (N.D. Cal., March 19, 2010)……….4
18
*Powell v. Lennon,*
19
 914 F.2d 1459 (11th Cir. 1990)………………………………………………3
*Puckett v. Cox,*
20
 456 F.2d 233 (6th Cir. 1972) …………………………………………………3
21
*United States v. Citrin,*
 972 F.2d 1044 (9th Cir. 1992)……………………………………………..........8
22

23

24

25

26

27

28

# I. COURT ALLOWS *PRO SE* DEFENDANT VACHANI TO FILE A SUPPLMENTAL BRIEF ON THE ISSUE OF DAMAGES

I would like to start off by humbly requesting the Court respect my lack of legal education and overlook my lack of technical accuracy in reference to legal terminology and legal prose. Instead, I request you please give due consideration to the substance of the following briefing. I would like to cite the following precedents regarding this statement.

**Non-Lawyer pro se litigants not to be held to same standards as a practicing lawyer**.

"Pleadings in this case are being filed by Defendant In Propria Persona, wherein pleadings are to be considered without regard to technicalities. Propria pleadings are not to be held to the same high standards of perfection as practicing lawyers. See *Haines v. Kerner*, 92 S.Ct. 594 (1927); *Powell v. Lennon,* 914 F.2d 1459 (11th Cir1990); *Hulsey v. Owens,* 63 F.3d 354 (5th Cir 1995); *Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). In *Puckett v. Cox*, it was held that a pro-se pleading requires less stringent reading than one drafted by a lawyer, 456 F.2d 233 (6th Cir. 1972). Justice Black in *Conley v. Gibson*, 355 U.S. 41(1957), held "The Federal Rules rejects the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. According to Rule 8(f) FRCP and the State Court rule which holds that all pleadings shall be construed to do substantial justice." *Id*. at 48.

By now, the Court is very familiar with the proceedings. As a co-defendant, I am respectfully filing this supplemental brief regarding the issue of damages and personal liability pursuant to the Honorable Court's order dated August 8, 2012. In that order, Judge Ware granted myself, Steven Vachani, who is now proceeding *pro se*,[1] the opportunity to make additional arguments regarding the issue of damages and why the Court should not find me personally liable for the alleged actions of co-defendant, Power Ventures, Inc., a corporation.

## II. CEOs HAVE A DUTY TO BE INVOLVED IN THE OPERATIONS OF THE CORPORATION AND MERE TITLE DOES NOT TRIGGER PERSONAL LIABILITY

Plaintiff argues that I, as CEO of Power Ventures, should be liable for damages because I "directed and authorized **all** of the activity giving rise to liability to a degree that reflects far more than [my] supervisory role of the company as CEO." (Facebook, Inc.'s Supplemental Brief Regarding Damages and Liability of Defendant Steve Vachani, hereafter, "FB Damages Brief") (emphasis added).

In their Brief seeking damages, Facebook cites several cases that are neither persuasive nor on point. Specifically, Plaintiff erroneously cites to an order entered by this Court in the case *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, as an example of individual liability due to the corporation's owner having nearly

---

[1] I, Steven Vachani, filed a Notice of Self-Representation on August 9, 2012 after I was unable to secure legal representation due to the complex nature of this case and the history. I was previously represented by counsel, and counsel was granted leave to withdraw approximately one month earlier on July 2, 2012.

"complete control" over corporate operations. (FB Damages Brief, citation omitted). This case, however, is easily distinguished from the facts in the present case. First, the *Malletier* case involved contributory copyright infringement, and the issue of whether the defendants had direct knowledge of the infringement. Thus, the question of direct knowledge was the trigger for the defendant's liability. In that case, the issue of liability rested first and foremost on whether or not the individual had direct knowledge, and not whether or not liability was appropriate due to his role as owner of the corporations. Therefore, the analysis is not applicable to the present case. Second, the individual in *Malletier* was the sole owner of the defendant corporations, while I am not and was never the sole owner (or even a controlling shareholder or controlling board member) of Power Ventures, which had over 100 full-time employees, approximately six other executive officers as well as over a dozen other shareholders and multiple board members reflecting the multiple and diverse interests and opinions of many these different shareholders. The company also had received over $7.5 million in outside investment from venture capital and other sophisticated technology investors who shared in the decision making structure of the company through a fairly standard board and shareholder governance structure that is common in technology corporations that have received significant outside investment capital. The records are replete with evidence that I consulted, relied on, and discussed ideas, business plans, and programming with many other professionals, board members, and shareholders. I was not the sole owner or

decision-maker at Power Ventures. Third, unlike the individual in *Malletier*, I did not

have the knowledge or training to exert the type of control over the corporation that

the Plaintiff alleges.[2] I have limited programming skills (I have never in my life

programmed a single piece of technical code in a professional manner), and I relied

on team members including the Chief Technical Officer, Eric Santos, to oversee all a

wide set of technical employees in our company. In fact, Eric Santos and his group

of several other managers who reported to him, was in charge of hiring almost all of

our technical programmers who all possessed skills beyond my own. In addition, Mr.

Santos also assisted in marketing, which the Plaintiff failed to acknowledge and is

significant because Plaintiff alleges that I acted alone with respect to the creation and

implementation of the Power 100 Campaign. The marketing manager, Bruno

Carvalho reported directly to Eric Santos and a majority of the meetings, decisions,

and marketing initiatives were made by a diverse group of employees who worked in

the groups supervised directly by Bruno Carvalho and Eric Santos. This is supported

by the evidence, specifically in my answers at the deposition that Mr. Santos was

instrumental in marketing strategies because Mr. Santos possessed the technical

skills necessary for marketing. (Deposition of Steve Vachani dated July 20, 2011,

pages 13, 36). As most of our company's marketing initiatives were product driven, I

delegated a wide range of these activities to the marketing team which reported to

---

[2] This Court noted in the Feb. 16, 2012 Order Granting Plaintiff's Motions for Summary Judgment; Denying Defendant's Motion for Summary Judgment, that I consulted with staff and suggested a plan, but stated "[I] [d]on't really understand this too well. Greg may also have some ideas." (pg. 16, line 10-11).

1   other senior executives.

2
3        In addition, Plaintiff emphatically states that I "have **been personally**

4   **involved** in all of Power's operations," as if that was enough to trigger personal

5   liability. (emphasis added by Plaintiff). Just because a CEO is "personally involved"

6
7   in operations does not automatically mean that he is the "guiding spirit" behind the

8   contested conduct. CEOs, by design, are "personally involved" in most, if not all

9   aspects of a corporation. The courts, however, require significantly more.

10
11       For example, "[Mark] Zuckerberg[3] consolidated his authority with bylaws that

12   gave him an incontestable voting majority on the company's board." Brad Stone &

13   Douglass MacMillan: *How Mark Zuckerberg Hacked the Valley,* Bloomberg

14   Businessweek, May 17, 2012, *available at* http://www.businessweek.com/2012-05-

15
16   17/how-mark-zuckerberg-hacked-the-valley. In contrast, there is no evidence that I

17   enjoyed such control over Power Ventures considering I did not have control over

18
19   the board of directors and did not having a controlling shareholder stake in the

20   company at the time of the company activities being evaluated in this case

21
22       Moreover, another case discussed by the Plaintiff is also easily distinguished.

23   In *Davis v. Metro Productions, Inc.*, two individual defendants were the **sole**

24   **shareholders** of the corporation, and the legal issue was whether or not the court had

25   proper personal jurisdiction based on the long-arm statute. Thus, the discussion of

26
27   whether or not the individuals were the "guiding spirit" or the "central figure" of the

28
_____
[3] Mark Zuckerberg is CEO of Plaintiff Facebook, Inc.

relevant corporate activity was in the context of personal jurisdiction. In fact, footnote 10, cited by the Plaintiff, actually acknowledge the significant differences inherent in the analysis, "potential consequences would arise where sufficient minimum contacts existed to permit jurisdiction over the individual defendant, but where the substantive prerequisites do not exist for liability to be imposed on the individual in his personal capacity." 885 F. 2nd 515, 523 n. 10 (9th Cir. 1989).

Other cases cited by the Plaintiff offer very little instruction to this Court because they are significantly different from the present case. In *F.T.C. v. Sili Neutraceauticals, L.L.C.,*, the individual was the **sole** officer; in *F.T.C. v. Phoenix Avatar, L.L.C.*, the plaintiff was seeking a preliminary injunction which is a much lower standard than the present case; and in *Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc.*, the court ruled on a motion for summary judgment which required a mere showing that a reasonable jury **could** infer that the CEO authorized, directed, or participated in unlawful acts. (citations omitted). The Plaintiff cannot cite to any case that is on point because the Plaintiff is asking this Court to extend the boundaries of officer liability too far, and courts have routinely refused to do that in CAN-SPAM, CFAA and §502 cases.

### III. PLAINTIFF SEEKS DAMAGES THAT ARE DISPROPORTIONATE TO THE ALLEGED OFFENSE AND WOULD BE CRIPPLING TO ANY INDIVIDUAL

"The district court has 'wide discretion in determining the amount of statutory damages to be awarded.'" *DirectTV, Inc. v. Le*, 267 Fed. Appx. 636, 636 (9th Cir.

1   2008) (citation omitted). However, a statutory damages award may violate the due

2   process rights of a defendant "where the penalty prescribed is so severe and

3   oppressive as to be wholly disproportioned to the offense and obviously

4   unreasonable." *United States v. Citrin*, 972 F.2d 1044, 1051 (9th Cir. 1992) (citation

5   omitted). Here, the Plaintiff has asked this Court for a staggering $18,188,100 in

6   damages; and further to hold me jointly and severally liable. A salary of a startup

7   Internet industry CEO, which has been my primary profession and source of income

8   for the majority of the past 15 years, ranges between $100,000-$250,000 base and it

9   is very common that little or no salary is given during the earliest stages of new

10  projects or during tough times where startup companies may be short on cash. This

11  of course has been the case in relation to Power Ventures over the past three years.

12  Plaintiff is also attempting to further create additional onerous restrictions that could

13  make it difficult for me to work, invest in, or taken an ownership stake in other

14  companies in my industry. As this is my lifeblood to earn my income to care for

15  myself, family, and children, such harsh statutes against my future activities with

16  other companies is completely unprecedented. I was an employee of Power Ventures

17  with specific and limited duties and control, just like any one of the 100 or so other

18  employees of Power Ventures. To hold me, or any one of the other agents of Power

19  Ventures would be a dangerous precedent to set. I therefore respectfully ask this

20  Court to carefully consider how the weight of any damages assessed would impact

21  an individual and his or her family and dependents as opposed to a corporation and

1   its diverse group of accredited and sophisticated investors and shareholders.

2       Similarly, I am asking this Court to award no damages to Facebook as argued

3   in papers previously submitted. Plaintiff has asked for damages based on $300 per

4   estimated occurrence, yet no court has awarded more than $50 per message – and

5   those were for infractions that truly embody "hacking." For example, *Facebook, Inc.*

6   *v. Fisher,* No. C09-05842 JF (PSG), 2011 WL 250395 (N.D. Cal. Jan. 26, 2011), the

7   court refused to award Facebook over 2.1 billion dollars pursuant maximum

8   penalties to CAM-SPAM. Instead, the court awarded $50 per email, however, the

9   offense in *Fisher* was significantly different than in the present case. In *Fisher*, the

10  individual defendant was the "sole person to act" on behalf of the corporation, and he

11  obtained the login credentials of 116,000 Facebook users without authorization, and

12  sent 7.2 million emails. Significant damages, complaints, and other security threats

13  were clearly documented to support the magnitude of decisions made in this case. As

14  mentioned, in the present case, Power Ventures, with complete authorization and

15  clear consent and permission by its users, is alleged to have helped it users create

16  events upon which Facebook's system sent an email informing the user that their

17  friend had created and event which supported Power.com. Yet, plaintiff has been

18  unable to identify a single complaint from a Facebook user in response to those

19  alleged emails.

20      Similarly, in *Facebook, Inc. v. Wallace,* No. C09-798 JF (RS), 2009 WL

21  3617789 (N.D. Cal. Oct. 29, 2009), the court refused to award Facebook over 7

1    billion dollars despite the allegations that the defendant sent over 14 million emails

2    and violated a TRO and "willfully violated the statutes in question with blatant

3    disregard for the rights of Facebook and the thousands of Facebook users whose

4    accounts were compromised by his conduct." *Id.* at *4. The court awarded Facebook

5    $50 per violation, and again, the actions alleged in *Wallace* are significantly more

6    egregious than the allegations in the present case. I could find no case where the

7    court actually awarded Facebook the amount they asked for. Moreover in both of

8    these cases I just mentioned, Facebook unsuccessfully asked the court for the

9    **maximum** statutory awards permitted, and in both cases, the court refused, even

10   though the actions in both cases fit squarely under the types of "phishing" schemes

11   that CAN-SPAM intended to combat.

12           Despite the fact that the court has found a violation of CAN-SPAM in its

13   summary judgment, I humbly request that the Court consider the following final

14   points prior to making a determination of the magnitude, ill-intent, and damages

15   caused by these messages. In particular, I would ask the court to give special

16   attention and consideration of the level or magnitude of ill intent by myself as CEO

17   and damages as it relates to my personal liability. I also request that the Court

18   consider the magnitude and potential impacts of its potential ruling on damages and

19   personality liability to the rest of the industry of startup entrepreneurs, early stage

20   internet industry investors, and executives who could be dramatically by decision

21   that adversely effects the personal livelihood and family of an executive employee of

a startup company . Please consider these important points.

1) Power was at all times the authorized user agent with full permission and user consent of users requesting for us to help them complete actions which they could manually do on their own.

2) Facebook's own motion demonstrates that users were given a clear choice to participate in Power's promotion and clear notice that this would involve inviting their friends to an event. In its previous briefs, Facebook includes Power's promotional pop-up window through which users created the event invitation. Facebook Corrected Mot. Partial Summ. J. on Count 1 at 5:13- 23.

3) A pre-checked box plainly and prominently notifies users that they will "Share with friends through events," and the box could be unchecked by users who did not wish to do so. All of the users who responded to Power's button could have manually invited all of their friends to Power's events; creating CAN-SPAM liability for their actions because Power automated this process would be unprecedented, and extending such liability personally to myself as the CEO of a Power Ventures would be even more egregious.

4) The act of a user providing their user name and password and authorizing an agent to send invitations on their behalf inviting users to try new services is a truly standardized internet practice utilized by every major internet company. Facebook itself built a very significant portion of its 900+ million registered users through this similar practice of asking user to share their user name and password with Facebook and allowing the user to authorize Facebook to access a competitors sites (often in violation of opposing websites terms and conditions). Facebook would then pulls friends email addresses, often against the will of a competitors site, but at the request of the user, and then Facebook would send emails to each of a users friends inviting them to Facebook. My point is that we employees and executives of Power Ventures received trusted legal advice and business advice from multiple credible sources reconfirming the legality of these messages which Power initiated at the request and with authorization from our users in a practice no different than Facebook itself practices. This combined with common sense judgment and experience that this practice was truly a legal practice and for that matter a long standing industry practice led to the following conclusion: I honestly and sincerely had no intent or belief that this practice was violating any regulations. I

have clarified this because I believe that sincere intent of our company's employees and executives, including myself, taking these actions are important and relevant when you are considering the issue of damages and especially of damages as it relates to my personal liability.

5) I sincerely believe and continue to advocate that our 60,000 messages were directed and fully authorized by users who wanted to communicate with their friends. Misleading or unwanted spam messages usually have a minimum threshold of spam complaints which range from .2% to 1% or more from the messages sent. The undisputable fact that our 60,000 authorized and user directed messages did not produce even a single documented complaint is the strongest statement to support my statement that these actions can never be compared to the egregious actions of arguably the world's most notorious and dangerous spammers whose blatant hacking, phishing, and intent to spam is widely despised by most respectable Internet industry executives.

6) On the other hand, Power's actions related to our careful steps regarding our user authorized messages on Facebook have been vehemently defended by the Electronic Frontier foundation in their amicus brief submitted in support of my defense. The clear support and strong arguments of arguably the Internet's most respected consumer rights protection group (supported by 19,000+ paying members) only reinforce the clear differences between of Power Ventures in respect to magnitude, damages, intent, and personal liability. This is of course in comparison to some of the CAN-SPAM violators and cases referred to earlier I this brief. As a respected and long standing Internet industry entrepreneur and executive, a damages decision against a individual executive of a technology startup could have irreparable and a damaging effect on fellow entrepreneurs and their fellow entrepreneurial executives to pursue the world changing innovations. A severely adverse decision regarding damages could also set a dangerous precedent and potentially endanger and scare thousands innovative startup companies from pursing the kind innovation that has led to the creation of the companies that have changed lives over 1 billion Internet users. Facebook could also selectively target millions of its users who create events or post messages on walls of their friends promoting their parties or other commercial events and unknowingly subject users and companies to harsh damages.

7) It must be noted and the court must be reminded that our proactive response and civilized communication with Facebook trying to find an amicable solution during the approximately thirty days that our system was

operational on Facebook clearly differentiated our interactions as professional communications between two fellow technology companies and not the actions of a rogue spamming organization whose intent is the hack into, phish, and cause significant damages to users and companies.

8)  Finally, when the court prepares to make its final decision regarding the magnitude of this violation of CAN-SPAM and what the damages and personal liability should be, I would ask that in good faith that the Court, with the intent of determining the damages, culpability, and personal liability to myself, please carefully re-read the amicus brief and arguments made by the Electronic Frontier Foundation in its amicus brief submitted regarding this issue in January 2012. I will only hope that the Court will be able to clearly differentiate the magnitude of differences between previous cases relating to the CAN SPAM act that have been referred to earlier in this brief and conclude that there was no ill-intent, no harm done, no user accounts compromised, and no documented damages.

## IV. PUBLIC POLICY REQUIRES THE COURTS TO IMPOSE PERSONAL LIABILITY WITH CAUTION

Traditionally, officers were not personally liable for corporate torts absent a showing that the corporate veil was pierced. The protection of the personal assets of officers and shareholders was considered so important, that exceptions were rare. "The purpose of limited liability is to promote commerce and industrial growth by encouraging shareholders to make capital contributions to corporations without subjecting all of their personal wealth to the risks of the business." David H. Barber, *Piercing the Corporate Veil*, 17 Willamette L. Rev. 371, 371 (1980-1981). While the limits to these protections have been somewhat narrowed recently, there are several reasons why I should not be held personally liable. First, as discussed, my role as CEO of Power Ventures did not require me to be involved in most, if not all aspects of the business. However, I did not exert unilateral control or decision-making

authority. Second, Power Ventures was in its infancy, and only seeking to contribute to the world of social networking and improve users' experiences. Start-up companies would not be able to attract visionaries if they were subject to personal liability. Finally, the conduct and goals of Power Ventures were designed to enhance the social network technology. Ironically, Power Ventures goals were similar to goals identified by Mark Zuckerberg, creator and CEO of Facebook In an interview posted on January 27, 2007, he stated, "The most important thing is that we create an open information flow for people." *Available at*

http://www.exeter.edu/news_and_events/news_events_5594.aspx.  He reiterated those same goals in a 2010 interview with *Wired* magazine, "The thing I really care about is the mission, making the world open." *Available at*

*http://www.wired.com/business/2010/05/zuckerberg-interview/.*

In early December 2008, I spoke openly about our company's vision to create a truly open Internet where users could have complete ownership and control of their data and how our company's vision and products reflected the efforts and support of some of the world's most respected Internet investors including Draper Fisher Jurvetson.

http://vator.tv/news/2008-12-26-interview-with-powercom-ceo-steve-vachany

"**Draper Fisher Jurvetson** (DFJ) is a venture capital firm based in Menlo Park, California with affiliate offices in more than 30 cities around the world and over $7 billion in capital commitments. The firm has funded well-known technology

companies including Baidu, Hotmail (acquired by Microsoft), Overture (acquired by Yahoo), Skype (acquired by Microsoft) and Glam Media. Other notable investments include Tesla Motors, SugarCRM, Box.net, Interwoven, BrightSource Energy, SpaceX, Meebo, Cafemom and SolarCity among others.

*http://en.wikipedia.org/wiki/Draper_Fisher_Jurvetson*

This Court should note that the Plaintiff has failed to identify a single complaint from Facebook users in response to the services that Power Ventures offered. The Plaintiff could not produce a single email complaint in response to the 60,000 estimated emails generated. Moreover, as discussed in previous filings, the Plaintiff has cited negligible damages: specifically, three days spent by their technical manager (approximately $1500 assuming a $120,000 salary), and legal fees of $75,000. However, legal fees should not be considered damages[4] here for two reasons: (1) the $75,000 spent on legal fees were during a period of good faith negotiations between Facebook and Power Ventures (see emails exchanged between Power Ventures and Joseph Cutler demonstrating efforts to resolve this matter in December 2008); and (2) the amount of resources identified here are minuscule relative to the scope and breadth of Facebook. The technical manager spent approximately three days and Facebook estimated 60,000 emails, which could only be a small fraction of the amount of emails generated by hundreds of millions of

---

[4] See *Amicus* brief filed by Electronic Frontier Foundation (EEF) arguing the legal fees should not be calculated for purposes of CFAA claim.

1   Facebook users each day.

2
3       For these reasons pleaded in this entire brief, I humbly and fully ask this Court

4   to find no personal liability or damages.

1    Dated:  August 15th, 2012

2

3                                    By:__/s/_____
                                          NAME

4

5                                    NAME  Steven Vachani
                                     ADDRESS
                                     TELEPHONE  1-917-267-8823
6                                    FACSIMILE
                                     EMAIL  vachani@yahoo.com

7                                    Representing Self - Steve Vachani

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                         1

                                                    SUPP BRIEF DEF VACHANI

ER 127



ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA  94025

*tel*  +1-650-614-7400
*fax*  +1-650-614-7401
WWW.ORRICK.COM

Morvarid Metanat
(650) 614-7344
mmetanat@orrick.com

January 26, 2012

*VIA ELECTRONIC FILING*

Hon. Joseph C. Spero
United States Magistrate Judge
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102


Re:     Facebook, Inc. v. Power Ventures, Inc., et al., Case No. 5:08-cv-05780 (JW)

Dear Magistrate Judge Spero:

Plaintiff Facebook, Inc. ("Facebook") hereby moves this Court for an Order compelling
Defendants to produce all company emails of Defendant Power Ventures, Inc. ("Power") which
were not copied to Defendant Steve Vachani ("Vachani").  Facebook also requests that Power be
made available for a further deposition regarding these emails at Defendants' expense.  Defendants
oppose Facebook's request.

Discovery in this case closed on January 20, 2011.  However, pursuant to the Court's
Standing Order on Discovery Issues, the parties met and conferred prior to the close of discovery in
an effort to resolve this dispute.  The parties failed to reach a complete resolution and now request
that the Court issue an Order resolving the present discovery issue.  Facebook and Defendants
attach hereto Declarations from Monte Cooper ("Cooper Decl.") and Timothy Fisher ("Fisher
Decl.") in support of their respective positions.

**I.      Facebook's Position on the Discovery Dispute Regarding Missing Emails from
Power Employees.**

This case involves allegations that Defendants violated the CAN-SPAM Act, the Computer
Fraud and Abuse Act ("CFAA"), and California Penal Code Section 502.  Facebook's claims arise
from Defendants' actions in December of 2008 in surreptitiously scraping, downloading, and storing
Facebook user data, and then using that data as part of a "Power 100 Launch Promotion" to spam



**ORRICK**

Hon. Joseph C. Spero
January 26, 2012
Page 2

thousands of Facebook users with electronic mail messages inviting them to join Defendants' own competitive website.[1]

    Facebook has repeatedly been forced to seek relief from the Court by requesting the Court to compel Defendants to abide by their discovery obligations. *See* Dkt. Nos. 127 & 166. At the time Facebook filed suit, Power had 100 employees, most of whom resided in Brazil. Cooper Decl. Ex. 1 at 25:17-25; 27:4-11; 134:22-25; 232:22-25.[2] Remarkably, though, Defendants elected not to put in place any kind of litigation hold requiring that these Power employees preserve their relevant documents, including their email communications concerning the Power 100 campaign. *Id.* at 271:9-272:5; Ex. 2 at 168:17-22. It is that failure which lies at the root of Facebook's repeated need to seek the Court's intervention, including with respect to the present motion.

    **A.**    **Relevant Intra-Company Emails by Former Power Employees Should Have Been Preserved.**

    Discovery in this case began in the fall of 2010, when Facebook served Defendants with a First Set of Requests for Production. *See* Cooper Decl. Ex. 3. Among Facebook's requests were several that covered communications between Power employees related to how the company accessed the Facebook website, and what was discussed concerning the Power 100 Launch Promotion. *See, e.g., id.* Request Nos. 1-2, 6-8, 12-14, 18-25, 27-29, 31, 42, and 44-49. However, initially Defendants responded by producing only 13 documents and virtually no source code. Defendants' intransigence with respect to discovery thereafter precipitated months of motion practice. *See, e.g.* Dkt. Nos. 124, 129 & 139. In each instance, Facebook prevailed and received relief. Dkt. Nos. 127 & 166.

    Most recently, Facebook on November 4, 2011 successfully compelled Vachani to produce relevant emails from his personal Yahoo! email account, and an ASA hard drive. Dkt. No. 166. At the time, Defendants swore to the Court that no other locations existed where responsive documents were stored. Cooper Decl. Ex. 4, at 7:8-8:22. At the same time, however Defendants also testified that all emails from Power employees should have been backed up by the company's servers hosted by iWeb.com and amazon.com, rather than deleted. Ex. 1 at 61:25-63:2. In particular, in July of 2011 Vachani testified as follows:

---

[1] Facebook and the Defendants have cross-moved for summary judgment on each of these claims. Chief Judge Ware held a hearing on the pending motions on January 23, 2012, and took the matter under advisement. *See* Dkt. No. 253.

[2] Facebook has filed a separate Joint Letter addressing the problems arising from the fact that these employees all were subsequently laid off by Power, and cannot now under Brazilian law be compelled by a United States Court to produce documents or testify at trial or depositions.



**O R R I C K**

Hon. Joseph C. Spero
January 26, 2012
Page 3

> Q.      Were the E mails sent intra-- intra, I-N-T-R-A
> company so that they only went to other employees in the company?
>
> A.      They would go to -- It was not -- It would go to
> whoever was copied on the E mail.
>
> Q.      Were those E mails backed up anywhere?
>
> A.      I believe they were backed up on our servers.
>
> Q.      Okay.  And those are the servers that were hosted by
> IWEB and Amazon.com?
>
> A.      That's correct.
>
> Q.      And is that backup information still available to you
> through your site that you're currently hosting on a monthly basis?
>
> A.      Everything was instructed to be copied there, and so
> I'm assuming that it's all there.  I haven't looked at it individually
> personally, but I made a backup of everything.

*Id.* at 62:13-63:6. Facebook subsequently learned that despite this representation, Defendants did not as promised produce all emails in their custody and control and stored on the backup server.[3]

## B.      No Power Emails from Anyone Other than Vachani Were Searched or Produced.

---

[3] Indeed, at the very last second, Defendants have produced what they describe as a "Microsoft Exchange File that may be a backup of Power's email server."  Cooper Decl., Ex. 5.  Defendants did not previously produce this source of evidence.  Facebook received this Exchange File on January 26, 2012 and has not yet been able to confirm its contents. However, Facebook has determined that the Microsoft Exchange File contains 76,457 files, 5,752 folders, and 74.6 Gigabytes of data. Facebook anticipates that much of this material will be in Portuguese and will require translation. When asked about the contents of the recent production, Defendants' counsel indicated he was unable to open the file and could not verify its contents.  *See* Cooper Decl., Exs. 6 & 7.  The gravity of Defendants' failure to timely produce this source of evidence likely warrants further sanctions than the relief requested herein.



**ORRICK**

Hon. Joseph C. Spero
January 26, 2012
Page 4

    A review of Vachani's emails from his Yahoo! account reflects that he only produced his own personal emails, not the emails from other employees that he previously testified were backed up by the iWeb and amazon.com servers.  This fact was brought to his attention during a Rule 30(b)(6) deposition of Power held on January 9, 2012, in which Vachani was Power's designee for all topics.  At that time, Vachani for the very first time acknowledged that emails between Power employees other than those which he had forwarded to his personal Yahoo! email account had been not been searched or produced, despite his prior representations that all emails had been backed up by Power's servers and that the only sources for such materials were his own email account and the ASA Drive.  Cooper Decl. Ex. 2 at 165:9-166:15; 170:24-171:21.  According to Vachani, while emails between company employees were backed up and were the property of Power, everyone had different ways of accessing the emails through Power and therefore there was no way to know where any of the actual documents resided.  *Id.* at 171:15-174:8.

    Defendants' position as stated at their recent Rule 30(b)(6) deposition is nonsensical.  For one thing, Power has produced an architectural diagram for the Power.com system that ███████ ████████████████████████████████████████████████████████████████████████████████  *See* Cooper Decl. Ex. 8, Figure 2.  More to the point, though, Defendants' position that they know the emails were backed up somewhere conflicts with Vachani's representations to the Court on November 4 that the ASA Drive and his own email account were the only remaining sources for Power documentation.  Cooper Decl. Ex. 4, at 7:8-8:22.  The missing emails also clearly exist, as Vachani recently confirmed, and should be produced.

**C.**     **Power Should be Compelled to Produce Emails from Former Power Employees on Which Vachani was not Copied**

    Even though discovery closed on January 20, 2012, Defendants should be compelled to produce the numerous missing emails from former Power employees which were not copied to Vachani.  It was only after Facebook rapidly reviewed the more than 300,000 emails Vachani produced from his personal Yahoo! account, and then took Power's Rule 30(b)(6) deposition on January 9, 2012, that Facebook confirmed Power made no effort to locate or produce any of these missing emails from other company employees.

    With 100 employees, it is obvious that Vachani, Power's CEO, was not the only individual who sent or received relevant communications concerning such subjects as the Power 100 Campaign.[4]  Yet, Facebook did not know for certain until January 9, 2012 that Defendants made no

---

[4] Facebook has identified through various sources a handful of such emails on which Vachani was not copied, and they underscore that these emails are highly relevant.  For instance, a December 26, 2008 email from a Power employee named Elmo Cruz to various Power engineers is the only email



ORRICK

Hon. Joseph C. Spero
January 26, 2012
Page 5

effort whatsoever to locate or produce any documents from these other individuals.  "Rules 26 and 34, Fed. R. Civ. P., require [ ] defendants and their counsel to conduct a thorough search of the [ ] defendants' records; to locate all responsive documents in their possession, custody, and control, and to either produce those documents or identify them on an appropriate privilege log."  *Wollam v. Wright Medical Group, Inc.*, No. 10-cv-03104-DME-BNB, 2011 U.S. Dist. LEXIS 56649, at *13-*15 (D. Colo., May 18, 2011).  Such a thorough search requires, "at a minimum, a reasonable procedure to distribute discovery requests to all employees and agents of the defendant potentially possessing responsive information, and to account for the collection and subsequent production of the information to plaintiffs."  *Nat'l Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 556 (N.D. Cal. 1987).

When a party's search methodology is questioned, "the party selecting the methodology must be prepared to explain the rationale for the method chosen to the court, demonstrate that it is appropriate for the task, and show that it was properly implemented."  *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D. 251, 262 (D.Md. 2008).  Now that Facebook is challenging Defendants' lack of production of emails they contend were saved by the Power's email server, Defendants bear the "burden of explaining what they had done and why it was sufficient."  *Id.*  As of right now, Defendants have offered no explanation for the omission of these emails.

**D.     Defendants Should Bear The Costs Of A Further Deposition.**

Insofar as Defendants produce former employees' emails not previously produced, Power should be required to appear for a further deposition regarding these emails at its own expense.  Facebook will suffer significant prejudice if it is not afforded the opportunity to question Power regarding these emails that may contain critical evidence in support of Facebook's claims.  *Kim v. Interdent Inc.,* No. C08-5565SI, 2010 U.S. Dist. LEXIS 56121, at *2 (N.D. Cal. May 18, 2010) (granting defendants' motion to compel further deposition of plaintiff where plaintiff's delayed production proceeded defendants' deposition of plaintiff); *see also The Sunrider Corp. v. Bountiful Biotech Corp.*, No. SACV 08-1339 DOC (AJWx), 2010 U.S. Dist. LEXIS 117346, at *22 (C.D. Cal. Oct. 8, 2010) (finding that plaintiffs were prejudiced by being forced to conduct deposition without key documents when defendant failed to produce documents until all discovery deadlines had passed).  Moreover, given Power's late production of these documents, Power should bear the costs associated with a further deposition.  *See Keithley v. Homestore.com, Inc.*, No. C-03-04447 SI (EDL), 2009 U.S. Dist. LEXIS 2720, at *20-21 & 28 (N.D. Cal. Jan. 7, 2009) (defendants entitled to costs associated with the re-deposition of witnesses due to plaintiff's late production of documents).

---

produced to date reflecting the number of logins to the Power website by Facebook users during the month of December 2008.  *See* Ex. 9.



ORRICK

Hon. Joseph C. Spero
January 26, 2012
Page 6

        Accordingly, to the extent the missing emails were preserved and can be produced from
Power's backup email server, or from the former employees themselves, the missing emails should
be produced. To the extent that Power produces these emails, Facebook should be entitled to take a
further deposition of Power regarding these untimely produced emails at Defendants' expense. If
the emails were not preserved, Defendants should acknowledge as much and explain why they were
deleted.

**II.    Position of Defendants Power Ventures, Inc. and Steve Vachani**

        Facebook seeks the production of Power's internal emails between its employees that did
not include its CEO Steve Vachani. To date, Defendants have produced more than 300,000 of Mr.
Vachani's emails, and Facebook has obtained hundreds of emails from Rob Pollock, Ed Niehaus,
and Zak Mandhro, three other Power executives.

        Following the 30(b)(6) deposition of Steve Vachani on January 9, 2012 Facebook's counsel
inquired about Power's email server and whether its contents had been produced. During
defendants' subsequent investigation, a file labeled "backup_exchange.rar" was located. The
contents of this file is unknown, but based on the name of the file, defendants believe it may be a
backup of Power's Microsoft Exchange email server. This file had previously been stored on
Power's online backup known as the AsaDrive.[5] In late October 2011, Power was preparing to
produce the contents of the AsaDrive to Facebook.[6] During this process, five files, including

---

[5]     Defendant Power ceased operations in April, 2011. At that time, it transferred its files to
AsaDrive, an online backup service.

[6]     The production of the documents on AsaDrive was part of the massive production
defendants have made in this case. Power produced its source code for inspection on August 25,
2011. On September 14, 2011, Power also produced more than 1,700 printed pages of the source
code to Facebook and its expert. Dkt. No. 149 at 2.
        Power also produced the contents of its AsaDrive, on October 24 and November 9, 2011.
In total, the backup server contains 120 gigabytes of data and 69 large database files. *Id*. It also
contains subversion repository ("SVN") files, which contain additional source code and a
number of additional documents including a large org chart of Power's divisions and employees,
approximately 50 PowerPoint presentations for investment funds and advertisers, banner ads and
commercials, copious information on Power's business model, comparisons to competitors (like
Google), a PowerPoint presentation for most major component of Power's software
(PowerFriends, PowerMessenger, Orkut connectivity, MySpace connectivity), internal
documentation for each major component of Power's software, information on stock option
programs, working drafts and brainstorming on new software development, plans for growth and



ORRICK

Hon. Joseph C. Spero
January 26, 2012
Page 7

"backup_exchange.rar," could not be opened.  These files were removed from the AsaDrive for
further analysis to determine if their contents could be verified.  Upon discovering that these files
had not been included in the November 2011 production, defendants immediately copied the
"backup_exchange.rar" file and the other four files to a portable drive and sent it via Federal
Express to Facebook's counsel on January 25.  The omission of the "backup_exchange.rar" file in
Power's previous production was unintentional and inadvertent.

    Assuming that backup_exchange.rar contains a backup of Power's employee emails,
defendants propose that Facebook review the file and determine if they need an additional
deposition.  If Facebook believes such a deposition is necessary after reviewing the file, defendants
will coordinate with Facebook to schedule that deposition.

    Power believes that such a deposition is probably unnecessary as Mr. Vachani was copied on
virtually all important communications and 300,000 of Mr. Vachani's emails were produced on
November 9.  Mr. Vachani is Power's founder and CEO and has been personally involved in all of
Power's operations including the Facebook integration that occurred in December, 2008 that gave
rise to this litigation.  Mr. Vachani has repeatedly testified that Power employees copied him on
important email communications.  7/20/11 Vachani Dep., Exh. A to the Fisher Decl., at 296:14-15
("Any document that was sent electronically is still in my E mailbox"); *id.* at 297:16-21 ("I
personally, whenever somebody wanted me to review something, I would get it in my E mailbox
because I just preferred that, so I would always request that to be sent to my E mail. So if, there was
anything related to Facebook or these other issues, it would have been in my E mailbox."); *id.* at
298:6-8 ("Every document that I've ever reviewed that I can -- To the best of my knowledge, was
usually E mailed to me . . ."); Dkt. No.  136 at 4-5 ("Mr. Vachani clearly indicated on several
occasions that his Yahoo account contained the vast majority (if not all) of his work-related emails . .
. . Emails were the preferred method of office communication, and Mr. Vachani knew he was copied
on important matters.").

Respectfully submitted,

___/s/ Morvarid Metanat_____               ____/s/ L. Timothy Fisher_____
      Morvarid Metanat                                   L. Timothy Fisher

_____

expansion, "break even" revenue requirements, and marketing materials (lists of prominent blogs
and outreach programs).



**ORRICK**

Hon. Joseph C. Spero
January 26, 2012
Page 8

**Filer's Attestation:**  Pursuant to General Order No. 45, §X(B), I attest under penalty of perjury that concurrence in the filing of the document has been obtained from its signatory.

Dated:  January 26, 2012                    Respectfully submitted,

                                        _/s/ Morvarid Metanat_
                                        Morvarid Metanat

1  I. NEEL CHATTERJEE (STATE BAR NO. 173985)
   nchatterjee@orrick.com
2  MONTE M.F. COOPER (STATE BAR NO. 196746)
   mcooper@orrick.com
3  THERESA A. SUTTON (STATE BAR NO. 211857)
   tsutton@orrick.com
4  MORVARID METANAT (STATE BAR NO. 268228)
   mmetanat@orrick.com
5  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
6  Menlo Park, CA  94025
   Telephone:    650-614-7400
7  Facsimile:     650-614-7401

8  Attorneys for Plaintiff
   FACEBOOK, INC.

9
                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11
                      SAN FRANCISCO DIVISION
12

13
   FACEBOOK, INC.,                      Case No.  5:08-cv-05780 JW
14
              Plaintiff,                **DECLARATION OF JOSEPH**
15                                      **CUTLER IN SUPPORT OF**
        v.                              **FACEBOOK, INC.'S MOTION FOR**
16                                      **PARTIAL SUMMARY JUDGMENT**
   POWER VENTURES, INC. a Cayman Island **FOR LIABILITY UNDER THE CAN-**
17 Corporation; STEVE VACHANI, an       **SPAM ACT**
   individual; DOE 1, d/b/a POWER.COM,
18 DOES 2-25, inclusive,                Date:        December 19, 2011
                                        Time:        9:00 a.m.
19            Defendants.               Judge:       Hon. James Ware
                                        Courtroom: 9, 19th Floor
20
                   CONFIDENTIAL – FILED UNDER SEAL
21

22

23

24

25

26

27

28

1     I, Joseph Cutler, declare as follows:

2         1.      I make this declaration in support of Facebook, Inc.'s Motion for Partial Summary

3     Judgment For Liability Under the CAN-SPAM Act.  I have personal knowledge of the matters

4     stated herein, and if called as a witness could and would testify competently thereto.

5         2.      I am an associate at the Seattle, Washington office of the law firm Perkins Coie

6     LLP.  I am a member of the firm's litigation group.  In that role, I have in the past been engaged

7     by the Plaintiff in this case, Facebook, Inc, ("Facebook"), to help it take legal action against

8     illegal spamming, phishing, and other forms of malicious Internet behavior.

9         3.



15        5.

19        6.

23        7.      Following my sending the cease and desist letter, I was contacted by Power

24    Ventures' CEO, Steve Vachani.  Mr. Vachani said he was the owner of Power Ventures, that he

25    operated the Power website, and that he had the ability to continue or cease Power's activities.

26        8.      In December 2008 through early 2009, I had numerous discussions with Mr.

27    Vachani about the functionality of the Power website.  Through our discussions and additional

28    investigation, I learned of numerous other activities by Defendants, and I also asked that those

DECLARATION OF JOSEPH CUTLER
5:08-cv-05780 JW

ER 137

1  activities stop.  In nearly all of our discussions, I continued to demand that Defendants cease their

2  unlawful activities.  Our discussions occurred via email as well as on the telephone.

3        9.      During our discussions, Mr. Vachani repeatedly assured me that the functionality

4  of the Power website would be changed to comply with Facebook's requests and that the Power

5  website's connection to Facebook would use Facebook's authorized "Facebook Connect" service.

6  Despite his repeated assurances, Mr. Vachani failed to make the changes to the Power website

7  that he had committed to make.  One example is described below.

8        10.     ██████████████████████████████████████████████████████

9  ████████████████████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████████████████████

11 ██████████████████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████████████████████

14 ████████████████████████████████████████████.

15        11.     On December 15, 2008, I sent an email to Mr. Vachani responding to his

16 December 12, 2008 email.  In that message, I reconfirmed that Facebook expected the Power

17 website to delete all user data and to fully comply with the Facebook Connect policies and all

18 other applicable Facebook Terms of Use and guidelines within two weeks, or by December 26,

19 2008.

20        12.     ████████████████████████████████████████████████████

21 █████████████████████████████████████████████████████████████████

22 █████████████████████████████████████████████████████████████

23 ████████████████████████████████████████████████████████████████████

24 ████████████████████████████████████████

25        13.     On December 27, 2008, I received an email from Mr. Vachani informing me that

26 he and Power Ventures would not honor his earlier promises to me.  Instead, the email notified

27 Facebook that the Power website would not remove any Facebook content, would not use the

28 authorized Facebook Connect implementation, and would not discontinue its spam campaign

DECLARATION OF JOSEPH CUTLER
5:08-cv-05780 JW

1   aimed at soliciting Facebook users to join the Power Website.  A true and correct copy of the

2   email I received from Mr. Vachani informing me of this decision is attached hereto as **Exhibit B**.

3          14.      Left with no recourse, Facebook filed the present suit on December 30, 2008.  I

4   prepared a chronology of the events that led to this action, including an accurate characterization

5   of my discussions with Mr. Vachani, which is attached hereto as **Exhibit C**.  After Facebook filed

6   suit, it continued its attempts to reach an agreement with the owners of the Power website to stop

7   its violations of the company's Terms of Use.  Those efforts are also reflected in the attached

8   chronology.

9

10

11

12

13

14          I declare under the penalty of perjury under the laws of the United States of America that

15   the foregoing is true and correct.  This Declaration is executed on this 14th day of November,

16   2011, at Seattle, Washington.

17

18

19                                                                Joseph Cutler

20

21

22

23

24

25

26

27

28

- 3 -

# EXHIBIT C

# Power.com Chronology

| Date | Event |
|---|---|
| December 1, 2008 | Facebook counsel sends Power.com a letter advising them that their service breaches several of Facebook's Terms of Use, including provisions against scraping, unauthorized messaging, improper use of Facebook's trademark, unauthorized access of Facebook user accounts, unauthorized solicitation and storage of user login information, and improper use of the Facebook service for commercial use.  The letter demands that Power.com respond by December 3, 2008 to confirm its intent to comply with Facebook's demands. |
| December 3, 2008 | No response from Power.com |
| December 4, 2008 | Counsel for Facebook contacts the domain registrant for "Power.com," (Mr. Powers, a Washington State resident), who professes no involvement in the website, but who provides contact information for "Steve Vachani" and "Filipe Hererra" and indicates that they are responsible for running the website.  "Mr. Powers" states that he forwarded Facebook's original cease and desist letter on the day he received it (December 1, 2008) to both Vachani and Hererra. |
| December 4, 2008 | Counsel for Facebook sends an email to Steve Vachani and Filipe Hererra explaining that the deadline for response has past, and requests a response from them by December 5, 2008. |
| December 4, 2008 | Steve Vachani responds in an email requesting a meeting with Facebook to "sit down with appropriate members and discuss a solution."  Mr. Vachani indicates that he is in San Francisco, and would be willing to meet the following week.  He does not signal any intention to comply with Facebook's demands to stop violating its Terms of Use. |
| December 5, 2008 | Vachani calls counsel for Facebook and requests a meeting with Facebook developers to discuss a potential business relationship.  Counsel responds that Facebook receives hundreds of such requests each month, and does not have resources to personally tailor its platform to all would-be developers.  Counsel reiterates Facebook's position that Power.com needs to comply with its Terms of Use just like any other entity accessing the Facebook network.  Counsel repeats Facebook's demand to comply with Facebook's Terms of Use immediately. |
| December 10, 2008 | Vachani calls counsel for Facebook and renews his request to forge a business partnership with Facebook to seek a "common solution" to Facebook's concerns.  Counsel repeats Facebook's position: that it is not in a position to give developers preferential treatment; that it expects Power.com to comply with its Terms of Use before requesting any further business interaction; and repeats that it offers "Facebook Connect" as a means to accomplish most, if not all, of what Power.com seeks to do.

Vachani responds that his people are "working on it," and agrees to provide written confirmation by 12:00 PM on Friday, December 12, 2008 that they have removed compatibility with Facebook's website, that they have removed Facebook's trademarks, that they have purged data obtained from Facebook users while the site was interacting with Facebook.com, and that they will abide by Facebook's Terms of Use in the future. |

# Power.com Chronology

| | |
|---|---|
| December 12, 2008 | Power.com fails to adhere to its agreement to remove functionality between Power.com and Facebook.com by this date.<br><br>Instead, Vachani sends an email to counsel for Facebook signaling Power.com's agreement to implement Facebook Connect, but threatens to include a statement on the website that "Facebook Connect's current capabilities are extremely limited and we would love the opportunity to provide a Facebook connect extension to Facebook that would allow us to enrich the experience for Facebook users."<br><br>Vachani agrees to delete all user data.<br><br>Vachani states that Power.com is finalizing a solution that it has implemented with other service providers that would "enable us to provide more functionality to Facebook users" and requests a meeting with Facebook to promote that solution. Vachani reiterates that Power.com desires a working and friendly relationship with Facebook.<br><br>Vachani estimates that implementation of Facebook Connect will take 2 weeks to complete. |
| December 12, 2008 | ██████████████████████████████████████████████████████████████████████████████████. |
| December 15, 2008 | Counsel for Facebook responds to Vachani and accepts the proposed 2-week extension on Facebook Connect implementation, and demands that Power.com remove any non-compliant configurations of Power.com, delete all Facebook data obtained using this non-compliant configuration, conform any postings of Facebook trademarks to established Facebook guidelines, and follow Facebook's Terms of Use and applicable Connect policies in the future.<br><br>The 2-week extension results in a new deadline of EOD December 26, 2008 for Power.com compliance with Facebook's Terms of Use and applicable Connect policies. |
| December 15, 2008 | Vachani acknowledges receipt of Facebook's agreement to the December 26 deadline. |
| December 17, 2008 | Vachani sends counsel for Facebook a message indicating that Power.com has commenced implementation of Facebook Connect, but expresses concern that he was "too optimistic" about his plan to implement Connect by December 26, 2008.<br><br>Vachani proposes a meeting with Facebook to present the Power.com "product plan" and pitch their "improved" integration functions that they would like to use with Connect. |
| December 22, 2008 | Counsel for Facebook contacts Vachani regarding his latest email and reiterates Facebook's position that developers do not receive preferential treatment – especially when they approach Facebook in breach of Facebook's |

# Power.com Chronology

| | |
|---|---|
| | Terms of Use.<br><br>Counsel for Facebook reiterates its demand that unauthorized interactions between Power.com and Facebook.com cease by December 26, 2008.<br><br>Counsel repeats Facebook's position that Power.com should respect Facebook's Terms of Use during the time it develops Facebook Connect, that granting an extension to Power.com is not permission to continue violating Facebook Term of Use, and that Power.com may take as much time as needed to implement Facebook Connect, but that Facebook expects Power.com to cease its unauthorized access to Facebook.com in the meantime. |
| December 22, 2008 | Facebook discovers that Power.com has purposely circumvented its IP blocking measures to continue its unauthorized access to Facebook by using a shared IP address owned by Amazon.com. |
| December 26, 2008 | At 10:00 PM on the deadline for compliance, Vachani sends counsel for Facebook an "update" email stating that Power.com will not be able to finalize its Facebook Connect integration until January 30, 2009.<br><br>Vachani's email states: **"after previously thinking that it would better to take Facebook compatibility down while we implemented this new solution, <u>we have made the business decision</u> to not prevent the interruption of service to our millions of users while working closely to make these changes to address Facebook's concerns."** |
| December 30, 2008 | Facebook files a complaint in the Northern District of California against Power.com. |
| December 30, 2008 | Counsel for Facebook sends an electronic copy of the complaint to Vachani with an email indicating that Power.com's unilateral decision to continue breaching Facebook's Terms of Use while it implements Facebook Connect is unacceptable, and has left Facebook no choice but to file suit against Power.com to in order to stop its continued unauthorized access to Facebook's site.<br><br>Facebook demands that Power.com take down its compatibility with Facebook's site by December 31, 2008 or Facebook will be forced to pursue a Temporary Restraining Order against Power.com. |
| December 31, 2008 | Vachani responds that it will take a week to take down such compatibility, and promises to have the integration removed by Monday, January 5, 2008. |
| December 31, 2008 | Counsel for Facebook responds to Vachani, rejects his offer to remove compatibility by January 5, and reiterates Facebook's intention to seek a Temporary Restraining Order if the compatibility is not removed by 5:00 PM. |
| December 31, 2008 | Power.com removes compatibility with Facebook and sends a message to counsel for Facebook requesting that Facebook withdraw the lawsuit. |
| January 5, 2009 | Facebook communicates its willingness to settle the lawsuit against Power.com in return for the following: (a) a signed stipulated permanent injunction requiring Power.com to comply with Facebook's Terms of Use in |

ER 143

## Power.com Chronology

|  |  |
|---|---|
|  | the future; and (b) payment of ▮▮▮▮ to Facebook to recoup the costs of having to litigate, rather than negotiate, to obtain compliance with its terms. |
| January 5, 2009 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. |
| January 5, 2009 | In a telephone conference with Facebook counsel, Vachani agrees to respond to Facebook's settlement offer by January 9, 2009. |
| January 7, 2009 | Vachani responds stating that he wants to resolve the lawsuit quickly, and that his technical staff will look into the rogue IP logins; and promises prompt contact by Power.com or its counsel. |
| January 7, 2009 | Counsel for Facebook responds to Vachani asking for the contact information for Power.com's counsel.  Vachani responds in an email stating that Power.com is actively seeking, but has not retained, counsel. |
| January 7, 2009 | Vachani indicates that it has "frozen" all active sessions to eliminate any residual "rogue" login sessions. |
| January 8, 2009 | Vachani sends an email to counsel for Facebook stating that they are still seeking counsel. |
| January 9, 2009 | Power.com fails to respond to Facebook's settlement offer as promised. |
| January 12, 2009 | Vachani sends an email to counsel for Facebook stating that he is overseas dealing with "emergencies," and he will be back to the United States on January 17, 2009. |
| January 12, 2009 | Facebook receives a letter from Power Ventures, Inc., a California corporation, stating that it has no relationship with Power.com.  Despite the fact that Power.com is run by "Power Ventures, Inc.," it is not registered to do business in California, as Facebook thought.  Facebook contacts the owner of the California entity and agrees to dismiss it when it resolves matters with Power.com.  The owner of the California entity indicates that the corporation is inactive at this time, and that such a delay would be acceptable.<br><br>Counsel for Facebook begins searching for true location/identity of Power.com corporate ownership. |
| January 13, 2009 | Vachani states that Power Ventures, Inc. is a Cayman Island entity, but offers not details regarding how to contact or serve that entity. |
| January 13, 2009 | Facebook submits an inquiry to the Cayman Island Government requesting the service address for Power Ventures, Inc. |
| January 13, 2009 | Facebook files First Amended Complaint to add new defendant names to properly name suspected defendant entities. |
| January 15, 2009 | Facebook sends a copy of the First Amended Complaint to Vachani, reiterates its willingness to settle the case by the terms described in its January 5 email, but warns that the amount for which Facebook is willing to settle is tied to the amount Facebook expends resolving the dispute.  Continued delay will increase the settlement costs. |
| January 16, 2009 | Counsel for Facebook receives contact information for Power Ventures, Inc. from the Cayman Islands – but no telephone number or personal contact for a registered agent. |

ER 144

# Power.com Chronology

| | |
|---|---|
| January 16, 2009 | Washington Post article announcing that MySpace has also blocked Power.com.  http://www.washingtonpost.com/wp-dyn/content/article/2009/01/16/AR2009011603494.html |
| January 21, 2009 | Counsel for Facebook discovers that Vachani has only provided hotel and bogus address information for all domain registrations.  He does not appear to have a valid address at which Facebook can effect service of process. |
| January 22, 2009 | Vachani sends an email to counsel for Facebook indicating that Power.com is close to finalizing its choice of counsel, and has been advised to stop communicating personally with Facebook counsel.

Vachani signals his continued willingness to resolve the case. |
| January 23, 2009 | Counsel for Facebook sends service package to Power Ventures, Inc. in the Cayman Islands in order to effect service of process under the Hague Convention. |
| February 5, 2009 | Facebook discovers that Power.com has implemented Facebook Connect without resolving the lawsuit, and the implementation does not properly follow the rules regarding Facebook Connect implementation.

█████████████████████ counsel for Facebook communicates to Power.com that Facebook is willing to permit Power.com to resume access to its network through Facebook Connect only after the lawsuit is resolved. |
| February 11, 2009 | Service of Process effected on Power Ventures, Inc. in the Cayman Islands. |
| February 17, 2009 | Vachani sends an email to counsel for Facebook indicating that it has no updates on finding counsel. |
| February 24, 2009 | Counsel for Facebook advises Vachani that Facebook intends to file a notice of default with the Court on March 2, 2009. |
| February 28, 2009 | Vachani sends an email to counsel for Facebook introducing Scott Bursor as Power's counsel in the matter. |
| March 2, 2009 | Facebook agrees to allow Power.com an extension on the time to answer the complaint to March 23, 2009. |
| March 4, 2009 | Facebook communicates its settlement offer to counsel for Power.com, which includes the same terms as the first settlement offer, and demands ████. |
| March 10, 2009 | Power.com communicates its counteroffer for settlement to Facebook, which does not offer any money to Facebook, does not promise to follow Facebook's Terms of Use, and only offers a "good faith effort" to implement Facebook Connect according to Facebook's policies. |
| March 10, 2009 | Facebook files notice of voluntary dismissal of Power Ventures, Inc., the California corporation. |
| March 14, 2009 | In a telephone conference with counsel for Power.com, counsel for Facebook rejects Power.com's offer, explains that Facebook does not trust Mr. Vachani to abide by Facebook's Terms of Use without a permanent injunction in place, and that Facebook will not settle its case for less than what it spent enforcing its Terms of Use in the first place. |

ER 145

# Power.com Chronology

|  |  |
|---|---|
|  | Counsel for Facebook explains that Facebook views Power.com's unwillingness to sign a stipulated injunction or settle the lawsuit as evidence that Power.com cannot be trusted in the future, and that these negotiations endanger any hopes that Power.com may have of dealing as partners with Facebook in the future.<br><br>Counsel for Facebook indicates that Facebook remains willing to work with Power.com in the future, so long as the lawsuit is resolved amicably. |
| March 23, 2009 | Power.com files Motion to dismiss for failure to plead with particularity. |
| April 17, 2009 | Facebook files Opposition to Power's Motion to Dismiss |
| April 24, 2009 | Power files Reply in Support of Motion to Dismiss |
| May 8, 2009 | Court denies Power's Motion to Dismiss and advises Facebook to submit More Definitive Statement to clarify its Eighth Cause of Action. |
| June 10, 2009 | Facebook files Definitive Statement regarding its Eighth Cause of Action. |
| July 9, 2009 | Power.com files its Answer to Complaint which contains counterclaims alleging antitrust violations.  The counterclaims are extremely bare, and the answers to the other substantive issues in the Complaint are similarly lacking. |

ER 146

BURSOR & FISHER, P.A.
L. Timothy Fisher (State Bar No. 191626)
2121 North California Blvd., Suite 1010
Walnut Creek, CA 94596
Telephone: (925) 482-1515
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com

BURSOR & FISHER, P.A.
Scott A. Bursor (*pro hac vice*)
369 Lexington Avenue, 10th Floor
New York, NY  10017
Telephone:  (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
Alan R. Plutzik (State Bar No. 077785)
Michael S. Strimling (State Bar No. 96135)
2125 Oak Grove Road, Suite 120
Walnut Creek, CA  94598
Telephone:  (925) 945-0200
Facsimile:  (925) 945-8792
E-Mails: aplutzik@bramsonplutzik.com
          mstrimling@bramsonplutzik.com

Attorneys for Defendants Power
Ventures, Inc. and Steve Vachani

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC.,<br><br>                              Plaintiff,<br><br>-against-<br><br>POWER VENTURES, INC. d/b/a POWER.COM, a California corporation; POWER VENTURES, INC. a Cayman Island Corporation, STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, an individual and/or business entity of unknown nature; DOES 2 through 25, inclusive, individuals and/or business entities of unknown nature,<br><br>                              Defendants. | Case No. 5:08-cv-05780 JW<br><br>**NOTICE OF MOTION, MOTION AND MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date:  September 19, 2011<br>Time: 9:00 a.m.<br>Judge: Hon. James Ware<br>Courtroom: 5 – 17th Floor |

NOTICE OF MOTION, MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Case No. 5:08-cv-05780 JW

ER 147

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................ii

I.    INTRODUCTION ............................................................................................................3

II.   THREE DISPOSITIVE FACTS ......................................................................................4

      A.    Dispositive Fact # 1: Power did not initiate the email message
            referenced in the complaint. ...............................................................................5

      B.    Dispositive Fact # 2:  No one was misled. ..........................................................9

      C.    Dispositive Fact # 3:  Facebook suffered no damage or loss. ...........................10

III.  THE RULE 56 SUMMARY JUDGMENT STANDARD .................................................11

IV.   ARGUMENT ...................................................................................................................12

      A.    Facebook Lacks Evidence To Support Essential Elements Of Its
            CAN-SPAM Claim (Claim 1) .............................................................................12

            1.    That Undisputed Evidence Confirms That Power Did Not
                  Initiate The Email Message Referenced In The Complaint ......................12

            2.    The Undisputed Evidence Confirms The Email Header
                  Information And Contents Were Not Misleading .....................................14

            3.    The Undisputed Evidence Confirms That Power Had No
                  Control Over Whether Facebook Made Opt-Out Utilities
                  Available To Recipients Of The Email .....................................................15

            4.    The Undisputed Evidence Confirms That Facebook Was Not
                  "Adversely Affected By" The Email .........................................................15

      B.    Facebook Lacks Evidence To Support Essential Elements Of Its
            CFAA Claim (Claim 2) .......................................................................................16

            1.    The Undisputed Evidence Confirms Power Did Not Access
                  Facebook Without Authorization ..............................................................17

            2.    The Undisputed Evidence Confirms Power Did Not Obtain
                  Anything Of Value From Facebook's Computers.....................................18

            3.    The Undisputed Evidence Confirms Power Had No Intent To
                  Defraud ...................................................................................................18

      C.    Facebook Lacks Evidence To Support Essential Elements Of Its
            Penal Code § 502 Claim (Claim 3) .....................................................................19

            1.    The Undisputed Evidence Confirms Power Did Not Access
                  Or Use Facebook "Without Permission".................................................19

            2.    The Undisputed Evidence Confirms Facebook Lacks
                  Standing Because It Suffered No Damage Or Loss ...................................19

V.    CONCLUSION ................................................................................................................20

NOTICE OF MOTION, MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Case No. 5:08-cv-05780 JW

ER 148                     i

# TABLE OF AUTHORITIES

**CASES**                                                                 **Page(s)**

*Anderson v. Liberty Lobby, Inc.,*
    477 U.S. 242 (1986) ................................................................................12

*ASIS Internet Servs. v. Azoogle.com, Inc.,*
    357 Fed.Appx. 112 (9th Cir. 2009) ........................................................16

*Celotex Corp. v. Catrett,*
    477 U.S. 317 (1986) ..........................................................................11, 12

*Gordon v. Virtumundo, Inc.,*
    575 F.3d 1040 (9th Cir. 2009) ..........................................................15, 16

*Hypertouch, Inc. v. Kennedy-Western University,*
    2006 WL 648688 (N.D. Cal. Mar. 8, 2006) ............................................11

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,*
    475 U.S. 574 (1986) ................................................................................12

*Multiven, Inc. v. Cisco Systems, Inc.,*
    725 F.Supp.2d 887 (N.D. Cal. 2010) ................................................16, 18

*Neely v. St. Paul Fire and Marine Insur. Co.,*
    584 F.2d 341 (9th Cir. 1978) ....................................................13, 14, 15

**STATUTES**

15 U.S.C. §§ 7702 ......................................................................................11, 13

15 U.S.C. § 7704 ...................................................................................12, 14, 15

15 U.S.C. § 7706 ...................................................................................13, 14, 15

18 U.S.C. § 1030 ...........................................................................................16, 18

California Penal Code § 502 ...........................................................................17, 19

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56 ...........................................................................................11, 12

NOTICE OF MOTION, MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Case No. 5:08-cv-05780 JW

ER 149                                                                             ii

<center>**NOTICE OF MOTION AND MOTION**</center>

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that on September 19, 2011, at 9:00 a.m. or as soon thereafter as the matter may be heard, in the courtroom of the Honorable James Ware, United States District Court, 450 Golden Gate Avenue, San Francisco, CA 94102, Power Ventures Inc. and Steve Vachani (collectively, "Defendants"), will move the court for summary judgment pursuant to Federal Rule of Civil Procedure 56.

Defendants bring this motion for summary judgment to dismiss Claims 1 through 3, asserting claims for violation of the CAN-SPAM Act, the Computer Fraud And Abuse Act, and California Penal Code § 502.  Facebook has produced no evidence substantiating these claims, and is unable to provide proof that anyone was misled by Power, or that Facebook suffered any damage or loss caused by Power.

This motion is based on the Notice of Motion and Motion, the supporting Memorandum of Law, the Declaration of Steve Vachani, the Declaration of L. Timothy Fisher and the exhibits thereto, all pleadings on file in this action, oral argument of counsel, and any other matter that may be submitted at the hearing.

Respectfully submitted,

Dated:  May 6, 2011                    BURSOR & FISHER, P.A.


By _____/s/_____
      L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
2121 North California Blvd., Suite 1010
Walnut Creek, CA 94596
Telephone:  (925) 482-1515
Facsimile:  (925) 407-2700
E-Mail:  ltfisher@bursor.com

-and-

Scott A. Bursor (pro hac vice)

369 Lexington Avenue, 10th Floor
New York, NY 10017-6531
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com

-and-

Alan R. Plutzik (State Bar No. 77785)
Michael S. Strimling (State Bar No. 96135)
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792
E-Mail: aplutzik@bramsonplutzik.com
          mstrimling@bramsonplutzik.com

Attorneys for Defendants Power
Ventures, Inc. and Steve Vachani

NOTICE OF MOTION, MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Case No. 5:08-cv-05780 JW

ER 151

2

**MEMORANDUM OF LAW**

Defendants Power Ventures, Inc. and Steve Vachani (collectively "Defendants" or "Power") respectfully submit this Memorandum of Law in Support of Their Motion for Summary Judgment on the remaining three claims in Facebook's First Amended Complaint.

## I.  INTRODUCTION

Power's first document request, served October 8, 2010, was a single page with 3 numbered requests.  Fisher Decl. Exh. A.  It sought all documents concerning (1) "any injury that Facebook suffered as a result of the events" described in the complaint; (2) "any expenditure that Facebook made as a result of the events" described in the complaint; and (3) "any complaints Facebook users made as a result of the events" described in the complaint.  *Id.*  Facebook produced nothing in response.  *See* Fisher Decl. ¶ 4 & Exh. B ("Facebook's response to the document requests included objections, assertions of privilege, and a statement that responsive documents would be produced upon entry of a protective order.  However, even after the protective order was executed and then entered by the Court, Facebook produced nothing.").  The testimony of Facebook's in-house counsel, Craig Clark, then confirmed that no such documents exist:

> Q:      So you're not aware of any documents that are responsive to any of these three categories?
>
> A:      As I sit here today, I'm not aware of any specific documents.

Clark Dep. at 118:20-23, Fisher Decl. Exh. C.

Power's first set of interrogatories, also served October 8, 2010, was a single page, with 5 numbered requests.  Fisher Decl. Exh. D.  Interrogatory 1 asked Facebook to "identify anyone that was misled by the [email] messages referenced" in the complaint.  Facebook asserted eleven general objections.  Fisher Decl. Exh. E.  Facebook also objected to "the terms 'anyone' and 'misled' as vague, overly broad and unduly burdensome."  *Id.* at 2.  Facebook also asserted the attorney-client privilege and attorney work-product doctrine, as well as several additional objections.  *Id.* at 2-3.  During his deposition, Mr. Clark, who purported to verify the interrogatory responses, confirmed that Facebook is unable to identify anyone who was misled:

> Q:      Can you tell me the name of anyone that was misled by this message?

1    A:    I can't.

2  Clark Dep. at 58:5-7, Fisher Decl. Exh. C.

3       Interrogatories 2 through 5 asked for basic facts about Facebook's copyright and trademark

4  claims, such as the identity of the copyrighted and infringing works, and the identity of anyone that

5  experienced any form of "customer confusion," "mistake," or "deception" caused by a Facebook

6  trademark that appeared on the Power site.  Fisher Decl. Exh. D.  Facebook again responded with

7  lengthy objections, assertions of privilege, and no substantive information.  Fisher Decl. Exh. E.

8  When Power's counsel attempted to question Mr. Clark about these matters during his deposition,

9  Facebook's counsel hurriedly stipulated to the dismissal of five counts of Facebook's complaint,

10  including Count 4 (Copyright Infringement), Count 5 (Violation of the Digital Millennium

11  Copyright Act), Count 6 (Trademark Infringement), Count 7 (Trademark Infringement under

12  California Law), and Count 8 (Unlawful, Unfair, and Fraudulent Competition Under California

13  Bus. & Prof. Code § 17200).  *See* Clark Dep. at 125:22-127:23, Fisher Decl. Exh. C (Facebook's

14  counsel interjecting and stating "we're dropping the trademark and copyright claims").  *See also*

15  2/17/11 Stipulation Of Dismissal Pursuant To Fed. R. Civ. P. 41(A)(1), Fisher Decl. Exh. F

16  (Docket Entry No. 97, Stipulation of Dismissal "so ordered" by the Court).

17       Counts 1 through 3 of Facebook's complaint remain, asserting claims for violation of the

18  CAN-SPAM Act, the Computer Fraud And Abuse Act, and California Penal Code § 502.  But

19  Facebook's inability to muster proof that anyone was misled by Power, or proof that Facebook

20  suffered any damage or loss caused by Power, is fatal to those claims.  We are beyond the pleading

21  stage.  Facebook is no longer entitled to any presumption that its allegations are true.  At the

22  summary judgment stage, a plaintiff must produce <u>evidence</u> to support its claims.  And with respect

23  to essential elements of the remaining three claims, Facebook admits it has no evidence.

24                     **II.  THREE DISPOSITIVE FACTS**

25       The record establishes three simple facts sufficient to dispose of the remaining claims:  (1)

26  Power did not initiate the email message referenced in the complaint.   (2)  No one was misled.

27  And (3) Facebook suffered no damage or loss.

28

### A. Dispositive Fact # 1: Power did not initiate the email message referenced in the complaint.

Facebook alleges Power sent "unsolicited" email messages to Facebook users that were "deceptive and misleading." *See* Complaint ¶ 65-73. That allegation is false. Power did not send the email messages referenced in the complaint. Facebook did. Vachani Decl. ¶ 2.

Facebook allows users to create "events," which Facebook then invites friends to attend. *Id.* ¶ 3. The screen captures from www.facebook.com below illustrate the event creation process. *Id.* First, a Facebook user creates the event using this screen:



NOTICE OF MOTION, MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Case No. 5:08-cv-05780 JW

ER 154

5

Second, the Facebook user selects which friends should be invited to the event using this screen:



Third, after the user has created the event and selected the friends to be invited, Facebook sends the invitations by email:



NOTICE OF MOTION, MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Case No. 5:08-cv-05780 JW

ER 155

6

This email is sent by Facebook. *Id.* Facebook determines the address that appears in the "From:" field. *Id.* ¶ 4; *see also* Complaint ¶ 68 ("From: Facebook<eventmaster+zOs9a6jc@facebookmail.com>"). Facebook also adds the closing signature from "The Facebook Team." Vachani Decl. ¶ 4; *see also* Complaint ¶ 69 ("The message … is signed by "The Facebook Team," which is both misleading and false."). Neither the user nor Power has any control over these elements of the email message. All content in these email messages that Facebook alleges to be misleading and false was written and appended to the message by Facebook itself. Vachani Decl. ¶ 4.

"The specific email referenced in Facebook's complaint was generated by Facebook as a result of a Facebook user named 'Nik' creating an event and selecting the friends to invite." *Id.* ¶ 6. "It was Nik, not Power, that logged on to Facebook and created the event." *Id.* "It was Nik, not Power, that chose the friends he wished to invite." *Id.* "Nik could only send the invitation to other Facebook members who had agreed to 'friend' Nik, and thus had expressly agreed to receive communications from Nik." *Id.* "Facebook then sent an email to those friends on Nik's behalf." *Id.* "Power did not initiate this message. Power did not select the recipients to whom it was sent. And Power had no control over the content of the message or the header information. Only Facebook did." *Id.*

Mr. Clark's testimony confirms there is no genuine dispute about these facts:

> Q:     All right. So let me focus in on just the "from" line. Okay? The one-and-only party that has any control over the content of that line is Facebook itself; isn't that true?
>
> MR. CHATTERJEE: Speculation.
>
> THE WITNESS: As I said, I'm not sure. I believe so, but I'm not sure.
>
> MR. BURSOR: Q. If Power wanted to change that line just to say "From: Power," they have no ability to do that; isn't that true?
>
> MR. CHATTERJEE: Speculation.
>
> THE WITNESS: I don't believe anybody would draft this. This would be an automated part of the email creation that would occur when somebody initiated the transmission of a message. Right. So, I mean, there's nobody sitting there typing the "from" line.

NOTICE OF MOTION, MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Case No. 5:08-cv-05780 JW

ER 156

7

…

Q:  That "from" line was automatically generated by Facebook's computers; right?

THE WITNESS:  Automatically generated by Facebook's computers or their systems, based on a prompt from somebody outside. Right.  Could be a user.  Could be whoever – whoever's creating the event.

Clark Dep. at 68:10-69:25, Fisher Decl. Exh. C.

Q:  And then do you see in the body of the message it says "Nik invited you"?

A:  Mm-hmm, yes.

Q:  Who's Nik?

A:  I don't know.

Q:  Did Nik initiate this message?

MR. CHATTERJEE:  Speculation.

A:  I don't know who Nik is, so I don't know if Nik initiated this message.  …

*Id.* at 74:16-75:6.

Q:  You see at the bottom of the page where it says "Thanks, The Facebook Team"?

A:  Mm-hmm.

Q:  Yes?

A:  Yes.

Q:  Who wrote that?

MR. CHATTERJEE:  Speculation.

THE WITNESS:  I don't know.

MR. BURSOR:  Didn't Facebook itself write that?

MR. CHATTERJEE:  Same objections.

THE WITNESS:  I don't know.

MR. BURSOR:  Q.  Isn't it true that Facebook appends that very same text to every e-mail communication it sends after an event is created?

NOTICE OF MOTION, MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Case No. 5:08-cv-05780 JW

ER 157

8

MR. CHATTERJEE: Same objection. Speculation.

THE WITNESS: I don't know.

*Id.* at 87:12-88:4. *See also* Vachani Decl. ¶ 5 ("Facebook appends that very same text to every e-mail communication it sends after an event is created.").

    Q:    So you see where it says "Nik invited you to the event"? See that?

    …

    Q:    Can you focus in on that?

    A:    I can focus in on that, yes.

    Q:    Who wrote that?

MR. CHATTERJEE: Speculation.

THE WITNESS: I don't recall – or I don't know.

MR. BURSOR: Q. Who would know the answer to that?

    A:    Again, I believe the header information, as with other elements of this message, would have been auto-generated. So as far as "write this," I don't know [who] would write this.

    Q:    It would have been auto-generated by whom?

MR. CHATTERJEE: Vague.

THE WITNESS: By the system that was called to send out the invitation.

MR. BURSOR: Q. What system is that?

    A:    That would probably be Facebook's system.

Clark Dep. at 98:18-99:25, Fisher Decl. Exh. C. *See also id.* at 101:7-102:20 (describing the event-creation process).

    **B.**    **Dispositive Fact # 2: No one was misled.**

    Facebook alleges Power "intentionally misled Facebook users." Complaint ¶ 92. That allegation is false. Facebook was unable to identify anyone who was misled by the events described in the complaint and was unable to produce any documents evidencing anyone being misled. *See* Fisher Decl. Exhs. B and E (Facebook's responses to Power's document requests and interrogatories); Clark Dep. at 58:5-7, Fisher Decl. Exh. C ("Q: Can you tell me the name of

NOTICE OF MOTION, MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Case No. 5:08-cv-05780 JW

ER 158

9

anyone that was misled by this message?  A: I can't.").  Since no one was misled, no one

complained:

> Q:  Have you ever seen a document concerning a Facebook user
>      complaining about something that Power did on Facebook?
>
> A:  I don't believe so.

Clark Dep. at 51:18-21, Fisher Decl. Exh. C.

> Q:  You see [document request] 3 asks for any complaints
>      Facebook users made as a result of the events described in
>      Facebook's First Amended Complaint?  You see that?
>
> A:  I see that.
>
> Q:  But you've never seen any documents like that; right?
>
> MR. CHATTERJEE:  Overly broad.  Vague.
>
> THE WITNESS:  Again, there are documents I've seen that may be
>      responsive to this category.  If you're asking if I've seen any
>      specific complaints about Power.com, I have not.
>
> Q:  Have you seen general complaints about Power.com?
>
> A:  No.
>
> Q:  All right.  So you haven't seen any specific complaints and
>      you haven't seen any general complaints.  What kind of
>      complaints have you seen?
>
> A:  I've not seen any complaints regarding Power.com based on
>      my preparation for this deposition or otherwise.

*Id.* at 121:6-25.

Mr. Vachani's testimony is in accord with Mr. Clark's.  Mr. Vachani states that "Like

Facebook, Power also has not received a single complaint from a Facebook user about any of the

events described in Facebook's complaint.  No one complained to Power about the email

referenced in ¶ 92 of Facebook's complaint.  Nor has anyone complained to Power about any of

our activities related to Facebook.  Nor has anyone claimed to have been misled by anything we

did."  Vachani Decl. ¶ 8.

### C.     Dispositive Fact # 3:  Facebook suffered no damage or loss.

Facebook alleges Power's conduct "caused a loss to Facebook during a one-year period in

excess of $5,000."  Complaint ¶ 109.  That allegation is false.  Facebook was unable to produce

NOTICE OF MOTION, MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Case No. 5:08-cv-05780 JW

ER 159                10

any document evidencing any loss to, or expenditure by, Facebook. *See* Fisher Decl. ¶ 4 and Exh.

B ("Facebook produced nothing."). Mr. Clark then admitted that Facebook has no evidence that it

suffered any damage or loss:

> Q: Can you identify anything that Power did that caused
> Facebook to lose money?
>
> A: Same answer.
>
> Q: You can't answer?
>
> A: I can't answer that.

Clark Dep. at 116:14-18, Fisher Decl. Exh. C.

> Q: Are you aware of any document concerning any injury that
> Facebook suffered as a result of the events described in the
> First Amended Complaint? Just the existence of a document.
>
> A: I don't know.
>
> Q: As you sit here today, you couldn't identify any document
> that would relate to that?
>
> A: No, I don't believe I can.

Clark Dep. at 117:18-25, Fisher Decl. Exh. C.

### III. THE RULE 56 SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted if "the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion

by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials

cited do not establish the absence or presence of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1).

The moving party bears the initial burden of demonstrating the absence of a genuine issue

of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). However, the moving

party "has no burden to negate or disprove matters on which the non-moving party will have the

burden of proof at trial." *Hypertouch, Inc. v. Kennedy-Western University*, 2006 WL 648688, at *1

(N.D. Cal. Mar. 8, 2006); *see Celotex Corp.*, 477 U.S. at 325. To prevail on a summary judgment

motion, the moving party need only alert the Court that there is an absence of evidence to support

the non-moving party's case. *See Celotex Corp.*, 477 U.S. at 325.

NOTICE OF MOTION, MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Case No. 5:08-cv-05780 JW

ER 160

11

Once the moving party has met its initial burden of proof, the burden then shifts to the non-moving party to show that material facts are genuinely in dispute by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials." *See id.* at 324; Fed. R. Civ. P. 56(c)(1)(A). Thus, the non-moving party must affirmatively present specific evidence sufficient to create a genuine issue of material fact for trial. *See Celotex Corp.*, 477 U.S. at 324. To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## IV. ARGUMENT

### A. Facebook Lacks Evidence To Support Essential Elements Of Its CAN-SPAM Claim (Claim 1)

Claim 1 asserts claims under §§ 7704(a)(1), (2), (3) and (5) of CAN-SPAM. Compl. ¶¶ 92-95.[1] Facebook alleges Power initiated an email that "contained header information that was materially false or misleading as to the true identity of the sender," Complaint ¶ 92; "did not contain a functioning return electronic mail address or other Internet-based opt-out mechanism," *id.* ¶¶ 93-94; and "contained 'from' lines that were misleading regarding the actual sender," *id.* ¶ 95. In fact, the undisputed evidence confirms that Power did not send the message – Facebook did. The header information and from line were accurate and not misleading. And Facebook lacks standing under CAN-SPAM because it was not adversely affected by the email.

#### 1. That Undisputed Evidence Confirms That Power Did Not Initiate The Email Message Referenced In The Complaint

Each one of the substantive prohibitions of CAN-SPAM makes it unlawful to "initiate" the transmission of prohibited commercial electronic mail messages. *See, e.g.*, 15 U.S.C. § 7704(a)(1) ("It is unlawful for any person to initiate the transmission … of a commercial

---

[1] Paragraph 92 of the Complaint mistakenly cites to § 7704(a)(3) although its allegations invoke the prohibitions of § 7704(a)(1).

electronic mail message … that contains … header information that is materially false or materially misleading."). But neither Power nor Vachani initiated the message referenced in Facebook's complaint. Facebook itself initiated the message. *See supra* Dispositive Fact #1: Power did not initiate the email message referenced in the complaint. *See also* Vachani Decl. ¶ 9 ("Power did not transmit any email message to any Facebook account. Nor did Power make available any utility that would enable a user to transmit such messages."). Indeed, Facebook's in-house litigation counsel, Mr. Clark, testified that only Facebook users or Facebook itself can transmit email messages to Facebook accounts. Clark Dep. at 23:11-17, Fisher Decl. Exh. C. And Facebook is not aware of any instance where an email from an outside source was transmitted to a user's Facebook account:

> MR. BURSOR: Q. Okay. Sitting here today, can you identify any
> instance when that has happened?

> THE WITNESS: I cannot.

*Id.* at 26:2-12.

CAN-SPAM, however, recognizes that more than one person can "initiate" a message, and that one may be liable for "procuring" another to do so. In actions brought by ISPs, like Facebook, a special definition of "procure" applies. 15 U.S.C. § 7706(g)(2). Here, "procure" means "intentionally to pay or provide other consideration to, or induce, another person to initiate such a message on one's behalf with actual knowledge, or by conspicuously avoiding knowing, whether such person is engaging, or will engage, in a pattern or practice that violates this chapter." *See* 15 U.S.C. §§ 7702(12) and 7706(g)(2). But Facebook cannot prevail under this theory for two reasons. First, there is no evidence that Power gave any consideration to Facebook to procure transmission of the message. Second, and more importantly, any argument that Power "procured" Facebook's own transmission of the message would defeat Facebook's claim because Facebook's own conduct would be the but-for cause, proximate cause, and superseding intervening cause, of any violation and any harm caused thereby. Power's role, if any, in such "procuring" would be far too attenuated to be considered the proximate cause of the violation or harm, if any. *See, e.g., Neely v. St. Paul Fire and Marine Insur. Co.*, 584 F.2d 341, 345-46 (9th Cir. 1978) (affirming grant

NOTICE OF MOTION, MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Case No. 5:08-cv-05780 JW

ER 162

13

of defendants' summary judgment motion) ("It is well settled that proof must be sufficient to raise a reasonable inference that the act or omission complained of was in fact the proximate cause of injury.").

<div align="center">

**2.    The Undisputed Evidence Confirms The Email Header
Information And Contents Were Not Misleading**

</div>

Section 7704(a)(1) prohibits commercial electronic mail messages with "header information that is materially false or materially misleading."  The undisputed evidence confirms there was no violation of this section because the header information on the email was accurate, and no one was misled thereby.  *See supra* Dispositive Fact #1 (discussing evidence confirming that the email in question was auto-generated and transmitted by Facebook); Dispositive Fact #2 ("No one was misled."); Vachani Decl. ¶ 6 ("Facebook itself transmitted the message and the header information is accurate.").  The "from" line and other contents of the email were "automatically generated by Facebook's computers" and were also accurate and not misleading. *See* Clark Dep. at 68:10-69:25, Fisher Decl. Exh. C ("That 'from' line was automatically generated by Facebook's computers …."); *id.* at 87:12-88:4 ("Thanks, The Facebook Team" is appended to the email by Facebook itself); Vachani Decl. ¶ 5 ("Facebook appends that very same text to every e-mail communication it sends after an event is created.").

Furthermore, even if those aspects of the messages were misleading in any way – and there is no evidence they were – "Power had no control over them."  Vachani Decl. ¶¶ 4, 5, 7.  "They were auto-generated by Facebook and Power could not have changed them if it wanted to."  *Id.* ¶ 5; *see also* Clark Dep. at 68:10-69:25, Fisher Decl. Exh. C ("Q:  … The one-and-only party that has any control over the content of that line is Facebook itself; isn't that true?  A: …  I believe so ….") (objection omitted).  Thus, Facebook itself, and not Power, was the but-for cause, proximate cause, and superseding intervening cause of any misleading header information or other content. *See, e.g.*, *Neely*, 584 F.2d at 346.

NOTICE OF MOTION, MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Case No. 5:08-cv-05780 JW

ER 163

14

### 3. The Undisputed Evidence Confirms That Power Had No Control Over Whether Facebook Made Opt-Out Utilities Available To Recipients Of The Email

Sections 7704(a)(3) and (a)(5) prohibit commercial electronic messages that do not contain a functioning return electronic mail address or other Internet-based opt-out mechanism. But the undisputed evidence confirms that Facebook transmitted the messages. *See supra* Dispositive Fact #1 (discussing evidence confirming that the email in question was auto-generated and transmitted by Facebook). "Power had no control over the return electronic mail address. Only Facebook did. And Power had no ability to include any opt-out mechanism in the message. It was Facebook, and Facebook alone, that determined whether to include an opt-out mechanism in the message." Vachani Decl. ¶ 7. So, again, Facebook itself, and not Power, was the but-for cause, proximate cause, and superseding intervening cause of any violation related to the lack of a functioning return address and opt-out mechanisms, and any harm caused thereby. *See, e.g.*, *Neely*, 584 F.2d at 346.

### 4. The Undisputed Evidence Confirms That Facebook Was Not "Adversely Affected By" The Email

The evidence confirming that Facebook suffered no damage or loss (*see supra* Dispositive Fact #3: Facebook suffered no damage or loss) deprives Facebook of standing to assert any CAN-SPAM claim. The CAN-SPAM standing inquiry involves three distinct elements: namely, (i) whether the plaintiff is an Internet access service provider ("ISP"), (ii) who was "adversely affected," (iii) "by a violation of . . . or a pattern or practice that violates [the Act]." 15 U.S.C. § 7706(g)(1). Thus, to pursue a private right of action under CAN-SPAM, an ISP must demonstrate that it has been "adversely affected by" violations of the statute. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1052-53 (9th Cir. 2009).

CAN-SPAM does not list specific examples of harm that satisfy the "adversely affected" requirement. *See id.* at 1053. "At minimum, however, the harm must be both real and of the type experienced by ISPs." *Id.* (affirming summary judgment dismissal of CAN-SPAM claims based on plaintiff's lack of standing for failure to show an adverse effect from the alleged statutory violations). Thus, the harms redressable under CAN-SPAM should reflect those types of harms "uniquely encountered by" ISPs including "network crashes, higher bandwith utilization, and

NOTICE OF MOTION, MOTION AND MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Case No. 5:08-cv-05780 JW

ER 164

15

increased costs for hardware and software upgrades, network expansion and additional personnel." *Id.* at 1054. Moreover, "the harm must be of significance to a *bona fide* [ISP]—something beyond the mere annoyance of spam and greater than the negligible burdens typically borne by an [ISP] in the ordinary course of business." *Id.* For example, "evidence of some combination of operational or technical impairments and related financial costs attributable to unwanted commercial e-mail would suffice." *Gordon*, 575 F.3d at 1054. However, the ordinary costs and burdens associated with operating an Internet access service do not constitute harm upon which standing can rest. *See id.*

Facebook failed to produce any evidence of harm upon which standing may be predicated. Facebook did not submit evidence demonstrating network crashes or other harm relating to bandwith utilization, hardware, network integrity, overhead costs, fees, staffing or equipment costs. *See Gordon*, 575 F.3d at 1055-56. Moreover, any argument that standing exists merely because Facebook employees may have worked on issues related to this case would be precluded by controlling law. *See ASIS Internet Servs. v. Azoogle.com, Inc.*, 357 Fed.Appx. 112, 113-114 (9th Cir. 2009) (holding ISP was not adversely affected by CAN-SPAM violations and lacked standing to sue where ISP argued harm based on employee time devoted to spam issues). In any event, Facebook has not submitted employee records or any other evidence detailing time spent or efforts of its employees concerning these matters.

### B. Facebook Lacks Evidence To Support Essential Elements Of Its CFAA Claim (Claim 2)

Count 2 generally alleges a violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030. Complaint ¶¶ 104-09. Facebook does not expressly identify which subsection of § 1030 it bases its claim on, but a generous reading of the complaint appears to describe a violation of § 1030(a)(4), which prohibits unauthorized access to a protected computer. To establish liability under § 1030(a)(4), Facebook must present evidence that Power: (i) accessed a "protected computer," (ii) without authorization or exceeding such authorization that was granted, (iii) "knowingly and with intent to defraud," and thereby (iv) "further[ed] the intended fraud and obtain[ed] anything of value," (v) aggregating at least $5,000 in value in any 1-year period. 18

NOTICE OF MOTION, MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Case No. 5:08-cv-05780 JW

ER 165

16

U.S.C. § 1030(a)(4). Facebook has failed to produce evidence sufficient to raise a genuine dispute that Power acted without authorization, had intent to defraud, or obtained anything of value.

### 1. The Undisputed Evidence Confirms Power Did Not Access Facebook Without Authorization

This Court has already found that "Power did not act 'without permission' within the meaning of Section 502 when Facebook account holders utilized the Power website to access and manipulate their user content on the Facebook website, even if such action would violate Facebook's Terms of Use." *See* 7/20/10 Order at 18, Docket Entry No. 89, Fisher Decl. Exh. G. The Court, however, held open the possibility that Facebook could establish that Power acted "without permission" by providing its users with tools "designed to circumvent the technical barriers that Facebook put in place to block Power's access to the Facebook website." *Id.* at 19. To date, Facebook has produced no evidence to support its circumvention theory. And Power has refuted that theory through the declaration of Mr. Vachani.

According to Mr. Vachani, "[a]t some time during December 2008 Facebook began blocking one of the IP addresses Power had used." Vachani Decl. ¶ 11. "Power did not undertake any effort to circumvent that block, and did not provide users with any tools designed to circumvent it." *Id.* "Nevertheless, Facebook's IP block was ineffective because it blocked only one outdated IP address Power had used, and did not block other IPs that Power was using in the normal course of business." *Id.* "After the IP blocking, Power undertook efforts to implement Facebook Connect as Facebook had requested." *Id.*; *see also* Avalos Decl. Exh. 1 (Docket 57-1) (December 2008 correspondence concerning the parties' negotiations over the implementation of Facebook Connect, and Power's diligent efforts to do so), submitted herewith as Fisher Decl. Exh. H. "When negotiations with Facebook over the implementation of Facebook Connect broke down, Power turned off our Facebook integration completely. We did not circumvent any technical barriers. And we voluntarily turned off the integration even though Facebook's IP blocking attack was partial, incomplete, and ineffective." Vachani Decl. ¶ 12.

NOTICE OF MOTION, MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Case No. 5:08-cv-05780 JW

ER 166

17

### 2. The Undisputed Evidence Confirms Power Did Not Obtain Anything Of Value From Facebook's Computers

To prevail on its CFAA claim, Facebook must prove that Power obtained something of value worth more than $5,000 in any one-year period. *See* 18 U.S.C. § 1030(a)(4). Facebook's complaint alleged that Power's conduct "caused a loss to Facebook during a one-year period in excess of $5,000." Complaint ¶ 109. That allegation is false. *See supra* Dispositive Fact # 3: Facebook suffered no damage or loss. The complaint does not identify anything of value that Power is alleged to have obtained from Facebook's computers. Nor has Facebook produced any evidence that Power obtained anything of value from its computers. This case is thus distinguishable from *Multiven, Inc. v. Cisco Systems, Inc.*, 725 F.Supp.2d 887 (N.D. Cal. 2010), where "Cisco present[ed] evidence that Cisco's operating software valued at over $14,000 was subject to unauthorized downloads, resulting from unauthorized intrusions into Cisco's secure website." *Id.* at 895. The website at issue here was public, and was accessed by authorized users entering their own valid account usernames and passwords. *See* Vachani Decl. ¶ 10 ("Power did not access any nonpublic portion of Facebook's website. Power merely offered users a different and potentially superior browser through which they could access their Facebook accounts to copy, update, and/or port their own 'User Content.' And users did so by entering their own valid usernames and passwords, which Power never copied or stored for any purpose."). Furthermore, "Power did not obtain any software, data, or other content of value from Facebook. The only data accessed through Power's utilities were user's own 'User Content,' over which Facebook has disclaimed any ownership." *Id.*

### 3. The Undisputed Evidence Confirms Power Had No Intent To Defraud

To prevail on its CFAA claim, Facebook must prove that Power acted "with intent to defraud," and committed conduct designed to "further[] the intended fraud." 18 U.S.C. § 1030(a)(4). But Facebook failed to produce evidence that anyone was misled, or that Power had any intend to defraud. *See supra* Dispositive Fact # 2: No one was misled. And Mr. Vachani's declaration denies any intent to defraud:

NOTICE OF MOTION, MOTION AND MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Case No. 5:08-cv-05780 JW

ER 167

18

> The only intended use and the only actual use of the Power browser
> was to display the user's own Facebook account and to enable the
> user to copy and/or update the user's own "User Content." We had
> no scheme to defraud, deceive or extort anyone. Nor could the
> Power browser be used for such a scheme. Nor, to my knowledge,
> was the Power browser used for such a scheme.

Vachani Decl. ¶ 13. Facebook's inability to muster a single document evidencing anyone who claims to have been misled, or to name a single person who was misled, or who complained about anything Power did, confirms that there is no genuine dispute with respect to the facts recited in Mr. Vachani's declaration. There is no evidence that Power intended to defraud, or committed any act to further such fraud.

### C. Facebook Lacks Evidence To Support Essential Elements Of Its Penal Code § 502 Claim (Claim 3)

Count 3 asserts claims under California Penal Code § 502(c)(1)-(4) and (7). *See* Complaint ¶¶ 113-18. Each of those claims fails because Power produced no evidence that Facebook accessed its computers "without permission," and no evidence that Facebook suffered any damage or loss.

#### 1. The Undisputed Evidence Confirms Power Did Not Access Or Use Facebook "Without Permission"

To prevail on any of its § 502 claims, Facebook must prove that Power accessed its computers "without permission." *See* California Penal Code § 502(c)(1)-(4) and (7). Facebook has not produced evidence sufficient to raise a genuine issue as to this element for the same reasons as those set forth in Part IV.B.1, *supra*.

#### 2. The Undisputed Evidence Confirms Facebook Lacks Standing Because It Suffered No Damage Or Loss

Standing to assert a civil claim under § 502 is conferred only to "the owner or lessee of the computer, computer system, computer network, computer program, or data who suffers damage or loss by reason of a violation." Penal Code § 502(e). Thus, to prevail on any of its § 502 claims, Facebook bears the burden to prove that it suffered "damage or loss." Before any discovery had been taken, Power moved for summary judgment on this issue based on the 1/15/10 Declaration of Steven Vachani. The Court denied that motion, reasoning that "Since information regarding Facebook's technical measures, and the cost Facebook expended implementing those measures, is likely to be in Facebook's possession and not Power's, the Court finds that Vachani's declaration

NOTICE OF MOTION, MOTION AND MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Case No. 5:08-cv-05780 JW

ER 168

19

alone cannot defeat Plaintiff's standing." *See* 7/20/10 Order at 7-8, Docket Entry No. 89, Fisher

Decl. Exh. H. Now, however, Facebook's alleged "damage or loss" has been probed in discovery

and demonstrated to be nonexistent. Facebook was unable to produce any document evidencing

such an injury or expenditure. *See* Fisher Decl. Exhs. A and F (Power's document requests and

Facebook's responses thereto); *see also supra* Part I (discussing same). Thus the evidence the

Court contemplated in its prior order does not exist. *See supra* Part II.C. (Dispositive Fact # 3:

Facebook suffered no damage or loss); Part IV.A.4 (discussing evidence confirming Facebook was

not "adversely affected" by alleged CAN-SPAM violations); Part IV.B.3 (discussing evidence

confirming Power did not obtain anything of value from Facebook's computers).

## V. CONCLUSION

This is a lawsuit where no one was misled, where no user complained, and where Facebook

suffered no damage or loss. Yet the lawsuit has been pending for more than two years. Power has

produced all documents responsive to Facebook's discovery requests. Fisher Decl. ¶ 10 ("Power

answered Facebook's discovery requests on December 15, 2010 and produced all responsive

documents on February 3, 2011, promptly after the protective order was entered."). Facebook has

produced nothing, and the testimony of its principal witness, Craig Clark, confirms Facebook has

no evidence to support its claims. Power's motion for summary judgment on Facebook's three

remaining claims should be granted in its entirety.


Dated: May 6, 2011

Respectfully submitted,

BURSOR & FISHER, P.A.


By_____/s/_____
                    L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
2121 North California Blvd., Suite 1010
Walnut Creek, CA 94596
Telephone: (925) 482-1515
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com

-and-

NOTICE OF MOTION, MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Case No. 5:08-cv-05780 JW

ER 169

20

Scott A. Bursor (*pro hac vice*)
369 Lexington Avenue, 10th Floor
New York, NY  10017-6531
Telephone:  (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail:  scott@bursor.com

-and-

Alan R. Plutzik (State Bar No. 77785)
Michael S. Strimling (State Bar No. 96135)
2125 Oak Grove Road, Suite 120
Walnut Creek, CA  94598
Telephone:  (925) 945-0200
Facsimile:  (925) 945-8792
E-Mail:  aplutzik@bramsonplutzik.com
          mstrimling@bramsonplutzik.com

Attorneys for Defendants Power
Ventures, Inc. and Steve Vachani

NOTICE OF MOTION, MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Case No. 5:08-cv-05780 JW

ER 170

21

1   BURSOR & FISHER, P.A.
    L. Timothy Fisher (State Bar No. 191626)
2   2121 North California Blvd., Suite 1010
    Walnut Creek, CA 94596
3   Telephone: (925) 482-1515
    Facsimile: (925) 407-2700
4   E-Mail: ltfisher@bursor.com

5   BURSOR & FISHER, P.A.
    Scott A. Bursor (*pro hac vice*)
6   369 Lexington Avenue, 10th Floor
    New York, NY 10017
7   Telephone: (212) 989-9113
    Facsimile: (212) 989-9163
8   E-Mail: scott@bursor.com

9   BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
    Alan R. Plutzik (State Bar No. 077785)
10  Michael S. Strimling (State Bar No. 96135)
    2125 Oak Grove Road, Suite 120
11  Walnut Creek, CA 94598
    Telephone: (925) 945-0200
12  Facsimile: (925) 945-8792
    E-Mail: aplutzik@bramsonplutzik.com
13         mstrimling@bramsonplutzik.com

14
    Attorneys for Defendants Power
15  Ventures, Inc. and Steve Vachani

16
                    UNITED STATES DISTRICT COURT
17
                  NORTHERN DISTRICT OF CALIFORNIA
18

19  FACEBOOK, INC.,                          Case No. 5:08-cv-05780

20                              Plaintiff,   **DECLARATION OF STEVE**
                                             **VACHANI IN SUPPORT OF**
21  -against-                                **DEFENDANTS' MOTION FOR**
                                             **SUMMARY JUDGMENT**
22  POWER VENTURES, INC. d/b/a POWER.COM, a
23  California corporation; POWER VENTURES, INC.   Date: September 19, 2011
    a Cayman Island Corporation, STEVE VACHANI,    Time: 9:00 a.m.
24  an individual; DOE 1, d/b/a POWER.COM, an      Judge: Hon. James Ware
    individual and/or business entity of unknown nature;   Courtroom: 5 – 17th Floor
25  DOES 2 through 25, inclusive, individuals and/or
    business entities of unknown nature,
26
27                              Defendants.

28

I, Steve Vachani, declare:

1.      I am CEO of Power.com ("Power"). I make this declaration in support of Defendants' Motion for Summary Judgment. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify to the truth thereof.

2.      In its First Amended Complaint ("complaint"), Facebook accused Power of sending unsolicited email messages to Facebook users that were deceptive and misleading. Power did not send the email messages referenced in the complaint. Facebook sent those messages.

3.      Facebook allows its users to create "events," which Facebook then invites friends to attend. Facebook users can create an event using the "Create an Event" screen on Facebook's website. Facebook users can then select which friends should be invited to the events that they create using the "Invite Friends" screen on Facebook's website. After a user has created an event and selected his or her friends to be invited, Facebook sends the invitations by email. The screen captures in our accompanying memorandum of law are true and correct representations of the screens used in Facebook's event creation process, and an email invitation initiated by Facebook through the event creation process.

4.      Power did not send the email messages referenced in the complaint. Facebook did. Facebook solely determined the content of the "From:" field, and it supplied the closing signature from "The Facebook Team." Neither the user nor Power has any control over these elements of the email message.

5.      All of the content in these email messages that Facebook alleges to be misleading and false was written and appended to the message by Facebook itself. In fact, Facebook appends that very same text to every email communication it sends after an event is created. Even if the "From:" field and closing signature were misleading in any way, Power had no control over them.

6.      The specific email referenced in the complaint was generated by Facebook as a result of a Facebook user named "Nik" creating an event and selecting the friends to invite. It was Nik, not Power, that logged on to Facebook and created the event. It was Nik, not Power, that chose the friends he wished to invite. Nik could only send the invitation to other Facebook members who had agreed to "friend" Nik, and thus had expressly agreed to receive

communications from Nik. Facebook then sent an email to those friends on Nik's behalf. Power did not initiate this message. Power did not select the recipients to whom it was sent. And Power had no control over the content of the message or the header information. Only Facebook did. Facebook itself transmitted the message and the header information is accurate.

7.     Power had no control over the return electronic mail address. Only Facebook did. And Power had no ability to include any opt-out mechanism in the message. It was Facebook, and Facebook alone, that determined whether to include an opt-out mechanism in the message.

8.     Like Facebook, Power also has not received a single complaint from a Facebook user about any of the events in Facebook's complaint. No one complained to Power about the emails referenced in ¶ 92 of Facebook's complaint. Nor has anyone complained to Power about any of our activities related to Facebook. Nor has anyone claimed to have been misled by anything we did.

9.     Power did not transmit any email message to any Facebook account. Nor did Power make available any utility that would enable a user to transmit such messages.

10.     Power did not access any nonpublic portion of Facebook's website. Power merely offered users a different and potentially superior browser through which they could access their Facebook accounts to copy, update, and/or port their own "User Content." And users did so by entering their own valid usernames and passwords, which Power never copied or stored for any purpose. Furthermore, Power did not obtain any software, data, or other content of value from Facebook. The only data accessed through Power's utilities were user's own "User Content," over which Facebook has disclaimed any ownership.

11.     At some time during December 2008, Facebook began blocking one of the IP addresses Power had used. Power did not undertake any effort to circumvent that block, and did not provide users with any tools designed to circumvent it. Nevertheless, Facebook's IP block was ineffective because it blocked only one outdated IP address Power had used, and did not block other IPs that Power was using in the normal course of business. After the blocking, Power undertook efforts to implement Facebook Connect as Facebook had requested.

---

DECLARATION OF STEVE VACHANI
CASE NO. 5:08-CV-05780

ER 173          2

1    12.  When negotiations with Facebook over the implementation of Facebook Connect

2 broke down, Power turned off our Facebook integration completely. We did not circumvent any

3 technical barriers. And we voluntarily turned off the integration even though Facebook's IP

4 blocking attack was partial, incomplete, and ineffective.

5    13.  The only intended use and the only actual use of the Power browser was to display

6 the user's own Facebook account and to enable the user to copy and/or update the user's own

7 "User Content." We had no scheme to defraud, deceive or extort anyone. Nor could the Power

8 browser be used for such a scheme. Nor, to my knowledge, was the Power browser used for such a

9 scheme.

10    I declare under the penalty of perjury under the laws of the State of California that the

11 foregoing is true and correct, and that this Declaration was executed at Rio de Janeiro, Brazil this

12 6th day of May, 2011.

14                _Steve Vachani_

15                Steve Vachani

1  David Chiappetta, State Bar No. 172099
   dchiappetta@perkinscoie.com
2  Kaycie Wall, State Bar No. 226027
   kwall@perkinscoie.com
3  PERKINS COIE LLP
   101 Jefferson Drive
4  Menlo Park, California  94025
   Telephone:  650.838.4300 / Facsimile:  650.838.4350
5
   James McCullagh, *pro hac vice application to follow*
6  jmccullagh@perkinscoie.com
   Joseph Cutler, *pro hac vice application to follow*
7  jcutler@perkinscoie.com
   PERKINS COIE LLP
8  1201 Third Avenue, Suite 4800
   Seattle, Washington  98101
9  Telephone:  206.359.8000 / Facsimile:  206.359.9000

10 Attorneys for Plaintiff
   FACEBOOK, INC.

11            UNITED STATES DISTRICT COURT

12          NORTHERN DISTRICT OF CALIFORNIA

13                 SAN JOSE DIVISION

14 FACEBOOK, INC., a Delaware            Case No. C-08-05780-JF
   corporation,
15                                        **FIRST AMENDED COMPLAINT FOR:**
                        Plaintiff,
16                                        **1) VIOLATION OF CONTROLLING THE**
          v.                             **ASSAULT OF NON-SOLICITED**
17                                        **PORNOGRAPHY AND MARKETING ACT OF**
   POWER VENTURES, INC. d/b/a            **2003, 15 U.S.C. § 7701, *et seq.*;**
18 POWER.COM, a California
   corporation; POWER VENTURES,          **2) VIOLATION OF THE COMPUTER FRAUD**
19 INC.  a Cayman Island Corporation;    **AND ABUSE ACT, 18 U.S.C. § 1030, *et seq.*;**
   STEVEN VACHANI, an individual;
20 DOE 1, d/b/a POWER.COM, an            **3) VIOLATION OF THE CALIFORNIA**
   individual and/or business entity of  **COMPREHENSIVE COMPUTER DATA ACCESS**
21 unknown nature; DOES 2 through 25,    **AND FRAUD ACT, CALIFORNIA PENAL CODE**
   inclusive, individuals and/or business **SECTION 502;**
22 entities of unknown nature,
                                         **4) COPYRIGHT INFRINGEMENT, 17 U.S.C. §**
23                      Defendants.       **101, *et seq.*;**

24                                        **5) VIOLATION OF THE DIGITAL MILLENNIUM**
                                         **COPYRIGHT ACT, 17 U.S.C. § 1201, *et seq.*;**
25
                                         **6) TRADEMARK INFRINGEMENT, 15 U.S.C. §§**
26                                        **1114 and 1125(a);**

27                                        **7) TRADEMARK INFRINGEMENT UNDER**
                                         **CALIFORNIA LAW;**
28
                                         **8) UNLAWFUL, UNFAIR, AND FRAUDULENT**
                                         **COMPETITION UNDER CALIFORNIA**
                                         **BUSINESS & PROFESSIONS CODE § 17200**

                                         **DEMAND FOR JURY TRIAL**

For its complaint, Facebook, Inc. ("Facebook") alleges as follows:

**I.    INTRODUCTION**

1.    This action arises from Defendants' infringement of Facebook's trademarks and copyrights, their unauthorized solicitation, storage and use of Facebook users' login information to gain unauthorized access to Facebook's protected computer network and the unauthorized use of Facebook user accounts to send unsolicited commercial messages to other Facebook users.

2.    Facebook developed and operates one of the most popular social networking sites on the Internet that connects people with their friends, family and coworkers.  Facebook allows users to join networks and to "friend" other users and thereby creates online communities of users with shared interests and connections.  Facebook's widespread popularity, which now includes more than 132 million active users worldwide, is at least partially the result of the sophisticated methods of communication available on Facebook's website.

3.    In addition to providing users with great flexibility in ways to communicate with their friends, Facebook is dedicated to protecting the privacy and security of its users.  Facebook tightly controls access to its network, and implements a variety of features in order to protect the privacy and security of its users' personal information.  One such security measure is the prohibition of soliciting or sharing user login information (i.e. username and password).

4.    Facebook operates an "open development" platform called "Facebook Connect" that permits third party software developers to create applications that run on Facebook's website. Facebook grants developers interested in integrating their applications with Facebook a limited license to access Facebook's website.  This limited license is conditioned on developers' compliance with specified development protocols and procedures for implementing Facebook Connect and accessing information stored on Facebook computers.  The development protocols and procedures, including the requirement that third parties never solicit, collect, or store Facebook usernames or passwords, are intended to ensure the integrity of the Facebook website and interoperability of all Facebook applications.

5.    Defendants operate a website accessible at http://power.com, which offers to integrate multiple social networking accounts into a single experience on Defendants' website.

- 2 -

FIRST AMENDED COMPLAINT
60406-0005.0036/LEGAL15115748.5

ER 176

1  Defendants have knowingly and willfully disregarded Facebook's protocols and procedures for

2  accessing information stored on Facebook computers and are offering a product that solicits,

3  stores, and uses Facebook login information to access information stored on Facebook computers

4  without authorization and to display Facebook copyrighted material without permission.

5  Defendants are also infringing upon Facebook's trademark by displaying and using the Facebook

6  trademark without authorization in a manner that is likely to confuse consumers into wrongly

7  believing that Defendants' services are affiliated with, sponsored by, or endorsed by Facebook.

8  In addition to these injurious activities, Defendants are also inducing Facebook users to provide

9  them with email addresses of their Facebook contacts ("Friends") for the purpose of sending

10  unsolicited commercial messages that purposefully and falsely state that they come from "The

11  Facebook Team."

12      6.      Defendants have ignored Facebook's requests to respect its intellectual property

13  rights, to cease its unauthorized access of Facebook's computer system and to stop interfering

14  with its relationships with its users.  In fact, Defendants essentially admit that their activities

15  violate Facebook's rights, and they have informed Facebook that they made a "business decision"

16  to continue these malicious activities.

17      7.      Facebook, through this lawsuit, seeks to immediately stop Defendants from their

18  continuing injurious actions, from which Facebook has suffered irreparable and incalculable

19  harm, and which will continue unless Defendants are enjoined from further abuse of Facebook's

20  trademarks and copyrighted material and unauthorized access to Facebook's protected computers.

21                          **II.      PARTIES**

22      8.      Plaintiff Facebook is a Delaware corporation with its principal place of business in

23  Palo Alto, California.

24      9.      Defendant Power Ventures, Inc. d/b/a Power.com is a corporation incorporated in

25  California, doing business in the State of California.

26      10.      Defendant Power Ventures, Inc. is a corporation incorporated in the Cayman

27  Islands, doing business in the State of California.  Facebook is informed and believes, and based

28

- 3 -

1   thereon, alleges that Power Ventures, Inc. directed, conducted, participated in, ratified, endorsed,

2   or was otherwise involved in the acts complained of and has liability for such acts.

3         11.     Defendant Steven Vachani ("Vachani") is an individual who conducts business in

4   the State of California and, on information and belief, is domiciled in this judicial district.

5   Vachani purports to be the CEO of Power.com. Facebook is informed and believes, and based

6   thereon, alleges that Vachani directed, conducted, participated in, ratified, endorsed, or was

7   otherwise involved in the acts complained of and that he has liability for such acts.

8         12.     Defendant Doe 1 d/b/a Power.com is an individual or entity that operates and/or

9   controls the website located at http://power.com and does business as Power.com. Doe 1 engaged

10  in and is responsible in whole or in part for the wrongdoing alleged herein. Facebook is ignorant

11  of the true name of Doe 1, which is a fictitious name. Facebook will amend this First Amended

12  Complaint if and when the identity of Doe 1 becomes known.

13        13.     Does 2-25 are persons or entities responsible in whole or in part for the

14  wrongdoing alleged herein. Facebook is informed and believes, and based thereon, alleges that

15  Does 2 -5 individually directed, conducted, participated in, ratified, endorsed, or were otherwise

16  involved in the acts complained of, and that they have liability for such acts. Facebook is

17  ignorant of the true names of Does 2-25, which are fictitious names. Facebook will amend this

18  First Amended Complaint if and when the identities of such persons or entities and/or the scope

19  of their actions become known.

20        14.     Defendants Power Ventures, Inc. d/b/a Power.com, Power Ventures, Inc., Vachani

21  and the Doe Defendants are referred to collectively in this First Amended Complaint as

22  "Defendants."

23           **III.    JURISDICTION AND VENUE**

24        15.     This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331

25  because this action alleges violations of federal statutes, including the Computer Fraud and Abuse

26  Act (18 U.S.C. § 1030), the Copyright Act (17 U.S.C. 101), the Digital Millennium Copyright

27  Act (17 U.S.C. 1201); and the Lanham Act (15 U.S.C. 1114 and 1125(a)). The Court has

28  supplemental jurisdiction over the remaining claims under 29 U.S.C. § 1367.

FIRST AMENDED COMPLAINT
60406-0005.0036/LEGAL15115748.5

16.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims raised in this lawsuit occurred in this District.

17.     Jurisdiction and venue are also proper in this Court under California Penal Code § 520(j), which states: "For purposes of bringing a civil or a criminal action under this section, a person who causes, by any means, the access of a computer, computer system, or computer network in one jurisdiction from another jurisdiction is deemed to have personally accessed the computer, computer system, or computer network in each jurisdiction."

18.     During all relevant times, Defendants have repeatedly, knowingly, and intentionally solicited Facebook usernames and passwords from Facebook users, and accessed or permitted access to Facebook servers located in this judicial district without Facebook's authorization.  While accessing Facebook servers, Defendants made systematic and continuous contacts with this judicial district, and has targeted its wrongful acts at Facebook, which is headquartered in this judicial district.

**IV.     INTRADISTRICT ASSIGNMENT**

19.     Assignment to the San Jose Division of this Court is appropriate under Civil L.R. 3-2, in that the claims asserted herein arose in the county of Santa Clara.  Facebook is headquartered in the county of Santa Clara, and it has servers located at several locations in this county.

**V.     FACTS AND BACKGROUND**

**A.     Facebook Background**

20.     Facebook owns and operates the widely popular social networking website located at http://www.facebook.com.  Facebook currently has more than 132 million active users.

21.     To access its computer network and social networking website, Facebook requires each user to register with a unique username and password.  Only registered users may access Facebook user profiles or use the Facebook service and/or applications.

22.     Registered users customize their user profile by adding content such as personal information, content related to their interests, and photographs, which can then be shared with other Facebook users with whom the user has a Facebook connection.

- 5 -

23.    Facebook user profiles are available for viewing and Facebook users may be contacted only by Facebook or other registered Facebook users.

24.    Users increase the number of Facebook connections by joining networks of users with shared interests, by inviting other Facebook users to be their "friends" or by accepting "friend" invitations from other users.   A Facebook user cannot add a "friend" to his or her profile until the friend consents to being added to the user's friend list.  In this manner, Facebook's website creates a virtual social network of interconnected profiles.

25.    Facebook permits users to control access to different portions of their profile to the user's friends, friends of friends, the user's networks, or a subset of these groups.  The ability to control access to certain parts of a user's profile, including messaging options, minimizes unwanted communications and increases the security of Facebook communications.

26.    Secure communication between Facebook users is vital to the integrity of Facebook's proprietary computer network as well as to the level of confidence that users have in using Facebook.  Facebook does not tolerate or permit the use of its service or site for sending unsolicited commercial messages ("spam").

27.    Facebook grants third parties a limited license to create applications that interact with Facebook's proprietary network, provided that these applications adhere to a standardized set of protocols and procedures and that the third party developers agree to Facebook's Developer Terms of Service, Facebook Terms of Use, and all other applicable Facebook Terms and Policies. Among the reasonable limitations that Facebook places on developers is the prohibition of applications that:

a.    request, collect, solicit or otherwise obtain access to usernames, passwords or other authentication credentials from any Facebook Users, or [] proxy authentication credentials for any Facebook Users for the purposes of automating logins to the Facebook Site;

b.    interfere or attempt to interfere in any manner with the functionality or proper working of the Facebook Site or Facebook Platform, or any portion or feature of either; and

- 6 -

1          c.      engage in spamming or other advertising or marketing activities that

2   violate any applicable laws, regulations or generally-accepted advertising industry guidelines.

3          28.     Facebook permits integration with third party websites, and even permits exchange

4   of proprietary data with third party websites, provided that the third party website uses

5   Facebook's "Connect" service, which allows users to "connect" their Facebook identity, friends

6   and privacy to any site using a trusted authentication interface.  This interface ensures that

7   Facebook users only provide their login information to Facebook, and that this sensitive

8   information is stored only on Facebook's secure servers – not the servers of the third party

9   websites.  By offering Facebook Connect, Facebook enables users to integrate with other sites

10  without compromising Facebook's commitment to safeguard its users' privacy and security.

11  Facebook does not permit third party access to Facebook user profile data unless such third

12  parties use Facebook Connect.

13  **B.      Facebook's Terms of Use**

14         29.     Before Facebook activates a username and permits a user access to certain features

15  of the Facebook website, the user must agree to Facebook's Terms of Use, which set forth the

16  acceptable terms of use of its computer network and prohibit users from conducting certain

17  activities.  These Terms of Use are attached as Exhibit A and can also be found at:

18  http://www.facebook.com/terms.php?ref=pf.

19         30.     Facebook's Terms of Use require Facebook users to abide by certain rules of user

20  conduct, in which among other things, users agree that in their use of Facebook's Service or Site,

21  they will refrain from:

22         a.      soliciting personal information from anyone under 18 or soliciting

23  passwords or personally identifying information for commercial or unlawful purposes;

24         b.      using or attempting to use another's account, service or system without

25  authorization from Facebook, or creating a false identity on Facebook;

26         c.      using automated scripts to collect information from or otherwise interact

27  with the Facebook website;

28

- 7 -

1    d.    impersonating any person or entity, or falsely stating or otherwise

2 misrepresenting oneself;

3    e.    uploading, posting, transmitting, sharing or otherwise making available any

4 unsolicited or unauthorized advertising, solicitations, promotional materials, junk mail, spam,

5 chain letters, pyramid schemes or any other form of solicitation;

6    f.    harvesting or collecting email addresses or other contact information of

7 other users from Facebook by electronic or other means for purposes of sending unsolicited

8 emails or other unsolicited communications;

9    g.    registering for more than one User account or falsely stating or otherwise

10 misrepresenting oneself; and

11    h.    using Facebook's website for commercial use without the express

12 permission of Facebook.

13    31.    Facebook users who agree to Facebook's Terms of Use enjoy a limited license to

14 access and use Facebook's website and services.  However, "[a]ny use of the Site or the Site

15 Content other than as specifically authorized herein, without the prior written permission of

16 Company, is strictly prohibited and will terminate the license granted herein."  Thus,

17 unauthorized use of Facebook's website terminates a user's license to access the site.

18 **C.    Facebook's Copyrights**

19    32.    Facebook's website is, by design, uniquely distinctive in its creative composition

20 and its comprehensive and user friendly interfaces.  Among the significant unique elements of the

21 Facebook website is the distinctive account registration and login page.

22    33.    Facebook's website embodies its promise to provide an easy to use, highly

23 interactive service that encourages individual expression and allows users to disseminate personal

24 information to a controlled group of friends through varying methods including news feeds, direct

25 messaging, status updates, wall-posts and forums.  The website, including its innovative, yet

26 accessible interfaces is fundamental to Facebook's reputation and garners substantial and valuable

27 goodwill with its users.

28

- 8 -

1    34.    As an online venture, the intellectual property related to the Facebook website is a

2    vital asset to Facebook.

3    35.    Facebook's website is a work of authorship protected by copyright law.

4    36.    Facebook owns all right, title and interest, including copyrights, in and to its

5    website.  The Facebook website is copyright protected under Registration No. VA-0001409016,

6    dated November 7, 2006, and entitled "Facebook homepage."

7    **D.    Facebook's Trademarks**

8    37.    Facebook also carefully protects its trademarks.

9    38.    Facebook owns all common law rights in the FACEBOOK mark.

10   39.    Facebook is also the owner of U.S. federal registrations: 3041791, 3122052 for the

11   FACEBOOK mark, covering, *inter alia,* "providing an online directory information service

12   featuring information regarding, and in the nature of, collegiate life, general interest, classifieds,

13   virtual community, social networking, photo sharing, and transmission of photographic images,

14   advertising and information distribution services…; providing on-line computer databases and

15   on-line searchable databases in the field of collegiate life, general interest, classifieds, virtual

16   community, social networking, photosharing, videosharing and transmission of photographic

17   images;" "providing online chat rooms and electronic bulletin boards for registered users for

18   transmission of messages concerning collegiate life, general interest, classifieds, virtual

19   community, social networking, photo sharing, and transmission of photographic images;"

20   "computer services, namely, hosting online web facilities for others for organizing and

21   conducting online meetings, gatherings, and interactive discussions;" and "internet based

22   introduction and social networking services."

23   40.    FACEBOOK has been used in commerce by Facebook since 2004.  Facebook's

24   use has been continuous and exclusive.

25   41.    Facebook has attained strong name recognition in the FACEBOOK mark.  The

26   mark has come to be associated with Facebook and identifies Facebook as the source of

27   advertising, information, online directory information, internet based introduction, online chat

28

- 9 -

FIRST AMENDED COMPLAINT
60406-0005.0036/LEGAL15115748.5

ER 183

1  rooms, bulletin boards, hosting online web facilities and social networking services offered in

2  connection with the mark.

3       42.    Facebook has also developed substantial goodwill in the FACEBOOK mark.

4       43.    Facebook's website is currently the leading social networking site based on the

5  number of unique visitors that visit its site each month.  In fact, it is one of the most visited

6  websites in the world, attracting over 132 million unique visitors in a month.

7       44.    The Facebook mark is among Facebook's most important and valuable assets.

8  **E.**     **Defendants' Unauthorized Activities**

9       45.    Power.com's website, located at http://power.com, induces visitors to surrender

10  their Facebook usernames and passwords in order to "integrate" their Facebook account into

11  Power.com's website.

12       46.    On information and belief, Defendants or individuals acting in concert with

13  Defendants, in developing and testing Power.com's website, registered for at least one Facebook

14  account and during all relevant times agreed to abide by Facebook's Terms of Use.

15       47.    At no time have Defendants received permission from Facebook to conduct any

16  commercial activity on Facebook's website.

17       48.    At no time have Defendants received permission from Facebook to use other

18  users' accounts to access Facebook's computer systems.

19       49.    On or before December 1, 2008, Power.com began advertising and offering

20  integration with Facebook's site.

21       50.    In order for a visitor to integrate a Facebook account into Power.com's website,

22  Power.com requires that users provide it with their Facebook username and password.

23       51.    Power.com stores these passwords outside of Facebook's network, and outside the

24  control of Facebook's security staff.

25       52.    Upon information and belief, on or before December 1, 2008, Power.com began to

26  "scrape" proprietary data from Facebook users who had given their login credentials as part of its

27  integration services.  This data was copied from Facebook's site and re-purposed and re-displayed

28  on Power.com's website.

FIRST AMENDED COMPLAINT
60406-0005.0036/LEGAL15115748.5

53.     At no time have Defendants received permission from Facebook to represent that solicitation of Facebook username and passwords was authorized or endorsed by Facebook.

54.     At no time have Defendants received permission from Facebook to use automated scripts to collect information from or otherwise interact with the Facebook's website or to access Facebook's computers for the purpose of scraping user data from Facebook and displaying it on Power.com's website.

55.     Defendants' actions are knowing, intentional, willful, malicious and fraudulent.

56.     Upon information and belief, Defendants do not disclose to their customers that their services are unlawful and violate the Facebook Terms of Use.  Indeed, Defendants knowingly, willfully, intentionally, fraudulently and maliciously induce, encourage and assist Facebook users in abusing the Facebook system and violating Facebook's Terms of Use.

**1.     Facebook Notified Power.com of Its Unauthorized and Unlawful Activity**

57.     Facebook notified Defendant Vachani on December 1, 2008, that Power.com's access of Facebook's website and servers was unauthorized and violated Facebook's rights, including Facebook's trademark, copyrights, and business expectations with its users.

58.     On December 12, 2008, Defendant Vachani responded to Facebook's notice by promising that Power.com would "implement Facebook connect on our main login page and work with the capabilities of Facebook connect for the login to our site."  He also promised that Power.com would "delete any Facebook friend information we currently have."  He "estimate[d] that it [would] take 2 weeks to completely finish this integration with Facebook connect and shift the user experience for our current users."

59.     On December 15, 2008, Facebook communicated its acknowledgement of Defendant Vachani's promise to have Facebook Connect integrated into Power.com's website within two weeks (by December 26), and to purge and delete any Facebook information that Power.com already had.

60.     On December 17, 2008, Defendant Vachani for the first time communicated his concern that Power.com might not be able to integrate Facebook Connect fully by the December 26, 2008 deadline, and asked for an extension of time to integrate Facebook Connect.

- 11 -

61.     On December 22, 2008, Defendant Vachani further responded to Facebook that Power.com intended to comply with the December 26, 2008 deadline to take down all integration services with Facebook.com, remove all Facebook trademarks from Power.com's website, and purge and destroy any ill-gotten data, including user login information, even if it had not fully integrated Facebook Connect as a replacement solution.

62.     However, despite his earlier promises, after close of business on Friday December 26, 2008, Defendant Vachani sent an email to Facebook's counsel expressing for the first time Power.com's "business decision" to continue its website's unauthorized use of Facebook user login credentials and unauthorized access to Facebook's computers until it was able to fully implement Facebook's Connect service.  Defendant Vachani estimated that this would take more than five additional weeks to complete.

63.     Upon learning of Power.com's intent to continue accessing Facebook's computers without authorization, Facebook implemented technical measures to block access to the Facebook Site by Power.com.

64.     Upon information and belief, Defendants deliberately circumvented Facebook's technological security measures in order to continue Power.com's unlawful practice of accessing Facebook's computers systems without authorization and to thereby obtain proprietary information from Facebook.

**2.     Defendants Are Sending Unsolicited Commercial Messages to Facebook Users**

65.     On or before December 26, 2008, Power.com began a "Launch Promotion" that promises Power.com's website's users the chance to win one hundred dollars if they successfully invite and sign up the most new Power.com users.

66.     As part of this promotion, Power.com provides participants with a list of their Facebook friends, obtained without authorization by Power.com from Facebook, and asks the participant to select which of those friends should receive a Power.com invitation.  Power.com then sends unsolicited commercial emails to those friends.

67.     These unsolicited commercial emails are deceptive and misleading.

- 12 -

FIRST AMENDED COMPLAINT
60406-0005.0036/LEGAL15115748.5

68.     The "from" line of the emailed messages purports to come from "Facebook" and uses an "@facebookmail.com" address, not Power.com.

69.     The message, drafted by Power.com, is signed by "The Facebook Team," which is both misleading and false.

70.     An example of one of these unsolicited messages is included here:

**From: Facebook <eventmaster+z0s9a6jc@facebookmail.com>**
     **To:** [Redacted]
**Subject:** Nik [Redacted] invited you to the event "Bring 100 friends and win 100 bucks!"...
     **Date:** Tue, Dec 30, 2008 at 11:44 AM

```
Nik invited you to "Bring 100 friends and win 100 bucks!" on Friday, March 20
at 1:00am.

Nik says, "Bring 100 friends and win 100 bucks!".

Event: Bring 100 friends and win 100 bucks!
What: Reunion
Host: Power
Start Time: Friday, March 20 at 1:00am
End Time: Friday, March 20 at 11:55pm
Where: Power

To see more details and RSVP, follow the link below:
http://www.facebook.com/n/?event.php&eid=[redacted]

Thanks,
The Facebook Team
___

Want to control which emails you receive from Facebook? Go to:

http://www.facebook.com/editaccount.php?notifications&md=ZXZlbnRfaW52aXRlO2Zyb
209MTEzNTM3MDM4NztlaWQ9NDc0NjIwODYxODk89MTEwNzc2ODMyOA==
```

71.     The unsolicited commercial messages do not properly identify the initiators of the messages, nor do they provide clear or conspicuous notice that the messages are advertisements for Power.com, information on how recipients can opt-out of future messages, or a valid address that recipients can use to contact the Defendants.

72.     Power.com's offer of potential monetary compensation induces Facebook users to participate in Power.com's "Launch Promotion."  Power.com then sends these unsolicited messages to the user's Facebook friends.

73.    Defendants' use of a Facebook address to send these messages and deceptive sender and signature information is likely to confuse recipients and lead to the false impression that Facebook is affiliated with, endorses, or sponsors these messages.

**3.    Defendants Are Violating Facebook's Intellectual Property Rights**

74.    Upon information and belief, Defendants developed computer software and other automated devices and programs to access and obtain information from the Facebook website for aggregating services.

75.    Upon information and belief, Defendants accessed and copied the Facebook website (including but not limited to, creation of cached copies of the website) to develop, test, implement, use and provide Defendants' aggregating services.

76.    Defendants without authorization have used the famous FACEBOOK mark in commerce to advertise Defendants' services on the Internet in a manner likely to confuse consumers as to its association, affiliation, endorsement or sponsorship with or by Facebook

77.    Defendants' unauthorized use of the FACEBOOK mark includes, but is not limited to, use of the mark on Power.com's website to advertise its services and in unsolicited promotional emails sent to current Facebook users.

78.    Defendants' use of the FACEBOOK mark causes confusion and mistake and is likely to deceive customers and potential customers regarding the origin, affiliation, association, connection, and/or endorsement of Defendants' services and website with or by Facebook.

79.    At no time has Facebook authorized or consented to Defendants' use of the FACEBOOK mark or any other Facebook intellectual property.

80.    At no time has Facebook had any association, affiliation or connection with, or endorsed Defendants' services, Power.com's website or Defendants.  Specifically, Defendants' services are not authorized, approved, endorsed or sponsored by, or associated, affiliated or connected with Facebook, and Defendants and Power.com's website is not authorized, approved, endorsed, or sponsored by, or associated, affiliated or connected with Facebook.

81.    In using the FACEBOOK mark, Defendants have willfully and deliberately sought to profit from Facebook's pre-established goodwill and reputation.

- 14 -

82. Facebook has suffered significant harm to its reputation and goodwill due to Defendants' actions and will continue to suffer irreparable harm to its reputation and goodwill if Defendants' conduct is not enjoined.

83. Facebook has suffered economic damages in excess of $5,000, including effort and resources used to investigate and combat Defendants' unauthorized access to Facebook computers and sending of unsolicited commercial messages, to prevent further attacks and to locate and identify the Defendants.

84. Upon information and belief, Defendants willfully and maliciously engaged in unauthorized access to and appropriation of Facebook computers, servers, systems, networks and data, including network information, Facebook user information, and Facebook user login information.

85. Upon information and belief, Defendants willfully and maliciously sent deceptive and unsolicited commercial messages in order to trick Facebook users into believing that Facebook authorized Defendants' solicitation of their login credentials and to thereby profit from Defendants' unlawful spamming scheme.

86. Defendants benefited financially from their behavior while at the same time harming Facebook and its users.

## VI.  CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### VIOLATION OF CONTROLLING THE ASSAULT OF NON-SOLICITED PORNOGRAPHY AND MARKETING ("CAN-SPAM"), 15 U.S.C. § 7701, *et seq.*

87. Plaintiff Facebook realleges and incorporates by reference, as if fully set forth herein, the allegations in all the preceding paragraphs.

88. Facebook is a provider of Internet access service as defined in 15 U.S.C. § 7702(11) because it provides a service that enables users to access content, information, electronic mail, or other services offered over the Internet, and may also include access to proprietary content, information, and other services as part of a package to consumers.

89. Facebook's website and computers operate in interstate and foreign commerce and communication and are therefore protected computers under 15 U.S.C. § 7702(13).

- 15 -

90.    Facebook's computers that operate the website are involved in interstate and foreign commerce and communication and are therefore protected computers under 15 U.S.C. § 7702(13).

91.    The electronic messages initiated by Defendants were "commercial" electronic messages because their primary purpose was the commercial advertisement or promotion of a commercial product or service (including content on an Internet website operated for a commercial purpose) as provided in 15 U.S.C. § 7702(2)(A).

92.    Defendants intentionally misled Facebook users by initiating the transmission of commercial electronic messages through Facebook's computers to Facebook users that contained header information that was materially false or misleading as to the true identity of the sender of the messages in violation of 15 U.S.C. § 7704(a)(3).

93.    Defendants initiated the transmission of commercial electronic messages, in a pattern or practice, through Facebook's computers to Facebook users, that did not contain a functioning return electronic mail address or other Internet-based opt-out mechanism in violation of 15 U.S.C. § 7704(a)(3).

94.    Defendants initiated the transmission of commercial electronic messages, in a pattern or practice, through Facebook's computers to Facebook users, that did not contain clear and conspicuous identification that the messages were advertisements or solicitations, clear and conspicuous notice of the opportunity to decline to receive further commercial emails from the sender, and a valid physical postal address of the sender in violation of 15 U.S.C. § 7704(a)(5).

95.    Defendants initiated the transmission of commercial electronic messages, in a pattern or practice, through Facebook's computers to Facebook users, that contained "from" lines that were misleading regarding the actual sender of the message and misleading regarding Facebook's connection to the messages in violation of 15 U.S.C. § 7704(a)(2).

96.    Facebook is informed and believes, and based thereon alleges, that Defendants initiated the transmission of the misleading commercial electronic messages with actual knowledge, or knowledge fairly implied on the basis of objective circumstances, that the

- 16 -

FIRST AMENDED COMPLAINT
60406-0005.0036/LEGAL15115748.5

ER 190

1  messages' subject heading would be likely to mislead a recipient, acting reasonably under the

2  circumstances.

3      97.    Facebook is informed and believes, and based thereon alleges, that Defendants

4  initiated the transmission of commercial electronic messages, in a pattern or practice, through

5  Facebook's computers to Facebook users, that are misleading and unlawful under 15 U.S.C.

6  § 7704(a), as alleged above, or assisted in the origination of such messages through the

7  unauthorized relay or retransmission of the messages as defined in 15 U.S.C. § 7704(b)(3).

8      98.    Defendants have caused Facebook harm by deterring users and potential users

9  from using Facebook; by damaging Facebook's goodwill and reputation with its customers; and

10  by causing other injuries to Facebook.

11     99.    Facebook is entitled to an injunction prohibiting further violations of CAN-SPAM

12  by Defendant as provided by 15 U.S.C. § 7706(g)(1)(A), since it will continue to suffer

13  immediate and irreparable harm if Defendants' conduct is not enjoined. Facebook has no

14  adequate remedy at law.

15     100.   Facebook is entitled to the greater of its actual monetary loss or statutory damages

16  as provided by 15 U.S.C. § 7706(g)(1)(B), in an amount to be proven at trial.

17     101.   Facebook is entitled to an award of aggravated damages in an amount equal to

18  three times the amount otherwise available pursuant to 15 U.S.C. § 7706(g)(3)(C) because

19  Defendants violated CAN-SPAM willfully and knowingly and because Defendants' unlawful

20  activity included one or more of the aggravated violations set forth in 15 U.S.C. § 7704(b).

21     102.   Facebook is entitled to reasonable costs, including reasonable attorneys' fees as

22  provided by 15 U.S.C. § 7706(g)(4).

23                          **SECOND CLAIM FOR RELIEF**
24  **VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030,** *et seq.*

25     103.   Plaintiff Facebook realleges and incorporates by reference, as if fully set forth

26  herein, the allegations in all the preceding paragraphs.

27     104.   Facebook's computers are involved in interstate and foreign commerce and

28  communication, and are protected computers under 18 U.S.C. § 1030(e)(2).

- 17 -

1        105.    On information and belief, Defendants knowingly and intentionally accessed

2  Facebook's computers without authorization or in excess of authorization as defined by

3  Facebook's Terms of Use.

4        106.    On information and belief, after gaining unauthorized access to Facebook servers,

5  Defendants obtained and used valuable information from Facebook's protected computers in

6  transactions involving interstate or foreign communications.  This information included, among

7  other things, Facebook users' friend lists, and the means of sending messages to those friends.

8  The use included sending unauthorized messages from Facebook user accounts without

9  authorization and copying proprietary Facebook data and re-displaying it on Power.com's

10  website.

11        107.    Defendants knowingly, willfully, and with an intent to defraud accessed

12  Facebook's computers without authorization or in excess of authorization and obtained valuable

13  information from Facebook's computers that, on information and belief, Defendants used to

14  obtain something of value.

15        108.    Defendants knowingly, willfully, and with an intent to defraud trafficked in login

16  information through which computers were accessed without authorization, affecting interstate

17  commerce.

18        109.    Defendants' conduct has caused a loss to Facebook during a one-year period in

19  excess of $5,000.

20        110.    Facebook has been damaged by Defendants' actions, including being forced to

21  expend resources to investigate the unauthorized access and abuse of its computer network.

22  Facebook seeks compensatory and other equitable relief under 18 U.S.C. § 1030(g) in an amount

23  to be proven at trial.

24        111.    Facebook has suffered irreparable and incalculable harm and injuries resulting

25  from Defendants' conduct, which harm will continue unless Defendants are enjoined from further

26  unauthorized use of Facebook's protected computers.  Facebook has no adequate remedy at law.

27

28

FIRST AMENDED COMPLAINT
60406-0005.0036/LEGAL15115748.5

**THIRD CLAIM FOR RELIEF**
**CALIFORNIA COMPREHENSIVE COMPUTER DATA ACCESS**
**AND FRAUD ACT, CALIFORNIA PENAL CODE § 502**

112.    Plaintiff Facebook realleges and incorporates by reference, as if fully set forth herein, the allegations contained in all the preceding paragraphs.

113.    Defendants knowingly accessed and without permission used Facebook data, computers, computer systems and/or computer network in order to devise and/or execute a scheme to defraud and deceive in violation of California Penal Code § 502(c)(1).

114.    Defendants knowingly accessed and without permission took, copied, and/or used data from Facebook's computers, computer systems and/or computer network in violation of California Penal Code § 502(c)(2).

115.    Defendants knowingly and without permission used or caused to be used Facebook's computer services in violation of California Penal Code § 502(c)(3).

116.    Defendants knowingly and without permission accessed and added data to Facebook's computers, computer systems and/or computer network in violation of California Penal Code § 502(c)(4).

117.    Defendants knowingly and without permission accessed or caused to be accessed Facebook's computers, computer systems, and/or computer network in violation of California Penal Code § 502(c)(7).

118.    Facebook suffered and continues to suffer damage as a result of Defendants' violations of the California Penal Code § 502 identified above.

119.    Defendants' conduct also caused irreparable and incalculable harm and injuries to Facebook (including, but not limited to, Facebook's reputation and goodwill), and, unless enjoined, will cause further irreparable and incalculable injury, for which Facebook has no adequate remedy at law.

120.    Defendants willfully violated California Penal Code § 502 in disregard and derogation of Facebook's rights and the rights of legitimate Facebook users, and Defendants' actions as alleged above were carried out with oppression, fraud and malice.

- 19 -

1    121.    Pursuant to California Penal Code § 502(e), Facebook is entitled to injunctive

2    relief, compensatory damages, punitive or exemplary damages, attorneys' fees, costs and other

3    equitable relief.

4                            **FOURTH CLAIM FOR RELIEF**

5    **COPYRIGHT INFRINGEMENT (DIRECT VICARIOUS AND CONTRIBUTORY)**
     **17 U.S.C. § 101, *et seq.***

6    122.    Plaintiff Facebook realleges and incorporates by reference, as if fully set forth

7    herein, the allegations in all the preceding paragraphs.

8    123.    Plaintiff Facebook owns and has registered copyrights in its website.

9    124.    Defendants had and have access to Facebook's website.

10   125.    Defendants have copied and/or created derivative works from Facebook's website

11   and/or portions thereof, and continues to do so.

12   126.    Defendants' copies and/or derivative works are substantially similar to Facebook's

13   original copyright-protected website.

14   127.    The copies and/or derivative works created by Defendants are unauthorized.

15   128.    At all times relevant, Defendants obtained direct financial benefit from the

16   infringement and had the right and ability to control the infringing conduct, and/or intentionally

17   induced, encouraged, caused or materially contributed to the infringement.

18   129.    The foregoing acts of Defendants constitute direct infringement, vicarious

19   infringement, and/or contributory infringement of Facebook's exclusive rights in its copyrighted

20   works under 17 U.S.C. § 106.

21   130.    Upon information and belief, Defendants' actions were and are intentional, willful,

22   wanton and performed in disregard of Facebook's rights.

23   131.    Plaintiff Facebook has been and will continue to be damaged, and Defendants have

24   been unjustly enriched by, Defendants' unlawful infringement.

25   132.    Defendants' conduct also has caused irreparable and incalculable harm and

26   injuries to Facebook, and, unless enjoined, will cause further irreparable and incalculable injury,

27   for which Facebook has no adequate remedy at law.

28

- 20 -

133.    Plaintiff Facebook is entitled to the relief provided by 17 U.S.C. §§ 502-505, including but not limited to, injunctive relief, an order for the impounding and destruction of all of Defendants' infringing copies and/or derivative works, compensatory damages (including, but not limited to actual damages and/or Defendants' profits), statutory damages, punitive damages, and Facebook's costs and attorneys' fees in amounts to be determined at trial.

**FIFTH CLAIM FOR RELIEF**
**VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT ("DMCA")**
**17 U.S.C. § 1201, *et seq.***

134.    Plaintiff Facebook realleges and incorporates by reference, as if fully set forth herein, the allegations in all the preceding paragraphs.

135.    Plaintiff Facebook has registered copyrights in its website.

136.    Plaintiff Facebook employs numerous technological measures, including identification and blocking the IP addresses of known offenders.

137.    Defendants have circumvented and are circumventing technological measures that effectively control access to Facebook's copyrighted website and portions thereof.

138.    On information and belief, Defendants manufacture, import, provide, offer to the public, or otherwise traffics in technology, products, services, devices, components, or parts thereof, that are primarily designed or produced for the purpose of circumventing technological measures and/or protection afforded by technological measures that effectively control access to Facebook's copyrighted website and/or portions thereof.

139.    On information and belief, Defendants' technology products, services, devices, components or parts thereof, are primarily designed or produced for the purpose of circumventing technological measures and/or protection afforded by technological measures that effectively control access to Facebook's copyrighted website and/or portions thereof.

140.    On information and belief, Defendants' technology, products, services, devices, components, or parts thereof have no or limited commercially significant purpose or use other than to circumvent technological measures that effectively control access to the Facebook website and/or portions thereof.

- 21 -

1    141.    On information and belief, Defendants and/or others acting in concert with

2    Defendants market such technology, products, services, devices, components, or parts thereof

3    with Defendants' knowledge for use in circumventing technological measures that effectively

4    control access to Facebook's website and/or portions thereof.

5    142.    Facebook has been and will continue to be damaged in an amount not presently

6    known with certainty, but which will be proven at trial.

7    143.    Defendants' conduct also has caused irreparable and incalculable harm and

8    injuries to Facebook, and, unless enjoined, will cause further irreparable and incalculable injury,

9    for which Facebook has no adequate remedy at law.

10    144.    Facebook is entitled to the range of relief provided by 17 U.S.C. §§ 1201-1203,

11    including, but not limited to, injunctive relief, compensatory damages or statutory damages,

12    punitive damages, and Facebook's costs and attorneys' fees in amounts to be proven at trial.

13

14
<div align="center">

**SIXTH CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT, 15 U.S.C. §§ 1114 and 1125(a)**

</div>

15    145.    Plaintiff Facebook realleges and incorporates by reference, as if fully set forth

16    herein, the allegations in all the preceding paragraphs.

17    146.    Plaintiff Facebook owns U.S. federal registrations 3041791, 3122052 for the

18    FACEBOOK mark.  These registrations are in full force and effect and are enforceable.

19    147.    At all times relevant, Defendants exercised ownership or control over online

20    advertising for its products, services and websites, and knowingly cooperated in and/or induced

21    encouraged, enabled or aided the infringement of Facebook's trademark rights in online

22    advertising for its products, services and website.

23    148.    Defendants' use of the FACEBOOK mark in interstate commerce is likely to cause

24    customer confusion or to cause mistake or to deceive as to the origin of the products and services

25    offered and sold by Defendants and as to their affiliation, connection, or association with and/or

26    endorsement or approval by Facebook.

27

28

FIRST AMENDED COMPLAINT
60406-0005.0036/LEGAL15115748.5

149.    The foregoing acts of Defendants constitute false designation of association, affiliation, connection, endorsement and/or approval under 15 U.S.C. § 1125(a), and/or vicarious or contributory infringement of Facebook's rights under 15 U.S.C. § 1125(a).

150.    Defendants' actions also constitute the use in interstate commerce of a reproduction, counterfeit, copy, or colorable imitation of a registered trademark of Facebook in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion or mistake, or to deceive, in violation of 15 U.S.C. § 1114.

151.    Upon information and belief, Defendants have engaged in such false designation of origin, association, affiliation, connection, endorsement and/or approval knowingly, willfully, deliberately, and in conscious disregard of Facebook's rights, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

152.    Facebook has been damaged and will continue to be damaged, and Defendants have been unjustly enriched, by such unlawful conduct in an amount to be proven at trial.

153.    In addition, Defendants' conduct described herein has caused and, if not enjoined, will continue to cause irreparable damage to Facebook's rights in its marks, and to the business, positive reputation and goodwill of Facebook, which cannot be adequately compensated solely by monetary damages.  Facebook therefore has no adequate remedy at law and seeks permanent injunctive relief pursuant to 15 U.S.C. § 1116.

### SEVENTH CLAIM FOR RELIEF
### TRADEMARK INFRINGEMENT UNDER CALIFORNIA LAW

154.    Plaintiff Facebook realleges and incorporates by reference, as if fully set forth herein, the allegations in all the preceding paragraphs.

155.    Plaintiff Facebook owns common law rights in the FACEBOOK mark that date back to 2004.

156.    The acts and conduct of Defendants as alleged in the Sixth Claim for Relief immediately above constitute trademark infringement under the common law of California

- 23 -

**EIGHTH CLAIM FOR RELIEF**
**UNLAWFUL, UNFAIR, AND FRAUDULENT COMPETITION UNDER**
**CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, et seq.**

157.    Plaintiff Facebook realleges and incorporates by reference, as is fully set forth herein, the allegations in all the preceding paragraphs.

158.    The acts and conduct of Defendants as alleged above in this Complaint constitute unlawful, unfair, and/or fraudulent business acts or practices as defined by Cal. Bus. & Prof. Code § 17200 et seq.

159.    Defendants' acts of unlawful, unfair, and fraudulent competition have caused harm to competition, to consumers, and to its competitors.  Defendants' acts of unlawful, unfair, and fraudulent competition have proximately caused Facebook to suffer injury in fact and loss of money and/or property (including as a result of expenses that Facebook has incurred, and continues to incur, in its efforts to prevent and deter Defendants from engaging in unlawful conduct) in an amount to be proven at trial.  Defendants' acts of unlawful, unfair, and fraudulent competition also have caused irreparable and incalculable injury to Facebook, to the FACEBOOK mark and trade name and to the business and goodwill represented thereby, and, unless enjoined, could cause further irreparable and incalculable injury, whereby Facebook has no adequate remedy at law.

**VII.    PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff Facebook prays for the following relief:

A.    For injunctive relief, as follows:  A permanent injunction enjoining and restraining Defendants, and all persons or entities acting in concert with them, during the pendency of this action and thereafter perpetually from:

1.    soliciting and/or storing Facebook login information;

2.    accessing or attempting to access Facebook's website and computer systems;

3.    initiating unsolicited commercial electronic mail messages to Facebook users;

- 24 -

1        4.    procuring unsolicited commercial electronic mail messages to Facebook

2              users;

3        5.    displaying Facebook's trademark anywhere on their websites;

4        6.    engaging in any activity that disrupts, diminishes the quality of, interferes

5              with the performance of, or impairs the functionality of Facebook's

6              website; and

7        7.    engaging in any activity that violates Facebook's Terms of Use.

8    B.    An award to Facebook of damages, including but not limited to, compensatory,

9    statutory, and punitive damages, as permitted by law and in such amounts to be proven at trial.

10   C.    An award to Facebook of reasonable costs, including reasonable attorneys' fees.

11   D.    For pre and post-judgment interest as allowed by law.

12   E.    For such other relief as the Court may deem just and proper.

13

14   DATED:  January 13, 2009                    **PERKINS COIE** LLP

15

16                                              By:/s/_____
                                                     David P. Chiappetta

17                                              Attorneys for Plaintiff
                                                FACEBOOK, INC.

18

19

20

21

22

23

24

25

26

27

28

- 25 -

FIRST AMENDED COMPLAINT
60406-0005.0036/LEGAL15115748.5

1

## JURY DEMAND

2    Plaintiff hereby demands a trial by jury as to all issues so triable in this action.

3

4    DATED: January 13, 2009                    **PERKINS COIE** LLP

5

6    By:/s/_____
               David P. Chiappetta

7    Attorneys for Plaintiff
     FACEBOOK, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 26 -

FIRST AMENDED COMPLAINT
60406-0005.0036/LEGAL15115748.5

ER 200

ADRMOP,AO279,APPEAL,E-Filing,ENE,ProSe,REFDIS

# U.S. District Court
## California Northern District (San Jose)
## CIVIL DOCKET FOR CASE #: 5:08-cv-05780-LHK

Facebook, Inc. v. Power Ventures, Inc.
Assigned to: Hon. Lucy H. Koh
Referred to: Magistrate Judge Joseph C. Spero
Case in other court: Ninth Circuit, 13-16795
                     Ninth Circuit, 13-17102
                     Ninth Circuit, 13-17154
Cause: 15:1125 Trademark Infringement (Lanham Act)

Date Filed: 12/30/2008
Date Terminated: 09/25/2013
Jury Demand: Defendant
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**

**Facebook, Inc.**
*a Delaware corporation*

represented by **David P. Chiappetta**
Corrs Chambers Westgarth
GPO Box 9925
Melbourne, VIC 3001
+1-61-3-9672-3462
Email: david.chiappetta@corrs.com.au
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Indra Neel Chatterjee**
Orrick Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
650-614-7400
Fax: 650-614-7401
Email: nchatterjee@orrick.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph Perry Cutler**
Perkins Coie LLP
1201 Third Avenue
Suite 4800
Seattle, WA 98101-3099
206-359-8000
Fax: 206-359-9000
Email: JCutler@perkinscoie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jessica Susan Pers**
Orrick Herrington & Sutcliffe LLP
The Orrick Building

ER 201

405 Howard Street
San Francisco, CA 94105-2669
415-773-5700
Fax: 415-773-5759
Email: jpers@orrick.com
*TERMINATED: 06/24/2011*
*ATTORNEY TO BE NOTICED*

**Julio Cesar Avalos**
Orrick Herrington & Sutcliffe
1000 Marsh Road
Menlo Park, CA 94025
650-614-7400
Fax: 650-614-7401
Email: javalos@orrick.com
*TERMINATED: 06/24/2011*
*ATTORNEY TO BE NOTICED*

**Monte M.F. Cooper**
Orrick Herrington
1000 Marsh Road
Menlo Park, CA 94025
650-614-7400
Fax: 650-614-7401
Email: mcooper@orrick.com
*ATTORNEY TO BE NOTICED*

**Morvarid Metanat**
Orrick Herrington et al
1000 Marsh Road
Menlo Park, CA 94025
650-614-7400
Fax: 650-614-7401
Email: mmetanat@orrick.com
*TERMINATED: 02/20/2014*

**Robert Luis Uriarte**
Orrick
1000 Marsh Road
Menlo Park, CA 94025
(650) 289-7105
Email: ruriarte@orrick.com
*ATTORNEY TO BE NOTICED*

**Theresa Ann Sutton**
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
650-614-7400
Fax: 650-614-7401

Email: jakandjon@yahoo.com
*ATTORNEY TO BE NOTICED*

**Thomas J. Gray**
Orrick Herrington & Sutcliffe LLP
4 Park Plaza
Suite 1600
Irvine, CA 92614
949/567-6700
Fax: 949/567-6710
Email: tgray@orrick.com
*TERMINATED: 06/24/2011*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Power Ventures, Inc.**
*a Cayman Island Corporation*

represented by **Amy Sommer Anderson**
Aroplex Legal Services
156 2nd Street
San Francisco, CA 94105
415-602-8960
Fax: 415-520-0606
Email: anderson@aroplex.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott A. Bursor**
Bursor & Fisher P.A.
369 Lexington Avenue
10th Floor
New York, NY 10017-6531
212-989-9113
Fax: 212-989-9163
Email: scott@bursor.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Alan R. Plutzik**
Bramson Plutzik Mahler & Birkhaeuser,
LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
925-945-0200
Fax: 925-945-8792
Email: aplutzik@bramsonplutzik.com
*ATTORNEY TO BE NOTICED*

**Sarah Nicole Westcot**

Bursor and Fisher, P.A.
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
925-300-4455
Fax: 925-407-2700
Email: swestcot@bursor.com
*ATTORNEY TO BE NOTICED*

**Lawrence Timothy Fisher**
Bursor & Fisher, P.A.
1990 North California Blvd.,
Suite 940
Walnut Creek, CA 94596
925-300-4455
Fax: 925-407-2700
Email: ltfisher@bursor.com
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Steven Suraj Vachani**<br>*an individual* | represented by | **Steven Suraj Vachani**<br>2425B Channing, #216<br>Berkeley, CA 94704<br>Grand Caym<br>917-267-8823<br>Email: vachani@yahoo.com<br>PRO SE |

**Amicus**

| | | |
|---|---|---|
| **Electronic Frontier Foundation** | represented by | **Cindy Ann Cohn**<br>Electronic Frontier Foundation<br>815 Eddy Street<br>San Francisco, CA 94109<br>415-436-9333<br>Fax: 415-436-9993<br>Email: cindy@eff.org<br>*ATTORNEY TO BE NOTICED*<br><br>**Marcia Clare Hofmann**<br>Electronic Frontier Foundation<br>815 Eddy Street<br>San Francisco, CA 94109<br>415-436-9333<br>Fax: 415-436-9993<br>Email: marcia@eff.org<br>*ATTORNEY TO BE NOTICED* |

**Counter-claimant**

| | | |
|---|---|---|
| **Steven Suraj Vachani**<br>*an individual* | represented by | **Steven Suraj Vachani**<br>(See above for address)<br>PRO SE |

ER 204

**Counter-claimant**

**Power Ventures, Inc.**
*a California corporation*

represented by **Lawrence Timothy Fisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter-defendant**

**Facebook, Inc.**
*a Delaware corporation*

represented by **David P. Chiappetta**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Indra Neel Chatterjee**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph Perry Cutler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jessica Susan Pers**
(See above for address)
*TERMINATED: 06/24/2011*
*ATTORNEY TO BE NOTICED*

**Julio Cesar Avalos**
(See above for address)
*TERMINATED: 06/24/2011*
*ATTORNEY TO BE NOTICED*

**Monte M.F. Cooper**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/30/2008 | 1 | COMPLAINT (with jury demand) against Power Ventures, Inc. (Filing fee $ 350, receipt number 54611004445). Filed by Facebook, Inc. (cjl, COURT STAFF) (Filed on 12/30/2008) (kc, COURT STAFF). (Entered: 12/30/2008) |
| 12/30/2008 | 2 | Certificate of Interested Entities by Facebook, Inc. (cjl, COURT STAFF) (Filed on 12/30/2008) (kc, COURT STAFF). (Entered: 12/30/2008) |
| 12/30/2008 | 3 | Summons Issued as to Power Ventures, Inc. (cjl, COURT STAFF) (Filed on 12/30/2008) (kc, COURT STAFF). (Entered: 12/30/2008) |
| 12/30/2008 | 4 | ADR SCHEDULING ORDER: Case Management Statement due by 4/8/2009. Case |

| | | |
|---|---|---|
| | | Management Conference set for 4/15/2009 04:00 PM. (Attachments: # 1 Standing Order)(cjl, COURT STAFF) (Filed on 12/30/2008) (Entered: 12/30/2008) |
| 12/30/2008 | | CASE DESIGNATED for Electronic Filing. (cjl, COURT STAFF) (Filed on 12/30/2008) (Entered: 12/30/2008) |
| 12/31/2008 | 5 | Declination to Proceed Before a U.S. Magistrate Judge by Facebook, Inc.. (Chiappetta, David) (Filed on 12/31/2008) (Entered: 12/31/2008) |
| 12/31/2008 | 6 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge. (cjl, COURT STAFF) (Filed on 12/31/2008) (Entered: 12/31/2008) |
| 12/31/2008 | 7 | ORDER REASSIGNING CASE. Case reassigned to Hon. Jeremy Fogel for all further proceedings. Magistrate Judge Wayne D. Brazil no longer assigned to the case. Signed by the Executive Committee on December 31, 2008. (cjl, COURT STAFF) (Filed on 12/31/2008) (Entered: 12/31/2008) |
| 01/05/2009 | | Case Assigned to Judge Richard Seeborg for all discovery matters. (tsh, COURT STAFF) (Filed on 1/5/2009) (Entered: 01/05/2009) |
| 01/05/2009 | 8 | REPORT on the filing or determination of an action regarding trademark. (cc: form mailed to register). (gm, COURT STAFF) (Filed on 1/5/2009) (Entered: 01/05/2009) |
| 01/13/2009 | 9 | FIRST AMENDED COMPLAINT by Facebook, Inc.. (Attachments: # 1 Exhibit A) (Chiappetta, David) (Filed on 1/13/2009) Modified on 1/14/2009 (gm, COURT STAFF). (Entered: 01/13/2009) |
| 01/14/2009 | 10 | Summons Issued as to Power Ventures, Inc. a Cayman Island Corporation. (gm, COURT STAFF) (Filed on 1/14/2009) (Entered: 01/14/2009) |
| 01/14/2009 | 11 | Summons Issued as to Steven Vachani. (gm, COURT STAFF) (Filed on 1/14/2009) (Entered: 01/14/2009) |
| 01/14/2009 | 12 | Summons Issued as to Doe 1. (gm, COURT STAFF) (Filed on 1/14/2009) (Entered: 01/14/2009) |
| 02/19/2009 | 13 | CLERKS NOTICE Case Management Conference set for 4/17/2009 10:30 AM. (dlm, COURT STAFF) (Filed on 2/19/2009) (Entered: 02/19/2009) |
| 02/27/2009 | 14 | SUMMONS Returned Executed by Facebook, Inc.. Power Ventures, Inc.(a Cayman Island Corporation) served on 2/11/2009, answer due 3/3/2009. (Chiappetta, David) (Filed on 2/27/2009) (Entered: 02/27/2009) |
| 03/02/2009 | 15 | STIPULATION by Power Ventures, Inc.(a Cayman Island Corporation), Steven Vachani, Power Ventures, Inc.(a California corporation). (Plutzik, Alan) (Filed on 3/2/2009) (Entered: 03/02/2009) |
| 03/10/2009 | 16 | NOTICE of Voluntary Dismissal *as to Defendant Power Ventures, Inc., a California corporation* by Facebook, Inc. (Chiappetta, David) (Filed on 3/10/2009) (Entered: 03/10/2009) |
| 03/23/2009 | 17 | MOTION to Dismiss *or in the Alternative, for a More Definite Statement* filed by Power Ventures, Inc.(a Cayman Island Corporation), Steven Vachani. Motion Hearing set for 5/8/2009 09:00 AM in Courtroom 3, 5th Floor, San Jose. (Attachments: # 1 Proposed Order)(Plutzik, Alan) (Filed on 3/23/2009) (Entered: 03/23/2009) |
| 03/23/2009 | 18 | Brief re 17 MOTION to Dismiss *or in the Alternative, for a More Definite Statement* |

| | | |
|---|---|---|
| | | *Memorandum of Points and Authorities in Support of Motion to Dismiss or, in the Alternative, For a More Definite Statement* filed byPower Ventures, Inc.(a Cayman Island Corporation), Steven Vachani. (Related document(s) 17 ) (Plutzik, Alan) (Filed on 3/23/2009) (Entered: 03/23/2009) |
| 03/24/2009 | 19 | Corrected 18 Memorandum of Points and Authorities in Support of 17 Motion to Dismiss or, in the Alternative, For a More Definite Statement filed byPower Ventures, Inc.(a Cayman Island Corporation), Steven Vachani. (Related document(s) 18 ) (Plutzik, Alan) (Filed on 3/24/2009) Modified on 3/26/2009 (gm, COURT STAFF). (Entered: 03/24/2009) |
| 03/25/2009 | 20 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options (Chiappetta, David) (Filed on 3/25/2009) (Entered: 03/25/2009) |
| 03/25/2009 | 21 | **\*\*\* FILED IN ERROR. PLEASE REFER TO DOCUMENT 25 . \*\*\*** STIPULATION and Proposed Order selecting Early Neutral Evaluation by Facebook, Inc. (Chiappetta, David) (Filed on 3/25/2009) Modified on 3/26/2009 (feriab, COURT STAFF). (Entered: 03/25/2009) |
| 03/25/2009 | 22 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options *Defendants Power Ventures, Inc.'s and Steven Vachani's Alternative Dispute Resolution Certification* (Plutzik, Alan) (Filed on 3/25/2009) (Entered: 03/25/2009) |
| 03/25/2009 | 23 | STIPULATION by Power Ventures, Inc.(a Cayman Island Corporation), Steven Vachani. (Plutzik, Alan) (Filed on 3/25/2009) (Entered: 03/25/2009) |
| 03/25/2009 | 24 | **\*\*\* FILED IN ERROR. PLEASE REFER TO DOCUMENT 25 . \*\*\*** STIPULATION and Proposed Order selecting Early Neutral Evaluation by Facebook, Inc., Power Ventures, Inc.(a Cayman Island Corporation), Steven Vachani *Correcting Docket Entry #21* (Chiappetta, David) (Filed on 3/25/2009) Modified on 3/26/2009 (feriab, COURT STAFF). (Entered: 03/25/2009) |
| 03/25/2009 | 25 | STIPULATION and Proposed Order selecting Early Neutral Evaluation by Facebook, Inc. (Chiappetta, David) (Filed on 3/25/2009) (Entered: 03/25/2009) |
| 04/01/2009 | 26 | STIPULATION AND ORDER Selecting ADR Process re 25 , Case referred to Early Neutral Evaluation. Signed by Judge Jeremy Fogel on 3/31/09. (dlm, COURT STAFF) (Filed on 4/1/2009) (Entered: 04/01/2009) |
| 04/06/2009 | 27 | Proposed Order re 23 Stipulation *[Proposed] Scheduling Order Pursuant to Stipulation* by Power Ventures, Inc.(a Cayman Island Corporation), Steven Vachani. (Plutzik, Alan) (Filed on 4/6/2009) (Entered: 04/06/2009) |
| 04/14/2009 | 28 | SCHEDULING ORDER PURSUANT TO 23 STIPULATION. The Case Management Conference set for 4/17/2009 is VACATED, and will be reset after a ruling on Defendants' pending Motion To Dismiss. Signed by Judge Jeremy Fogel on 4/9/2009. (jflc2, COURT STAFF) (Filed on 4/14/2009) (Entered: 04/14/2009) |
| 04/16/2009 | 29 | ADR Clerk's Notice Appointing Daralyn Durie as ENE Evaluator. (cmf, COURT STAFF) (Filed on 4/16/2009) (Entered: 04/16/2009) |
| 04/17/2009 | 30 | Memorandum in Opposition *to Defendants Power Ventures, Inc.'s and Steven Vachani's* 17 *Motion to Dismiss* filed byFacebook, Inc.. (Chiappetta, David) (Filed on 4/17/2009) Modified on 4/20/2009 (gm, COURT STAFF). (Entered: 04/17/2009) |
| 04/24/2009 | 31 | Reply Memorandum *of Points and Authorities in Support of ( 17 ) Motion to Dismiss* |

| | | |
|---|---|---|
| | | *or, in the Alternative, for a more Definite Statement* filed byPower Ventures, Inc.(a Cayman Island Corporation), Steven Vachani. (Plutzik, Alan) (Filed on 4/24/2009) Modified text to add linkage on 4/27/2009 (srm, COURT STAFF). (Entered: 04/24/2009) |
| 05/01/2009 | 32 | MOTION for Attorney Joseph P. Cutler for leave to appear in Pro Hac Vice ( Filing fee $ 210.00, receipt number 54611005169.) filed by Facebook, Inc.. (gm, COURT STAFF) (Filed on 5/1/2009) (Entered: 05/01/2009) |
| 05/01/2009 | 33 | Proposed Order re 32 MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 210.00, receipt number 54611005169.) by Facebook, Inc.. (gm, COURT STAFF) (Filed on 5/1/2009) (Entered: 05/01/2009) |
| 05/06/2009 | 34 | CLERKS NOTICE The Motion Hearing set for 5/8/2009 at 9:00 AM is RESET for 5/8/2009 at 1:30 PM in Courtroom 3, 5th Floor, San Jose. (jflc2, COURT STAFF) (Filed on 5/6/2009) Modified on 5/6/2009 (dlm, COURT STAFF). (Entered: 05/06/2009) |
| 05/07/2009 | 35 | MOTION for leave to appear in Pro Hac Vice for attorney Scott A. Bursor ( Filing fee $ 210, receipt number 34611031824.) filed by Power Ventures, Inc.(a Cayman Island Corporation). (Attachments: # 1 Proposed Order)(srm, COURT STAFF) (Filed on 5/7/2009) (Entered: 05/07/2009) |
| 05/07/2009 | 36 | ORDER by Judge Jeremy Fogel granting 32 Motion for Pro Hac Vice for Joseph P. Cutler (dlm, COURT STAFF) (Filed on 5/7/2009) (Entered: 05/07/2009) |
| 05/08/2009 | 37 | ORDER by Judge Jeremy Fogel granting 35 Motion for Pro Hac Vice for Scott Bursor (dlm, COURT STAFF) (Filed on 5/8/2009) (Entered: 05/08/2009) |
| 05/08/2009 | 39 | Minute Entry: Motion Hearing held on 5/8/2009 before Judge Jeremy Fogel (Date Filed: 5/8/2009) re 17 MOTION to Dismiss. The motion is taken under submission. (Court Reporter Gina Galvan.) (dlm, COURT STAFF) (Date Filed: 5/8/2009) (Entered: 05/13/2009) |
| 05/11/2009 | 38 | ORDER by Judge Jeremy Fogel denying 17 Motion to Dismiss and granting in part Motion for a more definite statement (jflc1, COURT STAFF) (Filed on 5/11/2009) (Entered: 05/11/2009) |
| 06/10/2009 | 40 | Statement *Plaintiff Facebook, Inc.'s More Definitive Statement Regarding Count Eight of its Complaint* by Facebook, Inc.. (Cutler, Joseph) (Filed on 6/10/2009) (Entered: 06/10/2009) |
| 07/09/2009 | 41 | *Power Ventures, Inc.'s and Steve Vachani's* ANSWER to Complaint with Jury Demand, COUNTERCLAIM *of Power Ventures, Inc. and Steve Vachani* against Facebook, Inc. bySteven Vachani, Power Ventures, Inc.(a California corporation), Power Ventures, Inc.(a Cayman Island Corporation). (Fisher, Lawrence) (Filed on 7/9/2009) (Entered: 07/09/2009) |
| 07/23/2009 | 42 | NOTICE of Appearance by Thomas J. Gray (Gray, Thomas) (Filed on 7/23/2009) (Entered: 07/23/2009) |
| 07/23/2009 | 43 | NOTICE of Change In Counsel by Thomas J. Gray *and [Proposed] Order* (Gray, Thomas) (Filed on 7/23/2009) (Entered: 07/23/2009) |
| 07/23/2009 | 44 | STIPULATION *To Extend Time to Respond and [Proposed] Order* by Facebook, Inc.. (Gray, Thomas) (Filed on 7/23/2009) (Entered: 07/23/2009) |

| | | |
|---|---|---|
| 07/24/2009 | 45 | NOTICE of Appearance by I. Neel Chatterjee (Chatterjee, I.) (Filed on 7/24/2009) (Entered: 07/24/2009) |
| 07/24/2009 | 46 | NOTICE of Appearance by Julio Cesar Avalos (Avalos, Julio) (Filed on 7/24/2009) (Entered: 07/24/2009) |
| 07/24/2009 | | Pre ENE phone conference scheduled on 7/30/2009 at 9:00 a.m. (cmf, COURT STAFF) (Filed on 7/24/2009) (Entered: 07/24/2009) |
| 07/27/2009 | 47 | NOTICE of Appearance by I. Neel Chatterjee *Notice of Appearance of Counsel* (Chatterjee, I.) (Filed on 7/27/2009) (Entered: 07/27/2009) |
| 07/27/2009 | 48 | STIPULATION AND ORDER TO EXTEND TIME re 44 . Signed by Judge Jeremy Fogel on 7/24/09. (dlm, COURT STAFF) (Filed on 7/27/2009) (Entered: 07/27/2009) |
| 09/02/2009 | 49 | MOTION to Dismiss *COUNTERCLAIMS AND STRIKE AFFIRMATIVE DEFENSES* filed by Facebook, Inc.. Motion Hearing set for 10/30/2009 09:00 AM in Courtroom 3, 5th Floor, San Jose. (Attachments: # 1 Proposed Order)(Pers, Jessica) (Filed on 9/2/2009) (Entered: 09/02/2009) |
| 10/09/2009 | 50 | Memorandum in Opposition *Memorandum of Points and Authorities in Opposition to 49 Motion of Facebook, Inc. to Dismiss Counterclaims and Strike Affirmative Defenses* filed byPower Ventures, Inc.(a Cayman Island Corporation), Steven Vachani. (Plutzik, Alan) (Filed on 10/9/2009) Modified on 10/13/2009 (gm, COURT STAFF). (Entered: 10/09/2009) |
| 10/16/2009 | 51 | Reply to Opposition re 49 MOTION to Dismiss *COUNTERCLAIMS AND STRIKE AFFIRMATIVE DEFENSES Facebook Inc.'s Reply in Support of Motion to Dismiss Counterclaims and Strike Affirmative Defenses* filed byFacebook, Inc.. (Pers, Jessica) (Filed on 10/16/2009) (Entered: 10/16/2009) |
| 10/22/2009 | 52 | ORDER BY JUDGE JEREMY FOGEL GRANTING 49 MOTION TO DISMISS COUNTER-COMPLAINT AND STRIKE AFFIRMATIVE DEFENSES AND VACATING HEARING DATE. (jflc1, COURT STAFF) (Filed on 10/22/2009) (Entered: 10/22/2009) |
| 11/18/2009 | 53 | CLERKS NOTICE Case Management Conference set for 1/29/2010 10:30 AM in Courtroom 3, 5th Floor, San Jose. (dlm, COURT STAFF) (Filed on 11/18/2009) (Entered: 11/18/2009) |
| 11/23/2009 | 54 | **Amended Answer and Counterclaims** of Defendants Power Ventures, Inc. and Steve Vachani against Facebook, Inc.. Filed bySteven Vachani, Power Ventures, Inc.(a Cayman Island Corporation). (Plutzik, Alan) (Filed on 11/23/2009) Modified on 3/2/2010,(counsel selected incorrect event.) (cv, COURT STAFF). (Entered: 11/23/2009) |
| 12/17/2009 | 55 | STIPULATION *AND [PROPOSED] ORDER TO EXTEND TIME AND [PROPOSED] BRIEFING SCHEDULE PURSUANT TO CIVIL L.R. 6-2* by Facebook, Inc.(a Delaware corporation). (Chatterjee, I.) (Filed on 12/17/2009) (Entered: 12/17/2009) |
| 12/23/2009 | 56 | MOTION for Judgment on the Pleadings or, in the Alternative **MOTION** Partial Summary Judgment of Liability Under California Penal Code Section 502(c) filed by Facebook, Inc.(a Delaware corporation). Motion Hearing set for 2/26/2010 09:00 AM in Courtroom 3, 5th Floor, San Jose. (Attachments: # 1 Proposed Order)(Pers, Jessica |

| | | |
|---|---|---|
| | | (Filed on 12/23/2009) Modified on 3/2/2010,(counsel failed to properly select multiple motions.) (cv, COURT STAFF). Modified on 3/12/2010 (cv, COURT STAFF). (Entered: 12/23/2009) |
| 12/23/2009 | 57 | Declaration of Julio C. Avalos in Support of 56 MOTION for Summary Judgment *Notice of Motion, Motion and Memorandum of Points and Authorities for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) or, in the Alternative Partial Summary Judgment of Liability Under California Penal Code S MOTION for Summary Judgment Notice of Motion, Motion and Memorandum of Points and Authorities for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) or, in the Alternative Partial Summary Judgment of Liability Under California Penal Code S* filed byFacebook, Inc.(a Delaware corporation). (Attachments: # 1 Exhibit A)(Related document(s) 56 ) (Pers, Jessica) (Filed on 12/23/2009) (Entered: 12/23/2009) |
| 12/23/2009 | 58 | MOTION to Dismiss Counterclaims and **MOTION** to Strike Affirmative Defenses filed by Facebook, Inc.(a Delaware corporation). Motion Hearing set for 2/26/2009 09:00 AM in Courtroom 3, 5th Floor, San Jose. (Attachments: # 1 Proposed Order) (Pers, Jessica) (Filed on 12/23/2009) Modified on 3/12/2010,(counsel failed to properly select multiple motions.) (cv, COURT STAFF). (Entered: 12/23/2009) |
| 12/28/2009 | 59 | CERTIFICATION OF ENE Session dated 12/18/2009 by Evaluator, Daralyn Durie; ENE session held 12/14/2009; Case did not settle; Further facilitated discussion expected by 3/14/2010; ENE process continues. (cmf, COURT STAFF) (Filed on 12/28/2009) (Entered: 12/28/2009) |
| 01/06/2010 | 60 | STIPULATION AND ORDER TO EXTEND TIME AND BRIEFING SCHEDULE PURSUANT TO CIVIL L.R. 6-2 (approving 55 ). The Case Management Conference set for 1/29/2010 is CONTINUED to 2/26/2010 at 9:00 AM in Courtroom 3, 5th Floor, San Jose. Signed by Judge Jeremy Fogel on 1/6/2010. (jflc2, COURT STAFF) (Filed on 1/6/2010) (Entered: 01/06/2010) |
| 01/14/2010 | 61 | ORDER REASSIGNING CASE. Case reassigned to Magistrate Judge Howard R. Lloyd for all discovery matters. Judge Richard Seeborg no longer assigned to the case.Signed by The Executive Committee on 01/14/2010. (tsh, COURT STAFF) (Filed on 1/14/2010) (Entered: 01/14/2010) |
| 01/15/2010 | 62 | MOTION for Summary Judgment on Count 3 of the complaint and Memorandum of Law in Support of Defendants' Motion for Summary Judgment filed by Power Ventures, Inc.(a Cayman Island Corporation), Steven Vachani. (Fisher, Lawrence) (Filed on 1/15/2010) Modified on 3/12/2010 (cv, COURT STAFF). (Entered: 01/15/2010) |
| 01/15/2010 | 63 | MEMORANDUM in Opposition *Memorandum of Law in Opposition to 58 Motion of Facebook, Inc. to Dismiss Counterclaims and Strike Affirmative Defenses* filed byPower Ventures, Inc.(a Cayman Island Corporation), Steven Vachani. (Fisher, Lawrence) (Filed on 1/15/2010) Modified on 1/19/2010 (gm, COURT STAFF). (Entered: 01/15/2010) |
| 01/15/2010 | 64 | MEMORANDUM in Opposition *Defendants' Memorandum of Law in Opposition to Facebook Inc.'s 56 Motion for Judgment on the Pleadings Pursuant to Fed.R.Civ.P. 12(c) or, in the Alternative, Partial Summary Judgment of Liability Under California Penal Code Section 502(c)* filed byPower Ventures, Inc.(a Cayman Island Corporation), Steven Vachani. (Fisher, Lawrence) (Filed on 1/15/2010) Modified on 1/19/2010 (gm, COURT STAFF). (Entered: 01/15/2010) |

| | | |
|---|---|---|
| 01/15/2010 | 65 | Declaration of Steve Vachani in Support of 64 Memorandum in Opposition, *of Defendants' Opposition to Facebook Inc.'s Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) or, in the Alternative, Partial Summary Judgment of Liability Under California Penal Code Section 502(c)* filed byPower Ventures, Inc.(a Cayman Island Corporation), Steven Vachani. (Related document(s) 64 ) (Fisher, Lawrence) (Filed on 1/15/2010) (Entered: 01/15/2010) |
| 01/29/2010 | 66 | Reply Memorandum re 56 MOTION for Summary Judgment *Notice of Motion, Motion and Memorandum of Points and Authorities for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) or, in the Alternative Partial Summary Judgment of Liability Under California Penal Code S MOTION for Summary Judgment* 62 *Notice of Motion, Motion and Memorandum of Points and Authorities for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) or, in the Alternative Partial Summary Judgment of Liability Under California Penal Code S* filed byFacebook, Inc.. (Gray, Thomas) (Filed on 1/29/2010) Modified on 2/1/2010 (gm, COURT STAFF). (Entered: 01/29/2010)* |
| 01/29/2010 | 67 | Reply Memorandum re 58 MOTION to Dismiss *Facebook Inc.'s Notice of Motion, Motion and Memorandum in Support of Motion to Dismiss Counterlcaims and Strike Affirmative Defenses* filed byFacebook, Inc.. (Pers, Jessica) (Filed on 1/29/2010) (Entered: 01/29/2010) |
| 02/09/2010 | 68 | Reply Memorandum *Defendants' Reply Brief in Support of* 62 *Motion for Summary Judgment* filed byPower Ventures, Inc.(a Cayman Island Corporation), Steven Vachani. (Fisher, Lawrence) (Filed on 2/9/2010) Modified on 2/10/2010 (gm, COURT STAFF). (Entered: 02/09/2010) |
| 02/24/2010 | 69 | OBJECTIONS to re 65 Declaration in Support, *Facebook, Inc.'s Objections to the Declaration of Steve Vachani Submitted in Support of Defendants' Opposition to Facebook's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) or, in the Alternative, Partial Summary Judgment of Liability Under California Penal Code Section 502(c)* by Facebook, Inc.. (Avalos, Julio) (Filed on 2/24/2010) (Entered: 02/24/2010) |
| 02/25/2010 | 70 | CASE MANAGEMENT STATEMENT filed by Facebook, Inc.. (Gray, Thomas) (Filed on 2/25/2010) (Entered: 02/25/2010) |
| 02/26/2010 | 71 | Minute Entry: Motion Hearing held on 2/26/2010 before Judge Jeremy Fogel (Date Filed: 2/26/2010) re 56 MOTION for Summary Judgment, 58 MOTION to Dismiss, 62 MOTION for Summary Judgment. The Court recuses itself and orders the case shall be reassigned. (Court Reporter Summer Clanton.) (dlm, COURT STAFF) (Date Filed: 2/26/2010) (Entered: 03/01/2010) |
| 02/26/2010 | | ***Deadlines terminated. (cv, COURT STAFF) (Filed on 2/26/2010) (Entered: 03/12/2010) |
| 03/02/2010 | 72 | ORDER OF RECUSAL. Signed by Judge Jeremy Fogel on 2/26/10. (dlm, COURT STAFF) (Filed on 3/2/2010) (Entered: 03/02/2010) |
| 03/02/2010 | 73 | Pursuant to Signed Order of Recusal ( 72 ). Case reassigned to District Judge James Ware for all further proceedings.Signed by The Executive Committee on 03/02/2010. (tsh, COURT STAFF) (Filed on 3/2/2010) (Entered: 03/02/2010) |
| 03/02/2010 | 74 | MEMORANDUM in Opposition to Facebook Inc.'s 56 Motion for Judgment on the |

| | | |
|---|---|---|
| | | Pleadings Pursuant to Fed.R.Civ.P.12(c) or, in the Alternative, Partial Summary Judgment of Liability Under California Penal Code Section 502(c) **CORRECTION to 64** filed by Power Ventures, Inc.(a Cayman Island Corporation), Steven Vachani. (Fisher, Lawrence) (Filed on 3/2/2010) Modified on 3/2/2010,(counsel failed to properly link to motion.) (cv, COURT STAFF). Modified on 3/2/2010 (cv, COURT STAFF). (Entered: 03/02/2010) |
| 03/10/2010 | 75 | RE-NOTICE of MOTION hearing re 58 MOTION to Dismiss Counterlcaims and Strike Affirmative Defenses (Avalos, Julio) (Filed on 3/10/2010) Modified on 3/12/2010,(counsel selected incorrect event. Correct event to be used is re-notice of motion hearing.) (cv, COURT STAFF). (Entered: 03/10/2010) |
| 03/10/2010 | 76 | RE-NOTICE of MOTION hearing re 56 MOTION for Judgment on the Pleadings or in the Alternative, MOTION for Partial Summary Judgment] (Avalos, Julio) (Filed on 3/10/2010) Modified on 3/12/2010,(counsel selected incorrect event. Correct event to be used is Re-Notice of motion hearing.) (cv, COURT STAFF). (Entered: 03/10/2010) |
| 03/10/2010 | | Set/Reset Deadlines as to 56 MOTION for Judgment on the Pleadings, 58 MOTION to Dismiss Counterlcaims and Strike Affirmative Defenses. Motion Hearing set for 6/7/2010 09:00 AM in Courtroom 8, 4th Floor, San Jose. (cv, COURT STAFF) (Filed on 3/10/2010) (Entered: 03/12/2010) |
| 03/16/2010 | 77 | Renotice motion hearing 62 on Defendants' Motion for Summary Judgment filed by Power Ventures, Inc.(a Cayman Island Corporation), Steven Vachani. Motion Hearing set for 6/7/2010 09:00 AM in Courtroom 8, 4th Floor, San Jose. (Fisher, Lawrence) (Filed on 3/16/2010) Modified on 3/17/2010,(counsel failed to properly link to motion.) (cv, COURT STAFF). (Entered: 03/16/2010) |
| 05/03/2010 | 78 | MOTION to File Amicus Curiae Brief *Electronic Frontier Foundation in Support of Defendant Power Ventures' 62 Motion for Summary Judgment on Cal. Penal Code 502 (c)* filed by Electronic Frontier Foundation. Motion Hearing set for 6/7/2010 01:30 PM. (Attachments: # 1 Brief, # 2 Affidavit Declaration in Support of Motion, # 3 Proposed Order Proposed Order)(Cohn, Cindy) (Filed on 5/3/2010) Modified on 5/3/2010 (cv, COURT STAFF). (Entered: 05/03/2010) |
| 05/05/2010 | 79 | ORDER by Judge James Ware granting 78 Motion to File Amicus Curiae Brief (jwlc1, COURT STAFF) (Filed on 5/5/2010) (Entered: 05/05/2010) |
| 06/07/2010 | 80 | Minute Entry: Motion Hearing held on 6/7/2010 before Judge James Ware (Date Filed: 6/7/2010) re 56 MOTION for Judgment on the Pleadings, 58 MOTION to Dismis, 62 MOTION for Summary Judgment. The Court set the following deadlines for supplemental briefing: Supplemental Amicus Brief due June 21, 2010. Simultaneous reply briefing due July 6, 2010. The Court took the matter under submission after oral argument pending supplemental. The Court to issue further order following hearing and completion of supplemental briefing. (Court Reporter Summer Fisher.) (ecg, COURT STAFF) (Date Filed: 6/7/2010) (Entered: 06/07/2010) |
| 06/07/2010 | 81 | AMENDED Minute Entry: Motion Hearing held on 6/7/2010 before Judge James Ware (Date Filed: 6/7/2010) re 56 MOTION for Judgment on the Pleadings, 58 MOTION to Dismiss, 62 MOTION for Summary Judgment. The Court set the following deadlines for supplemental briefing: Supplemental Amicus Brief due June 21, 2010. Simultaneous reply briefing due July 6, 2010. The Court took the matter under submission after oral argument pending supplemental. The Court to issue further order following hearing and completion of supplemental briefing. (Court |

| | | |
|---|---|---|
| | | Reporter Summer Fisher.) (ecg, COURT STAFF) (Date Filed: 6/7/2010) (Entered: 06/08/2010) |
| 06/08/2010 | 82 | Transcript of Proceedings held on 06/07/2010, before Judge James Ware. Court Reporter/Transcriber Summer Fisher, Telephone number 408-288-6150. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerks Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction.After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Release of Transcript Restriction set for 9/7/2010. (Fisher, Summer) (Filed on 6/8/2010) (Entered: 06/08/2010) |
| 06/21/2010 | 83 | Brief *of Amicus Curiae in Support of Defendant Power Ventures'* 62 *Motion for Summary Judgment on Cal. Penal Code 502(c)* filed by Electronic Frontier Foundation. (Cohn, Cindy) (Filed on 6/21/2010) Modified on 6/22/2010,(counsel failed to properly link to motion.) (cv, COURT STAFF). (Entered: 06/21/2010) |
| 06/21/2010 | 84 | Declaration of Seth Schoen in Support of 83 Brief *of Amicus Curiae Electronic Frontier Foundation in Support of Defendant Power Ventures' Motion for Summary Judgment on Cal. Penal Code 502(c)* filed byElectronic Frontier Foundation. (Related document(s) 83 ) (Cohn, Cindy) (Filed on 6/21/2010) (Entered: 06/21/2010) |
| 07/06/2010 | 85 | Defendants' Supplemental Brief in Support of 62 Defendants' Motion for Summary Judgment and in Opposition to 56 Facebook's Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment filed by Power Ventures, Inc., Steven Vachani. (Fisher, Lawrence) (Filed on 7/6/2010) Modified on 7/8/2010 counsel failed to link entry to document #62 and #56 (dhm, COURT STAFF). (Entered: 07/06/2010) |
| 07/06/2010 | 86 | REPLY to 83 Amicus Curiae Electronic Frontier Foundation's Brief in Support of Dfendant Power Ventures' Motion for Summary Judgment by Facebook, Inc.. (Avalos, Julio) (Filed on 7/6/2010) Modified text on 7/8/2010 (dhm, COURT STAFF). (Entered: 07/06/2010) |
| 07/06/2010 | 87 | Declaration of Julio C. Avalos in Support of 86 Response ( Non Motion ) filed byFacebook, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Related document(s) 86 ) (Avalos, Julio) (Filed on 7/6/2010) (Entered: 07/06/2010) |
| 07/06/2010 | 88 | Request for Judicial Notice re 86 Response ( Non Motion ) filed byFacebook, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Related document(s) 86 ) (Avalos, Julio) (Filed on 7/6/2010) (Entered: 07/06/2010) |
| 07/20/2010 | 89 | ORDER DENYING FACEBOOKS MOTION FOR JUDGMENT ON THE PLEADINGS; DENYING THE PARTIES CROSS-MOTIONS FOR SUMMARY JUDGMENT; GRANTING FACEBOOKS MOTION TO DISMISS DEFENDANTS COUNTERCLAIMS; DENYING FACEBOOKS MOTION TO STRIKE DEFENDANTS AFFIRMATIVE DEFENSES by Judge James Ware denying 56 Motion for Judgment on the Pleadings; granting in part and denying in part 58 Motion to Dismiss; denying 62 Motion for Summary Judgment (jwlc3, COURT STAFF) (Filed on 7/20/2010) (Entered: 07/20/2010) |
| 07/20/2010 | | Set Deadlines/Hearings: Joint Case Management Statement due by 8/13/2010. Case Management Conference set for 8/23/2010 10:00 AM in Courtroom 8, 4th Floor, San Jose. (ecg, COURT STAFF) (Filed on 7/20/2010) (Entered: 07/22/2010) |

| | | |
|---|---|---|
| 08/13/2010 | 90 | JOINT CASE MANAGEMENT STATEMENT filed by Facebook, Inc., Power Ventures, Inc., Steven Vachani. (Gray, Thomas) (Filed on 8/13/2010) Modified on 8/16/2010,(counsel selected incorrect event.) (cv, COURT STAFF). (Entered: 08/13/2010) |
| 08/13/2010 | | ***Deadlines terminated. 90 Case Management Statement filed by Power Ventures, Inc., Steven Vachani, Facebook, Inc.. (cv, COURT STAFF) (Filed on 8/13/2010) (Entered: 08/13/2010) |
| 08/16/2010 | 91 | CLERKS NOTICE CONTINUING CASE MANAGEMENT CONFERENCE. Case Management Conference set for 8/24/2010 10:00 AM in Courtroom 8, 4th Floor, San Jose. (ecg, COURT STAFF) (Filed on 8/16/2010) (Entered: 08/16/2010) |
| 08/19/2010 | 92 | SCHEDULING ORDER: The Case Management Conference set for 8/24/2010 is VACATED. The parties are ordered to comply with the following scheduling order: Close of all Discovery due by 9/30/2011. Last Date for Hearing Dispositive Motions due by 12/5/2011. Preliminary Pretrial Conference statement due 8/19/2010. Preliminary Pretrial Conference set for 8/29/2011 11:00 AM in Courtroom 8, 4th Floor, San Jose. None of the dates set in this Order may be changed without an order of the Court made after a motion is filed pursuant to the Civil Local Rules of Court. ***CMC Deadlines terminated. Please see Order for further specifics. Signed by Judge James Ware on 8/18/2010. (ecg, COURT STAFF) (Filed on 8/19/2010) (Entered: 08/19/2010) |
| 01/21/2011 | 93 | NOTICE by Power Ventures, Inc.(a California corporation), Power Ventures, Inc., Steven Vachani *of Change of Firm Name and Change of Affiliation* (Fisher, Lawrence) (Filed on 1/21/2011) (Entered: 01/21/2011) |
| 02/01/2011 | 94 | STIPULATION - *Protective Order for Standard Litigation* by Facebook, Inc.. (Sutton, Theresa) (Filed on 2/1/2011) (Entered: 02/01/2011) |
| 02/04/2011 | 95 | STIPULATED PROTECTIVE ORDER re 94 (MODIFIED BY THE COURT). Signed by Magistrate Judge Howard R. Lloyd on 2/4/2011. (hrllc2, COURT STAFF) (Filed on 2/4/2011) (Entered: 02/04/2011) |
| 02/17/2011 | 96 | STIPULATION and [proposed] order *OF DISMISSAL with prejudice pursuant to FRCP 41(A) (1)* by Facebook, Inc.. (Chatterjee, Indra) (Filed on 2/17/2011) Modified on 2/17/2011 (cv, COURT STAFF). (Entered: 02/17/2011) |
| 02/18/2011 | 97 | STIPULATION AND ORDER OF DISMISSAL PURSUANT TO FED. R. CIV. P. 41(A)(1) re 96 Stipulation. Dismissal with prejudice of the following claims for relief:1. Fourth Claim for Relief, 2. Fifth Claim for Relief, 3. Sixth Claim for Relief, 4. Seventh Claim for Relief, 5. Eighth Claim for Relief. All parties shall bear their own fees and costs. This stipulation shall have no effect on any other claim in the case. Signed by Judge James Ware on 2/18/2011. (ecg, COURT STAFF) (Filed on 2/18/2011) (Entered: 02/18/2011) |
| 05/09/2011 | 98 | MOTION for Summary Judgment filed by Power Ventures, Inc., Steven Vachani. Motion Hearing set for 9/19/2011 09:00 AM in Courtroom 5, 17th Floor, San Francisco before Hon. James Ware. (Attachments: # 1 Proposed Order, # 2 Affidavit, # 3 Affidavit)(Fisher, Lawrence) (Filed on 5/9/2011) (Entered: 05/09/2011) |
| 05/09/2011 | 99 | Administrative Motion to File Under Seal *Exhibit C to the Declaration of L. Timothy Fisher in Support of Defendants' Motion for Summary Judgment* filed by Power |

| | | Ventures, Inc., Steven Vachani. (Fisher, Lawrence) (Filed on 5/9/2011) (Entered: 05/09/2011) |
|---|---|---|
| 05/16/2011 | 100 | STIPULATION re 99 Administrative Motion to File Under Seal *Exhibit C to the Declaration of L. Timothy Fisher in Support of Defendants' Motion for Summary Judgment* by Facebook, Inc.. (Sutton, Theresa) (Filed on 5/16/2011) (Entered: 05/16/2011) |
| 05/16/2011 | 101 | Declaration of Theresa A. Sutton in Support of 99 Administrative Motion to File Under Seal *Exhibit C to the Declaration of L. Timothy Fisher in Support of Defendants' Motion for Summary Judgment* filed byFacebook, Inc.. (Attachments: # 1 Proposed Order)(Related document(s) 99 ) (Sutton, Theresa) (Filed on 5/16/2011) (Entered: 05/16/2011) |
| 06/02/2011 | 102 | STIPULATION AND ORDER re 100 Stipulation filed by Facebook, Inc.. Signed by Judge James Ware on 6/2/11. (sis, COURT STAFF) (Filed on 6/2/2011) (Entered: 06/03/2011) |
| 06/07/2011 | 103 | STIPULATION re 98 MOTION for Summary Judgment *Stipulation to Withdraw Exhibit C to Fisher Declaration (Dkt. No. 98)* by Power Ventures, Inc., Steven Vachani. (Westcot, Sarah) (Filed on 6/7/2011) (Entered: 06/07/2011) |
| 06/10/2011 | 104 | NOTICE by Power Ventures, Inc., Steven Vachani re 98 MOTION for Summary Judgment *Notice of Withdrawal of Fisher Declaration* (Westcot, Sarah) (Filed on 6/10/2011) (Entered: 06/10/2011) |
| 06/13/2011 | 105 | STIPULATION AND ORDER re 103 Stipulation filed by Power Ventures, Inc., Steven Vachani. Signed by Judge James Ware on 6/13/11. (sis, COURT STAFF) (Filed on 6/13/2011) (Entered: 06/13/2011) |
| 06/21/2011 | 106 | Declaration of L. Timothy Fisher in Support of 98 MOTION for Summary Judgment filed byPower Ventures, Inc., Steven Vachani. (Related document(s) 98 ) (Westcot, Sarah) (Filed on 6/21/2011) (Entered: 06/21/2011) |
| 06/23/2011 | 107 | NOTICE of Appearance by Morvarid Metanat *Counsel for Facebook, Inc*. (Metanat, Morvarid) (Filed on 6/23/2011) (Entered: 06/23/2011) |
| 06/24/2011 | 108 | NOTICE by Facebook, Inc. *NOTICE OF WITHDRAWAL OF JULIO C. AVALOS AS COUNSEL FOR PLAINTIFF FACEBOOK, INC*. (Metanat, Morvarid) (Filed on 6/24/2011) (Entered: 06/24/2011) |
| 06/24/2011 | 109 | NOTICE by Facebook, Inc. *NOTICE OF WITHDRAWAL OF THOMAS J. GRAY AS COUNSEL FOR PLAINTIFF FACEBOOK, INC*. (Metanat, Morvarid) (Filed on 6/24/2011) (Entered: 06/24/2011) |
| 06/24/2011 | 110 | NOTICE by Facebook, Inc. *NOTICE OF WITHDRAWAL OF JESSICA S. PERS AS COUNSEL FOR PLAINTIFF FACEBOOK, INC*. (Metanat, Morvarid) (Filed on 6/24/2011) (Entered: 06/24/2011) |
| 07/06/2011 | 111 | MOTION to Continue *Facebook, Inc.'s Motion to Enlarge Time Pursuant to Civil Local Rule 6-3 and 16-12* filed by Facebook, Inc.. (Attachments: # 1 Proposed Order) (Sutton, Theresa) (Filed on 7/6/2011) (Entered: 07/06/2011) |
| 07/06/2011 | 112 | Declaration of I. Neel Chatterjee *In Support of Facebook, Inc.'s Motion to Enlarge Time* filed byFacebook, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Sutton, |

| | | Theresa) (Filed on 7/6/2011) (Entered: 07/06/2011) |
|---|---|---|
| 07/07/2011 | 113 | STATUS REPORT - *Discovery Dispute Joint Report #1* by Facebook, Inc.. (Chatterjee, Indra) (Filed on 7/7/2011) (Entered: 07/07/2011) |
| 07/11/2011 | 114 | RESPONSE (re 111 MOTION to Continue *Facebook, Inc.'s Motion to Enlarge Time Pursuant to Civil Local Rule 6-3 and 16-12* ) filed byPower Ventures, Inc., Steven Vachani. (Attachments: # 1 Affidavit)(Fisher, Lawrence) (Filed on 7/11/2011) (Entered: 07/11/2011) |
| 07/14/2011 | 115 | ORDER RE: DISCOVERY REFERRAL. Signed by Judge James Ware on 7/14/11. (sis, COURT STAFF) (Filed on 7/14/2011) (Entered: 07/14/2011) |
| 07/14/2011 | 116 | ORDER by Judge James Ware granting 111 Motion to Continue (jwlc2, COURT STAFF) (Filed on 7/14/2011) (Entered: 07/14/2011) |
| 07/14/2011 | | Set Deadlines/Hearings:, Set/Reset Deadlines as to 98 MOTION for Summary Judgment. Discovery due by 11/28/2011. Responses due by 9/12/2011. Replies due by 9/19/2011. Motion Hearing 98 Motion for Summary Judgment set for 10/31/2011 09:00 AM in Courtroom 15, 18th Floor, San Francisco before Hon. James Ware. Last day for hearing Dispositive Motions set for 1/30/2012 09:00 AM in Courtroom 15, 18th Floor, San Francisco before Hon. James Ware. (sisS, COURT STAFF) (Filed on 7/14/2011) (Entered: 07/15/2011) |
| 07/15/2011 | | Magistrate Judge Howard R. Lloyd no longer assigned to case. (tsh, COURT STAFF) (Filed on 7/15/2011) (Entered: 07/18/2011) |
| 07/22/2011 | 117 | NOTICE of Appearance by Monte M.F. Cooper (Cooper, Monte) (Filed on 7/22/2011) (Entered: 07/22/2011) |
| 07/29/2011 | 118 | Administrative Motion to File Under Seal *Parties' Joint Statement and Exhibit 3* filed by Facebook, Inc.. (Metanat, Morvarid) (Filed on 7/29/2011) (Entered: 07/29/2011) |
| 07/29/2011 | 119 | Statement re 115 Order *Redacted Joint Statement per July 14, 2011 Court Order on Discovery Dispute Joint Report #1* by Facebook, Inc.. (Attachments: # 1 Declaration Morvarid Metanat, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3)(Metanat, Morvarid) (Filed on 7/29/2011) (Entered: 07/29/2011) |
| 08/01/2011 | 120 | CERTIFICATE OF SERVICE by Facebook, Inc. re 119 Statement, *Joint Statement Per July 14, 2011 Court Order on Discovery Dispute Joint Report #1 (DKT. No. 113); Exhibit 3 to the Declaration of Morvarid Metanat* (Metanat, Morvarid) (Filed on 8/1/2011) (Entered: 08/01/2011) |
| 08/02/2011 | 121 | ORDER by Judge James Ware granting 118 Administrative Motion to File Under Seal (sis, COURT STAFF) (Filed on 8/2/2011) (Entered: 08/03/2011) |
| 08/03/2011 | 122 | ORDER SETTING BRIEFING SCHEDULE FOR PLAINTIFFS MOTION TOCOMPEL Motions due by 8/10/2011. Opposition due by 8/17/2011. Signed by Judge James Ware on 8/3/11. (sis, COURT STAFF) (Filed on 8/3/2011) (Entered: 08/03/2011) |
| 08/10/2011 | 123 | Administrative Motion to File Under Seal filed by Facebook, Inc.. (Cooper, Monte) (Filed on 8/10/2011) (Entered: 08/10/2011) |
| 08/10/2011 | 124 | MOTION to Compel *Production of Documents* filed by Facebook, Inc.. Responses due by 8/17/2011. (Attachments: # 1 Affidavit Morvarid Metanat Declaration, # 2 |

| | | |
|---|---|---|
| | | Exhibit 1, # [3](#) Exhibit 2, # [4](#) Exhibit 3, # [5](#) Exhibit 4, # [6](#) Exhibit 5, # [7](#) Exhibit 6, # [8](#) Exhibit 7, # [9](#) Exhibit 8, # [10](#) Exhibit 9, # [11](#) Affidavit L. Melling Declaration, # [12](#) Proposed Order)(Cooper, Monte) (Filed on 8/10/2011) (Entered: 08/10/2011) |
| 08/11/2011 | 125 | CERTIFICATE OF SERVICE by Facebook, Inc. re 124 MOTION to Compel *Production of Documents* (Cooper, Monte) (Filed on 8/11/2011) (Entered: 08/11/2011) |
| 08/17/2011 | 126 | RESPONSE (re 124 MOTION to Compel *Production of Documents* ) filed byPower Ventures, Inc., Steven Vachani. (Fisher, Lawrence) (Filed on 8/17/2011) (Entered: 08/17/2011) |
| 08/18/2011 | 127 | ORDER by Judge James Ware granting 124 Motion to Compel (jwlc2, COURT STAFF) (Filed on 8/18/2011) (Entered: 08/18/2011) |
| 08/22/2011 | 128 | Administrative Motion to File Under Seal *Certain Portions of Facebook's Motion to Compel Defendants to Perform Thorough Search for Responsive Documents and for Production Thereof* filed by Facebook, Inc.. (Cooper, Monte) (Filed on 8/22/2011) (Entered: 08/22/2011) |
| 08/22/2011 | 129 | MOTION to Compel *Defendants to Perform Thorough Search for Responsive Documents and For Production Thereof* filed by Facebook, Inc.. Motion Hearing set for 10/24/2011 09:00 AM in Courtroom 15, 18th Floor, San Francisco before Hon. James Ware. Responses due by 9/6/2011. Replies due by 9/13/2011. (Attachments: # [1](#) Proposed Order, # [2](#) Affidavit Declaration of Theresa Sutton, # [3](#) Exhibit A, # [4](#) Exhibit B, # [5](#) Exhibit C, # [6](#) Exhibit D, # [7](#) Exhibit E, # [8](#) Exhibit F, # [9](#) Exhibit G, # [10](#) Exhibit H, # [11](#) Exhibit I, # [12](#) Exhibit J, # [13](#) Exhibit K, # [14](#) Exhibit L, # [15](#) Exhibit M, # [16](#) Exhibit N, # [17](#) Exhibit O, # [18](#) Exhibit P)(Cooper, Monte) (Filed on 8/22/2011) (Entered: 08/22/2011) |
| 08/22/2011 | 130 | CERTIFICATE OF SERVICE by Facebook, Inc. re 129 MOTION to Compel *Defendants to Perform Thorough Search for Responsive Documents and For Production Thereof* (Cooper, Monte) (Filed on 8/22/2011) (Entered: 08/22/2011) |
| 08/24/2011 | 131 | ORDER by Judge James Ware granting 123 Administrative Motion to File Under Seal (sis, COURT STAFF) (Filed on 8/24/2011) (Entered: 08/24/2011) |
| 08/26/2011 | 132 | Second MOTION to Continue *(Enlarge Time) Pursuant to Civ. Local Rules 6-3 and 16-2* filed by Facebook, Inc.. (Attachments: # [1](#) Proposed Order, # [2](#) Affidavit Declaration of Morvarid Metanat, # [3](#) Exhibit A, # [4](#) Exhibit B, # [5](#) Exhibit C, # [6](#) Exhibit D)(Metanat, Morvarid) (Filed on 8/26/2011) (Entered: 08/26/2011) |
| 08/30/2011 | 133 | RESPONSE (re 132 Second MOTION to Continue *(Enlarge Time) Pursuant to Civ. Local Rules 6-3 and 16-2*Second MOTION to Continue *(Enlarge Time) Pursuant to Civ. Local Rules 6-3 and 16-2* ) filed byPower Ventures, Inc., Steven Vachani. (Attachments: # [1](#) Declaration of L. Timothy Fisher in Opposition to Motion to Enlarge Time)(Fisher, Lawrence) (Filed on 8/30/2011) (Entered: 08/30/2011) |
| 08/31/2011 | 134 | STIPULATION re 127 Order on Motion to Compel *Joint Stipulation Pursuant to the Court's August 18, 2011 Order Granting Plaintiff's Motion to Compel* by Facebook, Inc.. (Attachments: # [1](#) Exhibit A)(Metanat, Morvarid) (Filed on 8/31/2011) (Entered: 08/31/2011) |
| 09/01/2011 | 135 | Declaration of L. Timothy Fisher in Support of 128 Administrative Motion to File Under Seal *Certain Portions of Facebook's Motion to Compel Defendants to Perform Thorough Search for Responsive Documents and for Production Thereof* filed |

| | | |
|---|---|---|
| | | byPower Ventures, Inc., Steven Vachani. (Attachments: # 1 Proposed Order)(Related document(s) 128 ) (Westcot, Sarah) (Filed on 9/1/2011) (Entered: 09/01/2011) |
| 09/06/2011 | 136 | RESPONSE (re 129 MOTION to Compel *Defendants to Perform Thorough Search for Responsive Documents and For Production Thereof* ) filed byPower Ventures, Inc., Steven Vachani. (Attachments: # 1 Declaration of L. Timothy Fisher in Support of Defendants' Opposition to Facebook, Inc.'s Motion to Compel Production of Documents)(Fisher, Lawrence) (Filed on 9/6/2011) (Entered: 09/06/2011) |
| 09/06/2011 | 137 | STIPULATION AND ORDER re 134 Stipulation, filed by Facebook, Inc.. Signed by Judge James Ware on 9/6/11. (sis, COURT STAFF) (Filed on 9/6/2011) (Entered: 09/07/2011) |
| 09/07/2011 | 138 | Administrative Motion to File Under Seal *Certain Portions of Facebook, Inc.'s Motion to Compel the Production of Documents and Discovery Responses from Defendant Power Ventures, Inc. and Exhibits 1-3, 12-20 in Support Thereof* filed by Facebook, Inc.. (Cooper, Monte) (Filed on 9/7/2011) (Entered: 09/07/2011) |
| 09/07/2011 | 139 | MOTION to Compel *Facebook Inc.'s Notice of Motion and Motion to Compel the Production of Documents and Discovery Responses from Defendant Power Ventures, Inc. [REDACTED]* filed by Facebook, Inc.. Motion Hearing set for 10/24/2012 09:00 AM in Courtroom 15, 18th Floor, San Francisco before Hon. James Ware. Responses due by 9/21/2011. Replies due by 9/28/2011. (Metanat, Morvarid) (Filed on 9/7/2011) (Entered: 09/07/2011) |
| 09/07/2011 | 140 | Declaration of Monte M.F. Cooper in Support of 139 MOTION to Compel *Facebook Inc.'s Notice of Motion and Motion to Compel the Production of Documents and Discovery Responses from Defendant Power Ventures, Inc. [REDACTED]* MOTION to Compel *Facebook Inc.'s Notice of Motion and Motion to Compel the Production of Documents and Discovery Responses from Defendant Power Ventures, Inc. [REDACTED]* filed byFacebook, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31)(Related document(s) 139 ) (Metanat, Morvarid) (Filed on 9/7/2011) (Entered: 09/07/2011) |
| 09/08/2011 | 141 | CERTIFICATE OF SERVICE by Facebook, Inc. *Via Electronic Mail* (Metanat, Morvarid) (Filed on 9/8/2011) (Entered: 09/08/2011) |
| 09/09/2011 | 142 | ORDER by Judge James Ware granting 132 Motion to Continue 98 Motion for Summary Judgment(jwlc2, COURT STAFF) (Filed on 9/9/2011) Modified on 10/18/2011 (sis, COURT STAFF). (Entered: 09/09/2011) |
| 09/09/2011 | | Set Deadlines/Hearings:, Discovery due by 1/20/2012. Set/Reset Deadlines as to 98 MOTION for Summary Judgment. Responses due by 11/4/2011. Replies due by 11/11/2011. Motion Hearing set for 12/12/2011 09:00 AM in Courtroom 9, 19th Floor, San Francisco before Hon. James Ware. (sis, COURT STAFF) (Filed on 9/9/2011) (Entered: 09/12/2011) |
| 09/13/2011 | 143 | Administrative Motion to File Under Seal *Certain Portions of Facebook, Inc.'s Reply in Support of Motion to Compel Defendants to Perform Thorough Search for* |

| | | |
|---|---|---|
| | | *Responsive Documents and the Production Thereof and Exhibits S-Y in Support Thereof* filed by Facebook, Inc.. (Metanat, Morvarid) (Filed on 9/13/2011) (Entered: 09/13/2011) |
| 09/13/2011 | 144 | **\*\*\* FILED IN ERROR. REFER TO DOCUMENT 147 . \*\*\*** REPLY (re 129 MOTION to Compel *Defendants to Perform Thorough Search for Responsive Documents and For Production Thereof* ) filed byFacebook, Inc.. (Metanat, Morvarid) (Filed on 9/13/2011) Modified on 9/14/2011 (feriab, COURT STAFF). (Entered: 09/13/2011) |
| 09/13/2011 | 145 | Declaration of Morvarid Metanat in Support of 144 Reply to Opposition/Response *in Support of Motion to Compel Defendants to Perform Thorough Search for Responsive Documents and for Production Thereof* filed byFacebook, Inc.. (Attachments: # 1 Exhibit Q, # 2 Exhibit R, # 3 Exhibit S, # 4 Exhibit T, # 5 Exhibit U, # 6 Exhibit V, # 7 Exhibit W, # 8 Exhibit X, # 9 Exhibit Y, # 10 Exhibit Z, # 11 Exhibit AA, # 12 Exhibit BB, # 13 Exhibit CC)(Related document(s) 144 ) (Metanat, Morvarid) (Filed on 9/13/2011) (Entered: 09/13/2011) |
| 09/13/2011 | 146 | CERTIFICATE OF SERVICE by Facebook, Inc. (Metanat, Morvarid) (Filed on 9/13/2011) (Entered: 09/13/2011) |
| 09/13/2011 | 147 | REPLY (re 129 MOTION to Compel *Defendants to Perform Thorough Search for Responsive Documents and For Production Thereof* ) *CORRECTION OF DOCKET # 144* filed byFacebook, Inc.. (Metanat, Morvarid) (Filed on 9/13/2011) (Entered: 09/13/2011) |
| 09/14/2011 | 148 | ORDER by Judge James Ware granting 128 Administrative Motion to File Under Seal (sis, COURT STAFF) (Filed on 9/14/2011) (Entered: 09/14/2011) |
| 09/21/2011 | 149 | RESPONSE (re 139 MOTION to Compel *Facebook Inc.'s Notice of Motion and Motion to Compel the Production of Documents and Discovery Responses from Defendant Power Ventures, Inc. [REDACTED]* MOTION to Compel *Facebook Inc.'s Notice of Motion and Motion to Compel the Production of Documents and Discovery Responses from Defendant Power Ventures, Inc. [REDACTED]* ) filed byPower Ventures, Inc., Steven Vachani. (Attachments: # 1 Declaration of L. Timothy Fisher in Support of Defendants' Opposition to Facebook Inc.'s Motion to Compel Production of Documents and Discovery Responses, # 2 Declaration of Steve Vachani in Support of Defendants' Opposition to Facebook, Inc.'s Motion to Compel Production of Documents and Discovery Responses)(Fisher, Lawrence) (Filed on 9/21/2011) (Entered: 09/21/2011) |
| 09/28/2011 | 150 | Administrative Motion to File Under Seal *Exhibits 30, 35-37 to the Declaration of Morvarid Metanat In Support Of Reply In Support Of Motion To Compel The Production of Documents and Discovery Responses From Defendant Power Ventures, Inc.* filed by Facebook, Inc.. (Cooper, Monte) (Filed on 9/28/2011) (Entered: 09/28/2011) |
| 09/28/2011 | 151 | REPLY (re 139 MOTION to Compel *Facebook Inc.'s Notice of Motion and Motion to Compel the Production of Documents and Discovery Responses from Defendant Power Ventures, Inc. [REDACTED]* MOTION to Compel *Facebook Inc.'s Notice of Motion and Motion to Compel the Production of Documents and Discovery Responses from Defendant Power Ventures, Inc. [REDACTED]* ) filed byFacebook, Inc.. (Cooper, Monte) (Filed on 9/28/2011) (Entered: 09/28/2011) |

| 09/28/2011 | 152 | Declaration of Morvarid Metanat in Support of 151 Reply to Opposition/Response, filed byFacebook, Inc.. (Attachments: # 1 Exhibit 31, # 2 Exhibit 32, # 3 Exhibit 38, # 4 Exhibit 39, # 5 Exhibit 40, # 6 Exhibit 41, # 7 Exhibit 42, # 8 Exhibit 43)(Related document(s) 151 ) (Cooper, Monte) (Filed on 9/28/2011) (Entered: 09/28/2011) |
|---|---|---|
| 09/28/2011 | 153 | CERTIFICATE OF SERVICE by Facebook, Inc. (Cooper, Monte) (Filed on 9/28/2011) (Entered: 09/28/2011) |
| 10/03/2011 | 154 | NOTICE of Change of Address by Lawrence Timothy Fisher *Notice of Change of Firm Address and Telephone Number* (Fisher, Lawrence) (Filed on 10/3/2011) (Entered: 10/03/2011) |
| 10/06/2011 | 155 | ORDER REFERRING CASE to Magistrate Judge for Discovery purposes. Signed by Judge James Ware on 10/6/11. (sis, COURT STAFF) (Filed on 10/6/2011) (Entered: 10/06/2011) |
| 10/06/2011 | | ***Deadlines terminated. (sis, COURT STAFF) (Filed on 10/6/2011) (Entered: 10/06/2011) |
| 10/06/2011 | 156 | REVISED ORDER REFERRING CASE to Magistrate Judge for Discovery purposes. Signed by Judge James Ware on 10/6/11. (sis, COURT STAFF) (Filed on 10/6/2011) (Entered: 10/06/2011) |
| 10/13/2011 | 157 | Third MOTION to Continue *(Enlarge Time) Pursuant to Civil L.R. 6-3 & 16-2* filed by Facebook, Inc.. (Attachments: # 1 Proposed Order)(Metanat, Morvarid) (Filed on 10/13/2011) (Entered: 10/13/2011) |
| 10/13/2011 | 158 | Declaration of Morvarid Metanat in Support of 157 Third MOTION to Continue *(Enlarge Time) Pursuant to Civil L.R. 6-3 & 16-2* filed byFacebook, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M)(Related document(s) 157 ) (Metanat, Morvarid) (Filed on 10/13/2011) (Entered: 10/13/2011) |
| 10/17/2011 | 159 | RESPONSE (re 157 Third MOTION to Continue *(Enlarge Time) Pursuant to Civil L.R. 6-3 & 16-2* ) *Defendant Power Ventures, Inc.'s Response to Facebook, Inc.'s Third Motion to Enlarge Time* filed byPower Ventures, Inc., Steven Vachani. (Attachments: # 1 Declaration Declaration of L. Timothy Fisher in Support of Defendants' Response to Facebook, Inc.'s Third Motion to Enlarge Time)(Fisher, Lawrence) (Filed on 10/17/2011) (Entered: 10/17/2011) |
| 10/20/2011 | 160 | MOTION Assignment of Magistrate Judge filed by Facebook, Inc.. Responses due by 11/3/2011. Replies due by 11/10/2011. (Attachments: # 1 Proposed Order, # 2 Declaration)(Sutton, Theresa) (Filed on 10/20/2011) (Entered: 10/20/2011) |
| 10/20/2011 | 161 | STIPULATION AND (PROPOSED) ORDER TO EXTEND TIME re 157 Third MOTION to Continue *(Enlarge Time) Pursuant to Civil L.R. 6-3 & 16-2 and [Proposed Order]* by Facebook, Inc.. (Cooper, Monte) (Filed on 10/20/2011) Modified on 10/21/2011 (tsh, COURT STAFF). (Entered: 10/20/2011) |
| 10/20/2011 | 162 | Notice of Withdrawal of Motion *for Assignment of Magistrate Judge* (Sutton, Theresa) (Filed on 10/20/2011) (Entered: 10/20/2011) |
| 10/24/2011 | 163 | ORDER ADOPTING IN PART STIPULATION TO EXTEND TIME re 161 Stipulation, filed by Facebook, Inc., Set/Reset Deadlines as to 161 Stipulation, 98 |

| | | |
|---|---|---|
| | | MOTION for Summary Judgment. Discovery due by 1/20/2012. Last day to hear dispositive motions by 3/19/2012. Preliminary Pretrial Conference set for 12/19/2011 11:00 AM in Courtroom 9, 19th Floor, San Francisco before Hon. James Ware. Joint Preliminary Pretrial Conference statement due by 12/9/11. Expert reports due by 12/19/11. Rebuttal expert reports due by 01/03/12. Motion Hearing 98 set for 12/19/2011 09:00 AM in Courtroom 9, 19th Floor, San Francisco before Hon. James Ware. Signed by Judge James Ware on 10/24/11. (sis, COURT STAFF) (Filed on 10/24/2011) (Entered: 10/24/2011) |
| 10/24/2011 | | Set/Reset Deadlines as to 98 MOTION for Summary Judgment. Responses due by 11/28/2011. Replies due by 12/5/2011. Motion Hearing set for 12/19/2011 09:00 AM in Courtroom 9, 19th Floor, San Francisco before Hon. James Ware. (sis, COURT STAFF) (Filed on 10/24/2011) (Entered: 10/24/2011) |
| 10/24/2011 | 164 | NOTICE OF REFERENCE, TIME AND PLACE OF HEARING RE: 129 MOTION to Compel *Defendants to Perform Thorough Search for Responsive Documents and For Production Thereof*, AND 139 MOTION to Compel *Facebook Inc.'s Notice of Motion and Motion to Compel the Production of Documents and Discovery Responses from Defendant Power Ventures, Inc. [REDACTED]* Motion Hearing set for 11/4/2011 AT 01:30 PM in Courtroom G, 15th Floor, San Francisco before Magistrate Judge Joseph C. Spero. Telephonic Discovery Hearing set for 10/25/2011 at 02:00 PM in Courtroom G, 15th Floor, San Francisco before Magistrate Judge Joseph C. Spero. Signed by Judge Joseph C. Spero on 10/24/2011. (klhS, COURT STAFF) (Filed on 10/24/2011) (Entered: 10/24/2011) |
| 10/24/2011 | | Set/Reset Deadlines as to 98 MOTION for Summary Judgment. Motion Hearing set for 12/19/2011 09:00 AM in Courtroom 9, 19th Floor, San Francisco before Hon. James Ware. (sis, COURT STAFF) (Filed on 10/24/2011) (Entered: 11/28/2011) |
| 10/25/2011 | 165 | Minute Entry: Discovery Hearing held on 10/25/2011 before Joseph C. Spero. (Court Reporter Kathy Wyatt.) (klhS, COURT STAFF) (Date Filed: 10/25/2011) (Entered: 10/25/2011) |
| 11/07/2011 | 166 | Minute Entry: Motion Hearing held on 11/4/2011 before Joseph C. Spero re 139 MOTION to Compel *Facebook Inc.'s Notice of Motion and Motion to Compel the Production of Documents and Discovery Responses from Defendant Power Ventures, Inc. [REDACTED]* MOTION to Compel *Facebook Inc.'s Notice of Motion and Motion to Compel the Production of Documents and Discovery Responses from Defendant Power Ventures, Inc. [REDACTED]* filed by Facebook, Inc., 129 MOTION to Compel *Defendants to Perform Thorough Search for Responsive Documents and For Production Thereof* filed by Facebook, Inc. Motions Granted. (Court Reporter Debra Pas.) (klhS, COURT STAFF) (Date Filed: 11/7/2011) (Entered: 11/07/2011) |
| 11/15/2011 | 167 | Administrative Motion to File Under Seal *FACEBOOK'S MOTION TO FILE UNDER SEAL, JUDGMENT PURSUANT TO CIVIL LOCAL RULE 79-5(B) THE DECLARATIONS OF RYAN MCGEEHAN AND JOSEPH CUTLER, AND PORTIONS OF FACEBOOK'S MOTION FOR PARTIAL SUMMARY JUDGMENT* filed by Facebook, Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order)(Chatterjee, Indra) (Filed on 11/15/2011) (Entered: 11/15/2011) |
| 11/15/2011 | 168 | Administrative Motion to File Under Seal *MOTION FOR SEALING ORDER PURSUANT TO CIVIL L.R. 79-5(D) IN CONNECTION WITH FACEBOOK'S MOTION FOR PARTIAL SUMMARY JUDGMENT* filed by Facebook, Inc.. |

| | | |
|---|---|---|
| | | (Chatterjee, Indra) (Filed on 11/15/2011) (Entered: 11/15/2011) |
| 11/15/2011 | 169 | CERTIFICATE OF SERVICE by Facebook, Inc. re 168 Administrative Motion to File Under Seal *MOTION FOR SEALING ORDER PURSUANT TO CIVIL L.R. 79-5(D) IN CONNECTION WITH FACEBOOK'S MOTION FOR PARTIAL SUMMARY JUDGMENT*, 167 Administrative Motion to File Under Seal *FACEBOOK'S MOTION TO FILE UNDER SEAL, JUDGMENT PURSUANT TO CIVIL LOCAL RULE 79-5(B) THE DECLARATIONS OF RYAN MCGEEHAN AND JOSEPH CUTLER, AND PORTIONS OF FACEBOOK'S MOTION FOR PARTIAL SUMMARY JUDGME Administrative Motion to File Under Seal FACEBOOK'S MOTION TO FILE UNDER SEAL, JUDGMENT PURSUANT TO CIVIL LOCAL RULE 79-5(B) THE DECLARATIONS OF RYAN MCGEEHAN AND JOSEPH CUTLER, AND PORTIONS OF FACEBOOK'S MOTION FOR PARTIAL SUMMARY JUDGME (Chatterjee, Indra) (Filed on 11/15/2011) (Entered: 11/15/2011)* |
| 11/17/2011 | 170 | Administrative Motion to File Under Seal *FACEBOOK'S MOTION TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-5(b)* filed by Facebook, Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order)(Chatterjee, Indra) (Filed on 11/17/2011) (Entered: 11/17/2011) |
| 11/17/2011 | 171 | Administrative Motion to File Under Seal *FACEBOOK'S MOTION TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-5(d)* filed by Facebook, Inc.. (Chatterjee, Indra) (Filed on 11/17/2011) (Entered: 11/17/2011) |
| 11/17/2011 | 172 | CERTIFICATE OF SERVICE by Facebook, Inc. re 170 Administrative Motion to File Under Seal *FACEBOOK'S MOTION TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-5(b)*, 171 Administrative Motion to File Under Seal *FACEBOOK'S MOTION TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-5(d)* (Chatterjee, Indra) (Filed on 11/17/2011) (Entered: 11/17/2011) |
| 11/18/2011 | 173 | Administrative Motion to File Under Seal *FACEBOOK'S MOTION FOR RELIEF TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-5(b), PORTIONS OF FACEBOOK'S CORRECTED MOTION FOR SUMMARY JUDGMENT* filed by Facebook, Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order)(Metanat, Morvarid) (Filed on 11/18/2011) (Entered: 11/18/2011) |
| 11/18/2011 | 174 | Administrative Motion to File Under Seal *MOTION FOR SEALING ORDER PURSUANT TO CIVIL L.R. 79-5(d) IN CONNECTION WITH FACEBOOK'S CORRECTED MOTION FOR PARTIAL SUMMARY JUDGMENT* filed by Facebook, Inc.. (Metanat, Morvarid) (Filed on 11/18/2011) (Entered: 11/18/2011) |
| 11/18/2011 | 175 | CERTIFICATE OF SERVICE by Facebook, Inc. re 174 Administrative Motion to File Under Seal *MOTION FOR SEALING ORDER PURSUANT TO CIVIL L.R. 79-5(d) IN CONNECTION WITH FACEBOOK'S CORRECTED MOTION FOR PARTIAL SUMMARY JUDGMENT Administrative Motion to File Under Seal MOTION FOR SEALING ORDER PURSUANT TO CIVIL L.R. 79-5(d) IN CONNECTION WITH FACEBOOK'S CORRECTED MOTION FOR PARTIAL SUMMARY JUDGMENT*, 173 Administrative Motion to File Under Seal *FACEBOOK'S MOTION FOR RELIEF TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-5(b), PORTIONS OF FACEBOOK'S CORRECTED MOTION FOR SUMMARY JUDGMENT Administrative Motion to File Under Seal FACEBOOK'S MOTION FOR RELIEF TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-5(b), PORTIONS OF FACEBOOK'S CORRECTED MOTION FOR SUMMARY JUDGMENT* (Metanat, |

| | | |
|---|---|---|
| | | Morvarid) (Filed on 11/18/2011) (Entered: 11/18/2011) |
| 11/21/2011 | 176 | Transcript of Proceedings held on 11-4-2011, before Judge Joseph C. Spero. Court Reporter/Transcriber Debra L. Pas, CRR, Telephone number (415) 431-1477. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerks Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction.After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Release of Transcript Restriction set for 2/21/2012. (Pas, Debra) (Filed on 11/21/2011) (Entered: 11/21/2011) |
| 11/22/2011 | 177 | STIPULATION *Stipulation Regarding Motions for Summary Judgment* by Power Ventures, Inc., Steven Vachani. (Attachments: # 1 Proposed Order [Proposed] Order Approving Stipulation Regarding Motions for Summary Judgment)(Fisher, Lawrence) (Filed on 11/22/2011) (Entered: 11/22/2011) |
| 11/28/2011 | 178 | Order by Magistrate Judge Joseph C. Spero granting 138 Administrative Motion to File Under Seal.(jcsS, COURT STAFF) (Filed on 11/28/2011) (Entered: 11/28/2011) |
| 11/28/2011 | 179 | Order by Magistrate Judge Joseph C. Spero granting 143 Administrative Motion to File Under Seal.(jcsS, COURT STAFF) (Filed on 11/28/2011) (Entered: 11/28/2011) |
| 11/28/2011 | 180 | Order by Magistrate Judge Joseph C. Spero granting 150 Administrative Motion to File Under Seal.(jcsS, COURT STAFF) (Filed on 11/28/2011) (Entered: 11/28/2011) |
| 11/28/2011 | 181 | ORDER APPROVING STIPULATION AS MODIFIED re 177 Stipulation, filed by Power Ventures, Inc., Steven Vachani, Set/Reset Deadlines as to 177 Stipulation, 98 MOTION for Summary Judgment. Motion Hearing set for 1/23/2012 09:00 AM in Courtroom 9, 19th Floor, San Francisco before Hon. James Ware.. Signed by Judge James Ware on 11/28/11. (sis, COURT STAFF) (Filed on 11/28/2011) (Entered: 11/28/2011) |
| 11/28/2011 | 182 | ORDER by Judge James Ware granting 167 Administrative Motion to File Under Seal (sis, COURT STAFF) (Filed on 11/28/2011) (Entered: 11/28/2011) |
| 11/28/2011 | 183 | ORDER by Judge James Ware granting 170 Administrative Motion to File Under Seal (sis, COURT STAFF) (Filed on 11/28/2011) (Entered: 11/28/2011) |
| 11/28/2011 | 184 | ORDER by Judge James Ware granting 173 Administrative Motion to File Under Seal (sis, COURT STAFF) (Filed on 11/28/2011) (Entered: 11/28/2011) |
| 11/29/2011 | 185 | Administrative Motion to File Under Seal *Pursuant to Civ. L.R. 79-5(d) in Connection with Errata No. 2 re Facebook's Motion for Partial Summary Judgment on Count 1* filed by Facebook, Inc.. (Attachments: # 1 Certificate/Proof of Service)(Metanat, Morvarid) (Filed on 11/29/2011) (Entered: 11/29/2011) |
| 12/02/2011 | 186 | Administrative Motion to File Under Seal *Defendants' Administrative Motion for Sealing Order Pursuant to Civil L.R. 79-5(d) in Connection with Defendants' Oppositions to Facebook, Inc.'s Motions for Summary Judgment* filed by Power Ventures, Inc., Steven Vachani. (Westcot, Sarah) (Filed on 12/2/2011) (Entered: 12/02/2011) |
| 12/02/2011 | 187 | Administrative Motion to File Under Seal *Pursuant to Civ. L.R. 79-5(d) in Connection with Facebook's Opposition to Defendants' Motion for Summary Judgment* filed by |

| | | Facebook, Inc.. (Attachments: # 1 Certificate/Proof of Service)(Chatterjee, Indra) (Filed on 12/2/2011) (Entered: 12/02/2011) |
|---|---|---|
| 12/02/2011 | 188 | Declaration of L. Timothy Fisher *Declaration of L. Timothy Fisher in Support of Defendants' Oppositions to Facebook's Motions for Partial Summary Judgment on Count 1 (CAN-SPAM Act, 15 U.S.C. Section 7704) and Under California Penal Code Section 502 and the Computer Fraud and Abuse Act, 18 U.S.C. Section 1030* filed byPower Ventures, Inc., Steven Vachani. (Fisher, Lawrence) (Filed on 12/2/2011) (Entered: 12/02/2011) |
| 12/02/2011 | 189 | Declaration of Steve Vachani *Declaration of Steve Vachani in Support of Defendants' Opposition to Facebook's Motions for Partial Summary Judgment on Count 1 (CAN-SPAM Act, 15 U.S.C. Section 7704) and Under California Penal Code Section 502 and the Computer Fraud and Abuse Act, 18 U.S.C. Section 1030* filed byPower Ventures, Inc., Steven Vachani. (Fisher, Lawrence) (Filed on 12/2/2011) (Entered: 12/02/2011) |
| 12/02/2011 | 190 | CERTIFICATE OF SERVICE by Power Ventures, Inc., Steven Vachani *Proof of Service* (Fisher, Lawrence) (Filed on 12/2/2011) (Entered: 12/02/2011) |
| 12/07/2011 | 191 | MOTION to Continue *Facebook's Motion to Enlarge Time Pursuant to Civ. L.R. 6-3* filed by Facebook, Inc.. (Attachments: # 1 Proposed Order, # 2 Declaration, # 3 Exhibit A, # 4 Exhibit B)(Metanat, Morvarid) (Filed on 12/7/2011) (Entered: 12/07/2011) |
| 12/08/2011 | 192 | Statement *Defendants' Statement of Non-Opposition to Facebook Inc.'s Motion to Enlarge Time Pursuant to Civil Local Rule 6-3* by Power Ventures, Inc., Steven Vachani. (Fisher, Lawrence) (Filed on 12/8/2011) (Entered: 12/08/2011) |
| 12/09/2011 | 193 | JOINT CASE MANAGEMENT STATEMENT - *Joint Preliminary Pretrial Conference Statement* filed by Facebook, Inc.. (Chatterjee, Indra) (Filed on 12/9/2011) (Entered: 12/09/2011) |
| 12/12/2011 | 194 | Administrative Motion to File Under Seal *Defendants' Administrative Motion for Sealing Order Pursuant to Civil L.R. 79-5(D) in Connection with Defendants' Reply Brief in Support of Motion for Summary Judgment* filed by Power Ventures, Inc., Steven Vachani. (Fisher, Lawrence) (Filed on 12/12/2011) (Entered: 12/12/2011) |
| 12/12/2011 | 195 | Administrative Motion to File Under Seal *Pursuant to Civ. L.R. 79(5)(d) in Connection with Facebook's Reply Memorandum In Support of Motions for Partial Summary Judgment* filed by Facebook, Inc.. (Chatterjee, Indra) (Filed on 12/12/2011) (Entered: 12/12/2011) |
| 12/12/2011 | 196 | Declaration of L. Timothy Fisher *Reply Declaration of L. Timothy Fisher in Support of Defendants' Motion for Summary Judgment* filed byPower Ventures, Inc., Steven Vachani. (Fisher, Lawrence) (Filed on 12/12/2011) (Entered: 12/12/2011) |
| 12/12/2011 | 197 | CERTIFICATE OF SERVICE by Power Ventures, Inc., Steven Vachani *Proof of Service* (Fisher, Lawrence) (Filed on 12/12/2011) (Entered: 12/12/2011) |
| 12/13/2011 | 198 | CERTIFICATE OF SERVICE by Facebook, Inc. re 195 Administrative Motion to File Under Seal *Pursuant to Civ. L.R. 79(5)(d) in Connection with Facebook's Reply Memorandum In Support of Motions for Partial Summary Judgment* (Chatterjee, Indra) (Filed on 12/13/2011) (Entered: 12/13/2011) |

| 12/13/2011 | 199 | Declaration of Morvarid Metanat in Support of 186 Administrative Motion to File Under Seal *Defendants' Administrative Motion for Sealing Order Pursuant to Civil L.R. 79-5(d) in Connection with Defendants' Oppositions to Facebook, Inc.'s Motions for Summay Judgment* Administrative Motion to File Under Seal *Defendants' Administrative Motion for Sealing Order Pursuant to Civil L.R. 79-5(d) in Connection with Defendants' Oppositions to Facebook, Inc.'s Motions for Summary Judgment* filed byFacebook, Inc.. (Attachments: # 1 Proposed Order)(Related document(s) 186 ) (Metanat, Morvarid) (Filed on 12/13/2011) (Entered: 12/13/2011) |
|---|---|---|
| 12/13/2011 | 200 | ORDER by Judge James Ware vacating hearing 191 Motion to Continue (jwlc3, COURT STAFF) (Filed on 12/13/2011) (Entered: 12/13/2011) |
| 12/13/2011 | 201 | Declaration of L. Timothy Fisher in Support of 168 Administrative Motion to File Under Seal *MOTION FOR SEALING ORDER PURSUANT TO CIVIL L.R. 79-5(D) IN CONNECTION WITH FACEBOOK'S MOTION FOR PARTIAL SUMMARY JUDGMENT*, 195 Administrative Motion to File Under Seal *Pursuant to Civil L.R. 79(5)(d) in Connection with Facebook's Reply Memorandum In Support of Motions for Partial Summary Judgment*, 187 Administrative Motion to File Under Seal *Pursuant to Civ. L.R. 79-5(d) in Connection with Facebook's Opposition to Defendants' Motion for Summary Judgment* Administrative Motion to File Under Seal *Pursuant to Civ. L.R. 79-5(d) in Connection with Facebook's Opposition to Defendants' Motion for Summary Judgment*, 185 Administrative Motion to File Under Seal *Pursuant to Civ. L.R. 79-5(d) in Connection with Errata No. 2 re Facebook's Motion for Partial Summary Judgment on Count 1* Administrative Motion to File Under Seal *Pursuant to Civ. L.R. 79-5(d) in Connection with Errata No. 2 re Facebook's Motion for Partial Summary Judgment on Count 1*, 171 Administrative Motion to File Under Seal *FACEBOOK'S MOTION TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-5(d)*, 174 Administrative Motion to File Under Seal *MOTION FOR SEALING ORDER PURSUANT TO CIVIL L.R. 79-5(d) IN CONNECTION WITH FACEBOOK'S CORRECTED MOTION FOR PARTIAL SUMMARY JUDGMENT* Administrative Motion to File Under Seal *MOTION FOR SEALING ORDER PURSUANT TO CIVIL L.R. 79-5(d) IN CONNECTION WITH FACEBOOK'S CORRECTED MOTION FOR PARTIAL SUMMARY JUDGMENT* filed byPower Ventures, Inc., Steven Vachani. (Attachments: # 1 Proposed Order Sealing Certain Portions of Facebook, Inc.'s Motions for Partial Summary Judgment and Facebook's Opposition to Defendants' Motion for Summary Judgment)(Related document(s) 168 , 195 , 187 , 185 , 171 , 174 ) (Fisher, Lawrence) (Filed on 12/13/2011) (Entered: 12/13/2011) |
| 12/14/2011 | 202 | Declaration of Morvarid Metanat in Support of 194 Administrative Motion to File Under Seal *Defendants' Administrative Motion for Sealing Order Pursuant to Civil L.R. 79-5(D) in Connection with Defendants' Reply Brief in Support of Motion for Summary Judgment* Administrative Motion to File Under Seal *Defendants' Administrative Motion for Sealing Order Pursuant to Civil L.R. 79-5(D) in Connection with Defendants' Reply Brief in Support of Motion for Summary Judgment* filed byFacebook, Inc.. (Attachments: # 1 Proposed Order)(Related document(s) 194 ) (Metanat, Morvarid) (Filed on 12/14/2011) (Entered: 12/14/2011) |
| 12/19/2011 | 203 | ORDER by Judge James Ware granting 168 Administrative Motion to File Under Seal; granting 171 Administrative Motion to File Under Seal; granting 174 Administrative Motion to File Under Seal; granting 185 Administrative Motion to File Under Seal; granting 187 Administrative Motion to File Under Seal; granting 195 |

| | | |
|---|---|---|
| | | Administrative Motion to File Under Seal (sis, COURT STAFF) (Filed on 12/19/2011) (Entered: 12/19/2011) |
| 12/19/2011 | 204 | ORDER by Judge James Ware granting 186 Administrative Motion to File Under Seal (sis, COURT STAFF) (Filed on 12/19/2011) (Entered: 12/19/2011) |
| 12/19/2011 | 205 | ORDER by Judge James Ware granting 194 Administrative Motion to File Under Seal (sis, COURT STAFF) (Filed on 12/19/2011) (Entered: 12/19/2011) |
| 01/17/2012 | 206 | MOTION for Leave to File *Brief of Amicus Curiae Electronic Frontier Foundation In Support of Defendant Power Ventures' Motion for Summary Judgment on Count 1* filed by Electronic Frontier Foundation. (Attachments: # 1 Declaration of Marcia Hofmann, # 2 Exhibit Amicus Brief, # 3 Proposed Order)(Hofmann, Marcia) (Filed on 1/17/2012) (Entered: 01/17/2012) |
| 01/19/2012 | 207 | DOCUMENT E-FILED UNDER SEAL re 121 Order on Administrative Motion to File Under Seal *JOINT STATEMENT PER JULY 14, 2011 COURT ORDER ON DISCOVERY* by Facebook, Inc.. (Attachments: # 1 Exhibit Ex. 3 to Metanat Declaration)(Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 208 | DOCUMENT E-FILED UNDER SEAL re 131 Order on Administrative Motion to File Under Seal *MOTION TO COMPEL POWER TO PRODUCE DOCUMENTS (Filed on 8/8/11)* by Facebook, Inc.. (Attachments: # 1 Exhibit 2 to Metanat Declaration, # 2 Exhibit 7 (1 of 5) to Metanat Declaration, # 3 Exhibit 7 (2 of 5) to Metanat Declaration, # 4 Exhibit 7 (3 of 5) to Metanat Declaration, # 5 Exhibit 7 (4 of 5) to Metanat Declaration, # 6 Exhibit 7 (5 of 5) to Metanat Declaration, # 7 Exhibit 8 to Metanat Declaration)(Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 209 | DOCUMENT E-FILED UNDER SEAL re 148 Order on Administrative Motion to File Under Seal *MOTION TO COMPEL POWER TO PERFROM THOROUGH SEARCH FOR DOCUMENTS (Filed on 8/22/11)* by Facebook, Inc.. (Attachments: # 1 Exhibit E to Sutton Declaration)(Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 210 | DOCUMENT E-FILED UNDER SEAL re 178 Order on Administrative Motion to File Under Seal *MOTION TO COMPEL PRODUCTION (Filed on 9/7/11)* by Facebook, Inc.. (Attachments: # 1 Exhibit 1 to Cooper Declaration, # 2 Exhibit 3 to Cooper Declaration, # 3 Exhibit 12 to Cooper Declaration, # 4 Exhibit 13 to Cooper Declaration, # 5 Exhibit 14 to Cooper Declaration, # 6 Exhibit 15 to Cooper Declaration, # 7 Exhibit 16 to Cooper Declaration, # 8 Exhibit 17 to Cooper Declaration, # 9 Exhibit 18 to Cooper Declaration, # 10 Exhibit 19 to Cooper Declaration, # 11 Exhibit 20 to Cooper Declaration, # 12 Exhibit 24 to Cooper Declaration, # 13 Exhibit 25 to Cooper Declaration, # 14 Exhibit 26 to Cooper Declaration, # 15 Exhibit 27 to Cooper Declaration, # 16 Exhibit 28 to Cooper Declaration, # 17 Exhibit 29 to Cooper Declaration)(Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 211 | DOCUMENT E-FILED UNDER SEAL re 179 Order on Administrative Motion to File Under Seal *MOTION TO COMPEL PRODUCTION (Filed on 9/13/11)* by Facebook, Inc.. (Attachments: # 1 Exhibit S to Metanat Declaration, # 2 Exhibit U to Metanat Declaration, # 3 Exhibit V to Metanat Declaration, # 4 Exhibit W to Metanat Declaration, # 5 Exhibit X to Metanat Declaration, # 6 Exhibit Y to Metanat Declaration)(Chatterjee, Indra) (Filed on 1/19/2012) Modified on 1/24/2012 (ewn, COURT STAFF). (Entered: 01/19/2012) |

ER 226

| | | |
|---|---|---|
| 01/19/2012 | 212 | DOCUMENT E-FILED UNDER SEAL re 180 Order on Administrative Motion to File Under Seal *EXHIBIT 30 TO DECLARATION OF MORVARID METANAT IN SUPPORT OF REPLY RE MOTION TO COMPEL PRODUCTION (Filed on 9/28/11)* by Facebook, Inc.. (Attachments: # 1 Exhibit 33 to Metanat Declaration, # 2 Exhibit 34 to Metanat Declaration, # 3 Exhibit 35 to Metanat Declaration, # 4 Exhibit 36 to Metanat Declaration, # 5 Exhibit 37 to Metanat Declaration)(Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 213 | DOCUMENT E-FILED UNDER SEAL re 182 Order on Administrative Motion to File Under Seal *MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT 1 (Filed on 11/4/11)* by Facebook, Inc.. (Attachments: # 1 Proposed Order, # 2 Declaration Cutler Declaration, # 3 Exhibit C to Cutler Declaration, # 4 Declaration McGeehan Declaration, # 5 Exhibit 2 to McGeehan Declaration, # 6 Exhibit 3 to McGeehan Declaration, # 7 Exhibit 4 to McGeehan Declaration)(Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 214 | DOCUMENT E-FILED UNDER SEAL re 183 Order on Administrative Motion to File Under Seal *MOTION FOR PARTIAL SUMMARY JUDGMENT UNDER PENAL CODE SECTION 502 AND COMPUTER FRAUD AND ABUSE ACT (Filed on 11/17/11)* by Facebook, Inc.. (Attachments: # 1 Proposed Order, *** **# 2 Exhibit 1 to Metanat Declaration, # 3 Exhibit 2 to Metanat Declaration, # 4 Exhibit 3 to Metanat Declaration, # 5 Exhibit 6 to Metanat Declaration, # 6 Exhibit 7 to Metanat Declaration, # 7 Exhibit 8 to Metanat Declaration, # 8 Exhibit 9 to Metanat Declaration, # 9 Exhibit 10 to Metanat Declaration FILED IN ERROR. PLEASE SEE DOCKET # 236** . *** )(Chatterjee, Indra) (Filed on 1/19/2012) Modified on 1/24/2012 (ewn, COURT STAFF). (Entered: 01/19/2012) |
| 01/19/2012 | 215 | DOCUMENT E-FILED UNDER SEAL re 184 Order on Administrative Motion to File Under Seal *CORRECTED MOTION FOR PARTIAL SUMMARY JUDGEMENT ON COUNT 1 (Filed on 11/18/11)* by Facebook, Inc.. (Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 216 | DOCUMENT E-FILED UNDER SEAL re 203 Order on Administrative Motion to File Under Seal,,,,,,,,,,, *EXHIBITS TO COOPER DECLARATION IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT 1 (Filed on 11/14/11)* by Facebook, Inc.. (Attachments: # 1 Exhibit 3 to Cooper Declaration, # 2 Exhibit 4 to Cooper Declaration, # 3 Exhibit 9 to Cooper Declaration)(Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 217 | DOCUMENT E-FILED UNDER SEAL re 203 Order on Administrative Motion to File Under Seal,,,,,,,,,,, *DECLARATION OF LAWRENCE MELLING IN SUPPORT OF FACEBOOK'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT 1 (Filed on 11/14/11)* by Facebook, Inc.. (Attachments: # 1 Exhibit A to Melling Declaration, # 2 Exhibit B to Melling Declaration, # 3 Exhibit C to Melling Declaration, # 4 Exhibit D to Melling Declaration, # 5 Exhibit E to Melling Declaration, # 6 Exhibit F to Melling Declaration, # 7 Exhibit G to Melling Declaration, # 8 Exhibit H to Melling Declaration, # 9 Exhibit I to Melling Declaration, # 10 Exhibit J to Melling Declaration, # 11 Exhibit K to Melling Declaration, # 12 Exhibit L to Melling Declaration, # 13 Exhibit M to Melling Declaration)(Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 218 | DOCUMENT E-FILED UNDER SEAL re 203 Order on Administrative Motion to |

| | | |
|---|---|---|
| | | File Under Seal,,,,,,,,,,, *ERRATA NO. 2 TO THE DECLARATION OF LAWRENCE MELLING IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT 1 (Filed on 11/29/11)* by Facebook, Inc.. (Attachments: # 1 Exhibit D to Errata, # 2 Exhibit N to Errata)(Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 219 | DOCUMENT E-FILED UNDER SEAL re 203 Order on Administrative Motion to File Under Seal,,,,,,,,,,, *EXHIBIT 1 TO DECLARATION OF THERESA SUTTON IN SUPPORT OF FACEBOOK'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Filed on 12/2/11)* by Facebook, Inc.. (Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 220 | DOCUMENT E-FILED UNDER SEAL re 203 Order on Administrative Motion to File Under Seal,,,,,,,,,,, *DECLARATION OF LAWRENCE MELLING IN SUPPORT OF FACEBOOK'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Filed on 12/2/11)* by Facebook, Inc.. (Attachments: # 1 Exhibit A to Melling Declaration, # 2 Exhibit B to Melling Declaration, # 3 Exhibit C to Melling Declaration, # 4 Exhibit D to Melling Declaration, # 5 Exhibit E to Melling Declaration, # 6 Exhibit F to Melling Declaration, # 7 Exhibit G to Melling Declaration, # 8 Exhibit H to Melling Declaration, # 9 Exhibit I to Melling Declaration, # 10 Exhibit J to Melling Declaration, # 11 Exhibit K to Melling Declaration, # 12 Exhibit L to Melling Declaration, # 13 Exhibit M to Melling Declaration, # 14 Exhibit N to Melling Declaration, # 15 Exhibit O to Melling Declaration, # 16 Exhibit P to Melling Declaration, # 17 Exhibit Q to Melling Declaration)(Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 221 | DOCUMENT E-FILED UNDER SEAL re 203 Order on Administrative Motion to File Under Seal,,,,,,,,,,, *FACEBOOK'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT* by Facebook, Inc.. (Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 222 | **\*\*\* FILED IN ERROR. PLEASE SEE DOCKET # 240 . \*\*\*** DOCUMENT E-FILED UNDER SEAL re 203 Order on Administrative Motion to File Under Seal,,,,,,,,,, *FACEBOOK'S OBJECTIONS TO EVIDENCE SUBMITTED BY DEFENDANTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Filed on 12/2/11)* by Facebook, Inc.. (Chatterjee, Indra) (Filed on 1/19/2012) Modified on 1/24/2012 (ewn, COURT STAFF). (Entered: 01/19/2012) |
| 01/19/2012 | 223 | ORDER (as modified) by Judge James Ware granting 206 Motion for Leave to File (sis, COURT STAFF) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 224 | DOCUMENT E-FILED UNDER SEAL re 179 Order on Administrative Motion to File Under Seal *EXHIBIT T TO THE DECLARATION OF MORVARID METANAT IN SUPPORT OF FACEBOOK'S REPLY IN SUPPORT OF MOTION TO COMPEL (Filed on 9/13/11)* by Facebook, Inc.. (Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 225 | REDACTION to 213 Document E-Filed Under Seal,, *MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT 1 (Filed 11/14/11)* by Facebook, Inc.. (Attachments: # 1 Declaration Cutler Declaration, # 2 Exhibit C to Cutler Declaration) (Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 226 | REDACTION to 214 Document E-Filed Under Seal,, *MOTION FOR PARTIAL SUMMARY JUDGMENT UNDER CA PENAL CODE SECTION 502 AND CFAA* |

| | | |
|---|---|---|
| | | *(Filed 11/17/11)* by Facebook, Inc.. (Attachments: # 1 Exhibit 8 to Metanat Declaration, # 2 Exhibit 9 to Metanat Declaration)(Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 227 | REDACTION to 215 Document E-Filed Under Seal *CORRECTED MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT 1 (Filed 11/18/11)* by Facebook, Inc.. (Attachments: # 1 Errata)(Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 228 | REDACTION to 221 Document E-Filed Under Seal *OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Filed 12/2/11)* by Facebook, Inc.. (Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 229 | REDACTION to 216 Document E-Filed Under Seal, *EXHIBIT 2 TO DECLARATION OF MONTE COOPER IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (Filed 11/14/11)* by Facebook, Inc.. (Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 230 | REDACTION to 219 Document E-Filed Under Seal, *EXHIBIT 1 TO THE DECLARATION OF THERESA SUTTON IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Filed 12/2/11)* by Facebook, Inc.. (Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 231 | DOCUMENT E-FILED UNDER SEAL re 121 Order on Administrative Motion to File Under Seal *Declaration of L. Timothy Fisher in Support of Defendants' Motion for Summary Judgment* by Power Ventures, Inc., Steven Vachani. (Fisher, Lawrence) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 232 | Declaration of Monte M.F. Cooper in Support of 216 Document E-Filed Under Seal, *IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT 1 (Filed 11/14/11)* filed byFacebook, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 5, # 3 Exhibit 6, # 4 Exhibit 7, # 5 Exhibit 10, # 6 Exhibit 11)(Related document(s) 216 ) (Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 233 | EXHIBITS re 213 Document E-Filed Under Seal,, *EXHIBITS A AND B TO CUTLER DECLARATION AND EXHIBIT 1 TO MCGHEEHAN DECLARATION IN SUPPORT OF FACEBOOK'S MOTION FOR SUMMARY JUDGMENT (Filed on 11/14/11)* filed byFacebook, Inc.. (Attachments: # 1 Exhibit B to Cutler Declaration, # 2 Exhibit 1 to McGheehan Declaration)(Related document(s) 213 ) (Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 234 | DOCUMENT E-FILED UNDER SEAL re 204 Order on Administrative Motion to File Under Seal *Defendants' Memorandum of Points and Authorities in Opposition to Facebook's Motion for Partial Summary Judgment on Count 1 (Can-Spam Act, 15 U.S.C. Section 7704)* by Power Ventures, Inc., Steven Vachani. (Fisher, Lawrence) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 235 | DOCUMENT E-FILED UNDER SEAL re 204 Order on Administrative Motion to File Under Seal *Defendants' Memorandum of Points and Authorities in Opposition to Facebook's Motion for Partial Summary Judgment Under California Penal Code Section 502 and the Computer Fraud and Abuse Act, 18 U.S.C. Section 1030* by Power Ventures, Inc., Steven Vachani. (Fisher, Lawrence) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| | | |

| | | |
|---|---|---|
| 01/19/2012 | 236 | Declaration of Morvarid Metanat in Support of 226 Redacted Document, *IN SUPPORT OF FACEBOOK'S MOTION FOR PARTIAL SUMMARY JUDGMENT UNDER CA PENAL CODE SECTION 502 AND CFAA (Filed 11/17/11)* filed byFacebook, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Related document(s) 226 ) (Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 237 | DOCUMENT E-FILED UNDER SEAL re 205 Order on Administrative Motion to File Under Seal *Defendants' Reply Brief in Support of Motion for Summary Judgment* by Power Ventures, Inc., Steven Vachani. (Fisher, Lawrence) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 238 | OBJECTIONS to *EVIDENCE SUBMITTED IN SUPPORT OF DEFENDANTS' OPPOSITION TO FACEBOOK'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT ON COUNT 1 AND UNDER CA PENAL CODE SECTION 502 AND CFAA (Filed on 12/2/11)* by Facebook, Inc.. (Attachments: # 1 Proposed Order)(Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 239 | REDACTION to 234 Document E-Filed Under Seal, *Defendants' Memorandum of Points and Authorities in Opposition to Facebook's Motion for Partial Summary Judgment on Count 1 (CAN-SPAM Act, 15 U.S.C. Section 7704)* by Steven Vachani, Power Ventures, Inc.. (Fisher, Lawrence) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 240 | OBJECTIONS to *EVIDENCE SUBMITTED BY DEFENDANTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Filed on 12/2/11)* by Facebook, Inc.. (Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 241 | Declaration of Theresa Sutton in Support of 219 Document E-Filed Under Seal, *IN SUPPORT OF FACEBOOK'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Filed 12/2/11)* filed byFacebook, Inc.. (Attachments: # 1 Exhibit 2, # 2 Exhibit 3, # 3 Exhibit 4)(Related document(s) 219 ) (Chatterjee, Indra) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 242 | REDACTION to 235 Document E-Filed Under Seal, *Defendants' Memorandum of Points and Authorities in Opposition to Facebook's Motion for Partial Summary Judgment Under California Penal Code Section 502 and the Computer Fraud and Abuse Act, 18 U.S.C. Section 1030* by Steven Vachani, Power Ventures, Inc.. (Fisher, Lawrence) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/19/2012 | 243 | REDACTION to 237 Document E-Filed Under Seal *Defendants' Reply Brief in Support of Motion for Summary Judgment* by Steven Vachani, Power Ventures, Inc.. (Fisher, Lawrence) (Filed on 1/19/2012) (Entered: 01/19/2012) |
| 01/20/2012 | 244 | DOCUMENT E-FILED UNDER SEAL re 203 Order on Administrative Motion to File Under Seal,,,,,,,,,,, *FACEBOOK'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT 1 (Filed 12/12/11)* by Facebook, Inc.. (Chatterjee, Indra) (Filed on 1/20/2012) (Entered: 01/20/2012) |
| 01/20/2012 | 245 | DOCUMENT E-FILED UNDER SEAL re 203 Order on Administrative Motion to File Under Seal,,,,,,,,,, *FACEBOOK'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT RE CA PENAL CODE SECTION 502 AND CFAA (Filed 12/12/11)* by Facebook, Inc.. (Chatterjee, Indra) (Filed on 1/20/2012) (Entered: 01/20/2012) |

| | | |
|---|---|---|
| 01/20/2012 | 246 | REDACTION to 244 Document E-Filed Under Seal, by Facebook, Inc.. (Chatterjee, Indra) (Filed on 1/20/2012) (Entered: 01/20/2012) |
| 01/20/2012 | 247 | REDACTION to 245 Document E-Filed Under Seal, by Facebook, Inc.. (Chatterjee, Indra) (Filed on 1/20/2012) (Entered: 01/20/2012) |
| 01/20/2012 | 248 | Declaration of Neel Chatterjee in Support of 244 Document E-Filed Under Seal, 245 Document E-Filed Under Seal, filed byFacebook, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7) (Related document(s) 244 , 245 ) (Chatterjee, Indra) (Filed on 1/20/2012) (Entered: 01/20/2012) |
| 01/20/2012 | 249 | CERTIFICATE OF SERVICE by Facebook, Inc. re 216 Document E-Filed Under Seal, 217 Document E-Filed Under Seal,,, 207 Document E-Filed Under Seal, 222 Document E-Filed Under Seal, 210 Document E-Filed Under Seal,,, 221 Document E-Filed Under Seal, 214 Document E-Filed Under Seal,, 212 Document E-Filed Under Seal, 209 Document E-Filed Under Seal, 234 Document E-Filed Under Seal, 220 Document E-Filed Under Seal,,,, 219 Document E-Filed Under Seal, 218 Document E-Filed Under Seal, 211 Document E-Filed Under Seal, 235 Document E-Filed Under Seal, 213 Document E-Filed Under Seal,, 231 Document E-Filed Under Seal, 224 Document E-Filed Under Seal, 208 Document E-Filed Under Seal,, 215 Document E-Filed Under Seal (Chatterjee, Indra) (Filed on 1/20/2012) (Entered: 01/20/2012) |
| 01/20/2012 | 250 | CERTIFICATE OF SERVICE by Facebook, Inc. re 244 Document E-Filed Under Seal, 245 Document E-Filed Under Seal, (Chatterjee, Indra) (Filed on 1/20/2012) (Entered: 01/20/2012) |
| 01/20/2012 | 251 | Administrative Motion to File Under Seal filed by Facebook, Inc.. (Metanat, Morvarid) (Filed on 1/20/2012) (Entered: 01/20/2012) |
| 01/20/2012 | 252 | CERTIFICATE OF SERVICE by Facebook, Inc. re 251 Administrative Motion to File Under Seal *FACEBOOK'S CONFIDENTIAL MOTION AND DECLARATION* (Metanat, Morvarid) (Filed on 1/20/2012) (Entered: 01/20/2012) |
| 01/23/2012 | 253 | Minute Entry: Arguments heard, matter submitted. Court to issue order.Motion Hearing held on 1/23/2012 before James Ware (Date Filed: 1/23/2012) re 98 MOTION for Summary Judgment filed by Power Ventures, Inc., Steven Vachani. (Court Reporter Kathy Sullivan). (sis, COURT STAFF) (Date Filed: 1/23/2012) (Entered: 01/23/2012) |
| 01/24/2012 | 254 | RESPONSE to *Defendants' Opposition to Facebook Inc.'s Motion for Administrative Relief Pursuant to Civil Local Rule 7-11 for Leave to File Supplemental Materials in Support of Motions for Partial Summary Judgment and Opposition to Defendants' Motion for Summary Judgment* by Power Ventures, Inc., Steven Vachani. (Attachments: # 1 Declaration of L. Timothy Fisher, # 2 Proposed Order)(Fisher, Lawrence) (Filed on 1/24/2012) (Entered: 01/24/2012) |
| 01/26/2012 | 255 | Administrative Motion to File Under Seal *JOINT LETTER BRIEFS AND SUPPORTING DOCUMENTS* filed by Facebook, Inc.. (Metanat, Morvarid) (Filed on 1/26/2012) (Entered: 01/26/2012) |
| 01/26/2012 | 256 | CERTIFICATE OF SERVICE by Facebook, Inc. re 255 Administrative Motion to File Under Seal *JOINT LETTER BRIEFS AND SUPPORTING DOCUMENTS* (Metanat, Morvarid) (Filed on 1/26/2012) (Entered: 01/26/2012) |

| 01/27/2012 | 257 | Transcript of Proceedings held on 1/23/12, before Judge James Ware. Court Reporter/Transcriber Katherine Powell Sullivan, RPR, CRR, CSR, Telephone number 415-794-6659/Katherine_Sullivan@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerks Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction.After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Redaction Request due 2/17/2012. Redacted Transcript Deadline set for 2/27/2012. Release of Transcript Restriction set for 4/26/2012. (Sullivan, Katherine) (Filed on 1/27/2012) (Entered: 01/27/2012) |
|---|---|---|
| 02/03/2012 | 258 | Declaration of L. Timothy Fisher in Support of 255 Administrative Motion to File Under Seal *JOINT LETTER BRIEFS AND SUPPORTING DOCUMENTS*, 251 Administrative Motion to File Under Seal filed byPower Ventures, Inc., Steven Vachani. (Attachments: # 1 Proposed Order Sealing Portions of the Transcript of the January 9, 2012 Deposition of Steve Vachani)(Related document(s) 255 , 251 ) (Westcot, Sarah) (Filed on 2/3/2012) (Entered: 02/03/2012) |
| 02/06/2012 | 259 | Order, signed 2/6/12, by Magistrate Judge Joseph C. Spero granting 255 Administrative Motion to File Under SealPortions of the Transcript of the January 9, 2012 Deposition of Steve Vachani.(klhS, COURT STAFF) (Filed on 2/6/2012) (Entered: 02/06/2012) |
| 02/07/2012 | 260 | NOTICE by Power Ventures, Inc., Steven Vachani *Notice of Withdrawal of Confidential Designation Regarding Facebook's Motion for Administrative Relief to File Under Seal Pursuant to Civil Local Rule 79-5(d) (Dkt. No. 251)* (Fisher, Lawrence) (Filed on 2/7/2012) (Entered: 02/07/2012) |
| 02/08/2012 | 261 | Administrative Motion to File Under Seal *Pursuant to Civil Local Rule 79-5(D)* filed by Facebook, Inc.. (Metanat, Morvarid) (Filed on 2/8/2012) (Entered: 02/08/2012) |
| 02/09/2012 | 262 | CERTIFICATE OF SERVICE by Facebook, Inc. re 261 Administrative Motion to File Under Seal *Pursuant to Civil Local Rule 79-5(D)* (Metanat, Morvarid) (Filed on 2/9/2012) (Entered: 02/09/2012) |
| 02/10/2012 | 263 | CLERKS NOTICE Discovery Hearing set for 2/24/2012 at 09:30 AM in Courtroom G, 15th Floor, San Francisco before Magistrate Judge Joseph C. Spero. (klhS, COURT STAFF) (Filed on 2/10/2012) (Entered: 02/10/2012) |
| 02/10/2012 | 264 | MOTION File Supplemental Materials in Support of Partial Motion for Summary Judgment and Opposition to Defendants' Motion for Summary Judgment re 214 Document E-Filed Under Seal,, 260 Notice (Other), 213 Document E-Filed Under Seal,, filed by Facebook, Inc.. Responses due by 2/24/2012. Replies due by 3/2/2012. (Attachments: # 1 Declaration Morvarid Metanat, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Supplement L, # 14 Exhibit M) (Metanat, Morvarid) (Filed on 2/10/2012) (Entered: 02/10/2012) |
| 02/10/2012 | 265 | Letter from Both Parties *re Supervised 30(b)(6) Deposition*. (Attachments: # 1 Declaration Morvarid Metanat, # 2 Exhibit 1, # 3 Exhibit 2)(Metanat, Morvarid) (Filed on 2/10/2012) (Entered: 02/10/2012) |
| 02/10/2012 | 266 | DOCUMENT E-FILED UNDER SEAL re 259 Order on Administrative Motion to File Under Seal *Letter brief re Compelling Brazilian Witness for Deposition* by |

ER 232

| | | |
|---|---|---|
| | | Facebook, Inc.. (Attachments: # 1 Exhibit B, # 2 Exhibit H)(Metanat, Morvarid) (Filed on 2/10/2012) (Entered: 02/10/2012) |
| 02/10/2012 | 267 | Letter from Both Parties *re Compelling Brazilian Witness for Deposition*. (Attachments: # 1 Declaration Monte Cooper, # 2 Exhibit A, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit I, # 9 Exhibit J, # 10 Exhibit K, # 11 Exhibit L, # 12 Exhibit M)(Metanat, Morvarid) (Filed on 2/10/2012) (Entered: 02/10/2012) |
| 02/10/2012 | 268 | DOCUMENT E-FILED UNDER SEAL re 259 Order on Administrative Motion to File Under Seal *Letter Brief re Compelling Production of Emails* by Facebook, Inc.. (Attachments: # 1 Exhibit 8)(Metanat, Morvarid) (Filed on 2/10/2012) (Entered: 02/10/2012) |
| 02/10/2012 | 269 | Letter from Both Parties *re Compelling Production of Emails*. (Attachments: # 1 Declaration Monte Cooper, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 9)(Metanat, Morvarid) (Filed on 2/10/2012) (Entered: 02/10/2012) |
| 02/10/2012 | 270 | Declaration of L. Timothy Fisher in Support of 267 Letter, 265 Letter, 269 Letter, 266 Document E-Filed Under Seal, 268 Document E-Filed Under Seal *re Joint Letters* filed byFacebook, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B (Redacted)) (Related document(s) 267 , 265 , 269 , 266 , 268 ) (Metanat, Morvarid) (Filed on 2/10/2012) (Entered: 02/10/2012) |
| 02/10/2012 | 271 | DOCUMENT E-FILED UNDER SEAL re 259 Order on Administrative Motion to File Under Seal *CONFIDENTIAL EXHIBIT B TO THE DECLARATION OF L. TIMOTHY FISHER IN SUPPORT OF DOCKET NOS. 265, 266, 267, 268 AND 269* by Facebook, Inc.. (Metanat, Morvarid) (Filed on 2/10/2012) (Entered: 02/10/2012) |
| 02/13/2012 | 272 | CERTIFICATE OF SERVICE by Facebook, Inc. re 266 Document E-Filed Under Seal, 271 Document E-Filed Under Seal, 268 Document E-Filed Under Seal (Metanat, Morvarid) (Filed on 2/13/2012) (Entered: 02/13/2012) |
| 02/13/2012 | 273 | Statement of Non-Opposition *to Facebook's Motion to Enlarge Time for Hearing Dispositive Motions Pursuant to Civil L.R. 6-3 and 16-2* filed byPower Ventures, Inc., Steven Vachani. (Fisher, Lawrence) (Filed on 2/13/2012) (Entered: 02/13/2012) |
| 02/16/2012 | 274 | MOTION Enlarge Time for Hearing Dispositive Motions re 273 Statement of Non-Opposition filed by Facebook, Inc.. Responses due by 3/1/2012. Replies due by 3/8/2012. (Attachments: # 1 Declaration Morvarid Metanat, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Proposed Order)(Metanat, Morvarid) (Filed on 2/16/2012) (Entered: 02/16/2012) |
| 02/16/2012 | 275 | ORDER by Judge James Ware denying 98 Defendants' Motion for Summary Judgment; Granting Plaintiff's Motions for Summary Judgment; Denying as moot 261 Administrative Motion to File Under Seal (jwlc2S, COURT STAFF) (Filed on 2/16/2012) (Entered: 02/16/2012) |
| 02/21/2012 | 276 | ORDER to Submit Letter Briefs. Signed by Judge Joseph C. Spero on February 21, 2012. (jcslc3, COURT STAFF) (Filed on 2/21/2012) (Entered: 02/21/2012) |
| 02/23/2012 | 277 | Letter from Monte Cooper *Letter Brief from Monte Cooper*. (Cooper, Monte) (Filed on 2/23/2012) (Entered: 02/23/2012) |

| 02/23/2012 | 278 | Letter from L. Timothy Fisher *Letter Brief from L. Timothy Fisher*. (Fisher, Lawrence) (Filed on 2/23/2012) (Entered: 02/23/2012) |
|---|---|---|
| 02/27/2012 | 279 | Minute Entry: Discovery Hearing held re: docket nos. 265, 267 and 269 on 2/24/2012 before Joseph C. Spero. Court to issue Order.(Court Reporter Debra Pas.) (klhS, COURT STAFF) (Date Filed: 2/27/2012) (Entered: 02/27/2012) |
| 02/27/2012 | 280 | Transcript of Proceedings held on 2-24-2012, before Judge Joseph C. Spero. Court Reporter/Transcriber Debra L. Pas, CRR, Telephone number (415) 431-1477. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerks Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction.After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Release of Transcript Restriction set for 5/29/2012. (Pas, Debra) (Filed on 2/27/2012) (Entered: 02/27/2012) |
| 02/29/2012 | 281 | STIPULATION WITH PROPOSED ORDER *FOR ORDER CHANGING TIME* filed by Facebook, Inc.. (Attachments: # 1 Declaration Monte M.F. Cooper)(Cooper, Monte) (Filed on 2/29/2012) (Entered: 02/29/2012) |
| 03/01/2012 | 282 | DISCOVERY ORDER re 267 Letter, filed by Facebook, Inc., 265 Letter filed by Facebook, Inc., 269 Letter, filed by Facebook, Inc. Signed by Judge Joseph C. Spero on 3/1/12. (klhS, COURT STAFF) (Filed on 3/1/2012) (Entered: 03/01/2012) |
| 03/01/2012 | 283 | STIPULATION AND ORDER re 281 STIPULATION WITH PROPOSED ORDER *FOR ORDER CHANGING TIME* filed by Facebook, Inc.. Signed by Judge James Ware on 3/1/12. (sis, COURT STAFF) (Filed on 3/1/2012) (Entered: 03/01/2012) |
| 03/08/2012 | 284 | STIPULATION WITH PROPOSED ORDER *FOR ORDER ENLARGING TIME* filed by Facebook, Inc.. (Attachments: # 1 Declaration Monte M.F. Cooper)(Cooper, Monte) (Filed on 3/8/2012) (Entered: 03/08/2012) |
| 03/09/2012 | 285 | STIPULATION AND ORDER re 284 STIPULATION WITH PROPOSED ORDER *FOR ORDER ENLARGING TIME* filed by Facebook, Inc.. Signed by Judge James Ware on 3/9/12. (sis, COURT STAFF) (Filed on 3/9/2012) (Entered: 03/09/2012) |
| 03/22/2012 | 286 | STIPULATION WITH PROPOSED ORDER *FOR ORDER ENLARGING TIME* filed by Facebook, Inc.. (Attachments: # 1 Declaration M. Cooper)(Cooper, Monte) (Filed on 3/22/2012) (Entered: 03/22/2012) |
| 03/23/2012 | 287 | STIPULATION AND ORDER re 286 STIPULATION WITH PROPOSED ORDER *FOR ORDER ENLARGING TIME* filed by Facebook, Inc.. Signed by Judge James Ware on 3/23/12. (sis, COURT STAFF) (Filed on 3/23/2012) (Entered: 03/23/2012) |
| 03/30/2012 | 288 | Administrative Motion to File Under Seal *in Connection with Brief of Defendants Power Ventures, Inc. and Steve Vachani Regarding (1) Amount of Damages and (2) Individual Liability of Defendant Vachani* filed by Power Ventures, Inc., Steven Vachani. (Fisher, Lawrence) (Filed on 3/30/2012) (Entered: 03/30/2012) |
| 03/30/2012 | 289 | CERTIFICATE OF SERVICE by Power Ventures, Inc., Steven Vachani *Proof of Service* (Fisher, Lawrence) (Filed on 3/30/2012) (Entered: 03/30/2012) |
| 03/30/2012 | 290 | Administrative Motion to File Under Seal *THE EXPERT REPORT OF RICHARD J. OSTILLER AND PORTIONS OF FACEBOOK'S SUPPLEMENTAL BRIEF* |

ER 234

| | | |
|---|---|---|
| | | *REGARDING DAMAGES* filed by Facebook, Inc.. (Attachments: # 1 Declaration M. Metanat, # 2 Proposed Order)(Metanat, Morvarid) (Filed on 3/30/2012) (Entered: 03/30/2012) |
| 03/30/2012 | 291 | Administrative Motion to File Under Seal *PORTIONS OF FACEBOOK'S SUPPLEMENTAL BRIEF PURSUANT TO CIVIL LOCAL RULE 79-5(D)* filed by Facebook, Inc.. (Metanat, Morvarid) (Filed on 3/30/2012) (Entered: 03/30/2012) |
| 03/30/2012 | 292 | RESPONSE to re 275 Order on Motion for Summary Judgment, Order on Administrative Motion to File Under Seal *FACEBOOK'S SUPPLEMENTAL BRIEF REGARDING DAMAGES AND LIABILITY OF DEFENDANT STEVE VACHANI (PUBLIC-REDACTED)* by Facebook, Inc.. (Metanat, Morvarid) (Filed on 3/30/2012) (Entered: 03/30/2012) |
| 03/30/2012 | 293 | CERTIFICATE OF SERVICE by Facebook, Inc. re 290 Administrative Motion to File Under Seal *THE EXPERT REPORT OF RICHARD J. OSTILLER AND PORTIONS OF FACEBOOK'S SUPPLEMENTAL BRIEF REGARDING DAMAGES*, 291 Administrative Motion to File Under Seal *PORTIONS OF FACEBOOK'S SUPPLEMENTAL BRIEF PURSUANT TO CIVIL LOCAL RULE 79-5(D) Facebook's Confidential Documents* (Metanat, Morvarid) (Filed on 3/30/2012) (Entered: 03/30/2012) |
| 04/05/2012 | 294 | Declaration of Morvarid Metanat in Support of 288 Administrative Motion to File Under Seal *in Connection with Brief of Defendants Power Ventures, Inc. and Steve Vachani Regarding (1) Amount of Damages and (2) Individual Liability of Defendant Vachani* filed byFacebook, Inc.. (Attachments: # 1 Proposed Order)(Related document(s) 288 ) (Metanat, Morvarid) (Filed on 4/5/2012) (Entered: 04/05/2012) |
| 04/11/2012 | 295 | ORDER by Judge James Ware granting 288 Administrative Motion to File Under Seal (sis, COURT STAFF) (Filed on 4/11/2012) (Entered: 04/11/2012) |
| 04/11/2012 | 296 | ORDER by Judge James Ware granting 290 Administrative Motion to File Under Seal (sis, COURT STAFF) (Filed on 4/11/2012) (Entered: 04/11/2012) |
| 04/11/2012 | 297 | Declaration of L. Timothy Fisher in Support of 291 Administrative Motion to File Under Seal *PORTIONS OF FACEBOOK'S SUPPLEMENTAL BRIEF PURSUANT TO CIVIL LOCAL RULE 79-5(D)* filed byPower Ventures, Inc., Steven Vachani. (Attachments: # 1 Proposed Order)(Related document(s) 291 ) (Westcot, Sarah) (Filed on 4/11/2012) (Entered: 04/11/2012) |
| 04/17/2012 | 298 | ORDER by Chief Judge James Ware granting 291 Administrative Motion to File Under Seal (ahm, COURT STAFF) (Filed on 4/17/2012) (Entered: 04/17/2012) |
| 04/17/2012 | 299 | RESPONSE to re 275 Order on Motion for Summary Judgment, Order on Administrative Motion to File Under Seal *FACEBOOK'S SUPPLEMENTAL BRIEF REGARDING DAMAGES AND LIABILITY OF DEFENDANT STEVE VACHANI* by Facebook, Inc.. (Attachments: # 1 Declaration Monte Cooper, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25 (Redacted), # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Exhibit 31, # 33 Exhibit 32, # 34 Exhibit 33, # 35 Exhibit 34, # 36 Exhibit 35, # 37 Exhibit 36)(Chatterjee, Indra) |

ER 235

| | | |
|---|---|---|
| | | (Filed on 4/17/2012) (Entered: 04/17/2012) |
| 04/17/2012 | 300 | DOCUMENT E-FILED UNDER SEAL re 296 Order on Administrative Motion to File Under Seal *FACEBOOK'S SUPPLEMENTAL BRIEF REGARDING DAMAGES AND LIABILITY OF DEFENDANT STEVE VACHANI (with Confidential Exhibit 25 to Monte Cooper Declaration)* by Facebook, Inc.. (Attachments: # 1 Exhibit 25 to Monte Cooper Delcaration)(Chatterjee, Indra) (Filed on 4/17/2012) (Entered: 04/17/2012) |
| 04/17/2012 | 301 | CERTIFICATE OF SERVICE by Facebook, Inc. re 300 Document E-Filed Under Seal, (Chatterjee, Indra) (Filed on 4/17/2012) (Entered: 04/17/2012) |
| 06/04/2012 | 302 | MOTION to Withdraw *as Counsel for Defendants Power Ventures, Inc. and Steve Vachani* filed by Power Ventures, Inc., Steven Vachani. Motion Hearing set for 7/9/2012 09:00 AM in Courtroom 9, 19th Floor, San Francisco before Hon. James Ware. Responses due by 6/18/2012. Replies due by 6/25/2012. (Attachments: # 1 Declaration of L. Timothy Fisher, # 2 Proposed Order, # 3 Certificate/Proof of Service)(Westcot, Sarah) (Filed on 6/4/2012) (Entered: 06/04/2012) |
| 06/11/2012 | 303 | MOTION for Joinder *Bramson, Plutzik, Mahler & Birkhaeuser, LLP's Notice of Joinder and Joinder in Bursor & Fisher, P.A.'s Notice of Motion and Motion to Withdraw as Counsel for Defendants Power Ventures, Inc. and Steve Vachani* filed by Power Ventures, Inc., Steven Vachani. (Plutzik, Alan) (Filed on 6/11/2012) (Entered: 06/11/2012) |
| 06/11/2012 | 304 | Declaration of Alan R. Plutzik in Support of 303 MOTION for Joinder *Bramson, Plutzik, Mahler & Birkhaeuser, LLP's Notice of Joinder and Joinder in Bursor & Fisher, P.A.'s Notice of Motion and Motion to Withdraw as Counsel for Defendants Power Ventures, Inc. and Steve Vachani Declaration of Alan R. Plutzik in Support of Bramson, Plutzik, Mahler & Birkhaeuser, LLP's Joinder in Motion to Withdraw as Counsel for Defendants Power Ventures, Inc. and Steve Vachani* filed byPower Ventures, Inc., Steven Vachani. (Related document(s) 303 ) (Plutzik, Alan) (Filed on 6/11/2012) (Entered: 06/11/2012) |
| 06/25/2012 | 305 | REPLY (re 302 MOTION to Withdraw *as Counsel for Defendants Power Ventures, Inc. and Steve Vachani* ) *Reply in Support of Motion to Withdraw as Counsel for Defendants Power Ventures, Inc. and Steve Vachani* filed byPower Ventures, Inc., Steven Vachani. (Attachments: # 1 Certificate/Proof of Service)(Fisher, Lawrence) (Filed on 6/25/2012) (Entered: 06/25/2012) |
| 07/02/2012 | 306 | ORDER by Judge James Ware granting 302 Motion to Withdraw ; granting 303 Motion for Joinder (jwlc3, COURT STAFF) (Filed on 7/2/2012) (Entered: 07/02/2012) |
| 07/03/2012 | 307 | CERTIFICATE OF SERVICE by Power Ventures, Inc., Steven Vachani (Fisher, Lawrence) (Filed on 7/3/2012) (Entered: 07/03/2012) |
| 07/19/2012 | 308 | ORDER Setting Hearing on Order to Show Cause re. Failure to Obtain Counsel. Signed by Judge James Ware on July 19, 2012. (jwlc3, COURT STAFF) (Filed on 7/19/2012) (Entered: 07/19/2012) |
| 07/19/2012 | | Set Deadlines/Hearings: Show Cause Response due by 7/27/2012. Order to Show Cause Hearing set for 8/6/2012 09:00 AM. (wsn, COURT STAFF) (Filed on 7/19/2012) (Entered: 07/19/2012) |
| 07/25/2012 | 310 | MOTION for Permission for Electronic Case Filing, filed by Power Ventures, Inc. |

ER 236

| | | (Attachments: # 1 Proposed Order)(wsn, COURT STAFF) (Filed on 7/25/2012) (Entered: 07/31/2012) |
|---|---|---|
| 07/26/2012 | 309 | Response to Order to Show Cause re 308 Order Setting Hearing on Order to Show Cause re. Failure to Obtain Counsel; by Power Ventures, Inc. (wsn, COURT STAFF) (Filed on 7/26/2012) (Entered: 07/31/2012) |
| 07/31/2012 | 311 | ORDER by Judge James Ware granting in part and denying in part 310 Motion (jwlc3, COURT STAFF) (Filed on 7/31/2012) (Entered: 07/31/2012) |
| 08/06/2012 | 312 | Minute Entry: Show Cause Hearing - Non Evidentiary (Date Filed: 8/6/2012). Court to issue Order. (Court Reporter Connie Kuhl.) (wsn, COURT STAFF) (Date Filed: 8/6/2012) (Entered: 08/06/2012) |
| 08/08/2012 | 313 | ORDER Striking Defendant Power Ventures' Answer; Granting Defendant Vachani Additional Time to Secure Counsel re 308 Order. Signed by Judge James Ware on August 8, 2012. (jwlc3, COURT STAFF) (Filed on 8/8/2012) (Entered: 08/08/2012) |
| 08/09/2012 | 314 | Clerks Notice ENTRY OF DEFAULT as to Power Ventures, Inc. (wsn, COURT STAFF) (Filed on 8/9/2012) (Entered: 08/09/2012) |
| 08/09/2012 | 315 | NOTICE by Steven Suraj Vachani *Notice of Self Representation* (Vachani, Steven) (Filed on 8/9/2012) (Entered: 08/09/2012) |
| 08/15/2012 | 316 | NOTICE of Appearance by Amy Sommer Anderson *for Defendant Power Ventures, Inc*. (Attachments: # 1 Certificate/Proof of Service Certificate of Service via ECF) (Anderson, Amy) (Filed on 8/15/2012) (Entered: 08/15/2012) |
| 08/15/2012 | 317 | Response *Supplemental Brief - Filed August 15th - Per Se by Steven Vachani* bySteven Suraj Vachani. (Vachani, Steven) (Filed on 8/15/2012) (Entered: 08/15/2012) |
| 08/15/2012 | 318 | First MOTION for Leave to File *Motion for Reconsideration of Order Entering Default* filed by Power Ventures, Inc.. (Anderson, Amy) (Filed on 8/15/2012) (Entered: 08/15/2012) |
| 08/16/2012 | 319 | CERTIFICATE OF SERVICE by Power Ventures, Inc. re 318 First MOTION for Leave to File *Motion for Reconsideration of Order Entering Default* (Anderson, Amy) (Filed on 8/16/2012) (Entered: 08/16/2012) |
| 08/21/2012 | 320 | ORDER by Judge James Ware granting 318 Motion for Leave to File (jwlc3, COURT STAFF) (Filed on 8/21/2012) (Entered: 08/21/2012) |
| 08/23/2012 | 321 | First MOTION for Reconsideration *of Order Entering Default* filed by Power Ventures, Inc.. (Anderson, Amy) (Filed on 8/23/2012) (Entered: 08/23/2012) |
| 08/27/2012 | 322 | RESPONSE (re 321 First MOTION for Reconsideration *of Order Entering Default* ) *and CROSS-APPLICATION FOR DEFAULT JUDGMENT AGAINST POWER VENTURES, INC*. filed byFacebook, Inc.. (Attachments: # 1 Proposed Order, # 2 Declaration, # 3 Exhibit 1, # 4 Exhibit 2)(Chatterjee, Indra) (Filed on 8/27/2012) (Entered: 08/27/2012) |
| 08/27/2012 | 323 | SUGGESTION OF BANKRUPTCY Upon the Record as to Power Ventures Inc.'s Suggestion of Bankruptcy *filed 08/27/2012* by Power Ventures, Inc.. (Attachments: # 1 Exhibit Voluntary Petition - Chapter 11)(Anderson, Amy) (Filed on 8/27/2012) (Entered: 08/27/2012) |

| 08/27/2012 | 324 | SUGGESTION OF BANKRUPTCY Upon the Record as to Steven Vachani -pro se - Suggestion of Bankruptcy by Steven Suraj Vachani. (Attachments: # 1 Exhibit Exhibit A - Voluntary Petition of Bankruptcy - Steven Vachani)(Vachani, Steven) (Filed on 8/27/2012) (Entered: 08/27/2012) |
|---|---|---|
| 08/29/2012 | 325 | ORDER by Judge James Ware Staying Case; denying as premature 321 Motion for Reconsideration ; denying as moot 264 Motion ; denying as moot 274 Motion (jwlc3, COURT STAFF) (Filed on 8/29/2012) (Entered: 08/29/2012) |
| 08/29/2012 | 326 | Transcript of Proceedings held on 8-06-2012, before Chief Judge James Ware. Official Court Reporter Connie Kuhl, CSR, RPR, RMR, CRR, Telephone number 415-431-2020. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date, it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Release of Transcript Restriction set for 11/27/2012. (ck, COURT STAFF) (Filed on 8/29/2012) (Entered: 08/29/2012) |
| 03/20/2013 | 327 | NOTICE by Facebook, Inc. re 325 Order on Motion for Reconsideration, Order on Motion for Miscellaneous Relief, *Notice Of Lifting Of Automatic Stay On Proceedings By Bankruptcy Court, And Request For Reassignment Of Case To New Judge, And Return To Active Status From Administrative Closure* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Metanat, Morvarid) (Filed on 3/20/2013) (Entered: 03/20/2013) |
| 04/08/2013 | 328 | **ORDER Lifting Stay re 327 Notice (Other), filed by Facebook, Inc.. Signed by Judge Lucy H. Koh on April 8, 2013. (lhklc2, COURT STAFF) (Filed on 4/8/2013) (Entered: 04/08/2013)** |
| 04/10/2013 | 329 | ORDER REASSIGNING CASE. Case reassigned to Judge Hon. Lucy H. Koh for all further proceedings. Judge James Ware no longer assigned to the case. Signed by Judge The Executive Committee on 4/10/2013. (gmS, ) (Filed on 4/10/2013) (Entered: 04/10/2013) |
| 04/22/2013 | 330 | CLERKS NOTICE SETTING CASE MANAGEMENT CONFERENCE FOLLOWING REASSIGNMENT Case Management Statement due by 5/22/2013. Case Management Conference set for 5/29/2013 02:00 PM in Courtroom 8, 4th Floor, San Jose. *****THIS IS A TEXT-ONLY NOTICE. THERE IS NO DOCUMENT ASSOCIATED WITH THIS DOCKET ENTRY***** (mpb, COURT STAFF) (Filed on 4/22/2013) (Entered: 04/22/2013) |
| 04/22/2013 | 331 | AMENDED CLERKS NOTICE ADVANCING CASE MANAGEMENT CONFERENCE Case Management Statement due by 4/29/2013 AT 10:00 A.M. Case Management Conference set for 5/1/2013 02:00 PM in Courtroom 8, 4th Floor, San Jose. *****THIS IS A TEXT-ONLY NOTICE. THERE IS NO DOCUMENT ASSOCIATED WITH THIS DOCKET ENTRY***** (mpb, COURT STAFF) (Filed on 4/22/2013) (Entered: 04/22/2013) |
| 04/25/2013 | 332 | MOTION CLARIFICATION OF THIS COURTS ORDER (DKT. NO. 275) REGARDING DETERMINATION OF THE STATUS OF DEFENDANT VACHANIS PERSONAL LIABILITY filed by Steven Suraj Vachani. Responses due by 5/9/2013. Replies due by 5/16/2013. (Attachments: # 1 Exhibit Exhibit A - Order for Summary Judgement, # 2 Exhibit Exhibit B - Supplemental Brief Regarding |

| | | Damages and Liability, # 3 Exhibit Exhibit C - Supplemental Brief by pro-se defendant Steven Vachani regarding damages, # 4 Exhibit Exhibit D - Facebook's Claim)(Vachani, Steven) (Filed on 4/25/2013) (Entered: 04/25/2013) |
|---|---|---|
| 04/29/2013 | 333 | CASE MANAGEMENT STATEMENT filed by Facebook, Inc.. (Cooper, Monte) (Filed on 4/29/2013) (Entered: 04/29/2013) |
| 04/29/2013 | 334 | CASE MANAGEMENT STATEMENT *Defendants' CMS* filed by Power Ventures, Inc.. (Anderson, Amy) (Filed on 4/29/2013) (Entered: 04/29/2013) |
| 04/29/2013 | 335 | CERTIFICATE OF SERVICE by Facebook, Inc. re 333 Case Management Statement (Cooper, Monte) (Filed on 4/29/2013) (Entered: 04/29/2013) |
| 04/29/2013 | 336 | OPPOSITION to Motion for Administrative Relief re ( 332 MOTION CLARIFICATION OF THIS COURTS ORDER (DKT. NO. 275) REGARDING DETERMINATION OF THE STATUS OF DEFENDANT VACHANIS PERSONAL LIABILITY ) filed by Facebook, Inc.. (Chatterjee, Indra) (Filed on 4/29/2013) Modified text on 4/30/2013 (dhmS, COURT STAFF). (Entered: 04/29/2013) |
| 04/30/2013 | 337 | *** FILED IN ERROR. PLEASE IGNORE. *** <br><br> (Entered: 04/30/2013) |
| 04/30/2013 | 338 | MOTION to Appear by Telephone filed by Steven Suraj Vachani. (Vachani, Steven) (Filed on 4/30/2013) (Entered: 04/30/2013) |
| 05/01/2013 | 339 | **ORDER by Judge Lucy H. Koh granting 338 Motion to Appear by Telephone (mpb, COURT STAFF) (Filed on 5/1/2013) (Entered: 05/01/2013)** |
| 05/02/2013 | 340 | Minute Entry and Case Management Order: Initial Case Management Conference held on 5/1/2013 before Judge Lucy H. Koh (Date Filed: 5/2/2013). Further Case Management Conference set for 9/26/2013 01:30 PM in Courtroom 8, 4th Floor, San Jose. (Court Reporter Lee-Anne Shortridge.) (mpb, COURT STAFF) (Date Filed: 5/2/2013) (Entered: 05/02/2013) |
| 05/02/2013 | | Set/Reset Hearing re 340 Case Management Conference - Initial, Set Hearings,, Motion Hearing set for 9/26/2013 01:30 PM in Courtroom 8, 4th Floor, San Jose before Hon. Lucy H. Koh. (mpb, COURT STAFF) (Filed on 5/2/2013) (Entered: 09/17/2013) |
| 05/07/2013 | 341 | TRANSCRIPT ORDER by Facebook, Inc. for Court Reporter Lee-Anne Shortridge. (Chatterjee, Indra) (Filed on 5/7/2013) (Entered: 05/07/2013) |
| 05/11/2013 | 342 | Transcript of Proceedings held on 5-1-13, before Judge Lucy H. Koh. Court Reporter/Transcriber Lee-Anne Shortridge, Telephone number 408-287-4580 email: lee-anne_shortridge@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerks Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction.After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Release of Transcript Restriction set for 8/9/2013. (Related documents(s) 341 ) (las, ) (Filed on 5/11/2013) (Entered: 05/11/2013) |
| 05/13/2013 | 343 | TRANSCRIPT ORDER by Power Ventures, Inc. for Court Reporter Lee-Anne |

| | | |
|---|---|---|
| | | Shortridge. (Anderson, Amy) (Filed on 5/13/2013) (Entered: 05/13/2013) |
| 05/30/2013 | 344 | Administrative Motion to File Under Seal filed by Facebook, Inc.. (Attachments: # 1 Proposed Order, # 2 Declaration)(Metanat, Morvarid) (Filed on 5/30/2013) (Entered: 05/30/2013) |
| 05/30/2013 | 345 | CERTIFICATE OF SERVICE by Facebook, Inc. (Metanat, Morvarid) (Filed on 5/30/2013) (Entered: 05/30/2013) |
| 06/04/2013 | 346 | **Order, signed 6/4/13, by Magistrate Judge Joseph C. Spero granting 344 Administrative Motion to File Under Seal Portions of Facebook's Letter Brief for Costs and Fees.(klhS, COURT STAFF) (Filed on 6/4/2013) (Entered: 06/04/2013)** |
| 06/06/2013 | 347 | DOCUMENT E-FILED UNDER SEAL re 346 Order on Administrative Motion to File Under Seal *LETTER BRIEF RE COSTS AND FEES* by Facebook, Inc.. (Attachments: # 1 Declaration, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Metanat, Morvarid) (Filed on 6/6/2013) (Entered: 06/06/2013) |
| 06/06/2013 | 348 | REDACTION to 347 Document E-Filed Under Seal, *LETTER BRIEF RE COSTS AND FEES* by Facebook, Inc.. (Attachments: # 1 Proposed Order, # 2 Declaration, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E)(Metanat, Morvarid) (Filed on 6/6/2013) (Entered: 06/06/2013) |
| 06/06/2013 | 349 | CERTIFICATE OF SERVICE by Facebook, Inc. re 348 Redacted Document, 347 Document E-Filed Under Seal, (Metanat, Morvarid) (Filed on 6/6/2013) (Entered: 06/06/2013) |
| 06/10/2013 | 350 | Letter Brief re 347 Document E-Filed Under Seal, *Defendants' Responsive Letter Brief* filed byPower Ventures, Inc.. (Attachments: # 1 Proposed Order Proposed Order Granting Defendants' Letter Brief, # 2 Declaration Anderson Declaration Supporting Defendants' Letter Brief, # 3 Declaration Vachani Declaration Supporting Defendants' Letter Brief, # 4 Exhibit Exhibit A - Facebook's Ch 13 Claim)(Related document(s) 347 ) (Anderson, Amy) (Filed on 6/10/2013) (Entered: 06/10/2013) |
| 07/29/2013 | 351 | **ORDER for evidence supporting attorneys' fees. Signed by Judge Joseph C. Spero on July 29, 2013. (jcslc2S, COURT STAFF) (Filed on 7/29/2013) (Entered: 07/29/2013)** |
| 07/31/2013 | 352 | Letter from Facebook, Inc. *re Exhibits for In Camera Review*. (Metanat, Morvarid) (Filed on 7/31/2013) (Entered: 07/31/2013) |
| 08/01/2013 | 353 | MOTION for Leave to File Motion for Reconsideration of 275 Court's Order re Summary Judgment filed by Power Ventures, Inc.. (Anderson, Amy) (Filed on 8/1/2013) Modified on 8/4/2013 linking entry to document #275 (dhmS, COURT STAFF). (Entered: 08/01/2013) |
| 08/01/2013 | 354 | Administrative Motion to File Under Seal filed by Facebook, Inc.. (Attachments: # 1 Proposed Order, # 2 Declaration)(Metanat, Morvarid) (Filed on 8/1/2013) (Entered: 08/01/2013) |
| 08/01/2013 | 355 | CERTIFICATE OF SERVICE by Facebook, Inc. re 354 Administrative Motion to File Under Seal *and CONFIDENTIAL Document* (Metanat, Morvarid) (Filed on 8/1/2013) (Entered: 08/01/2013) |
| 08/07/2013 | 356 | **ORDER re Attorneys' Fees and Costs for Renewed Deposition. Signed by Judge** |

| | | |
|---|---|---|
| | | **Joseph C. Spero on August 7, 2013. (jcslc2, COURT STAFF) (Filed on 8/7/2013) Modified on 8/7/2013 (ewn, COURT STAFF). Modified on 8/7/2013 (ewn, COURT STAFF). (Entered: 08/07/2013)** |
| 08/15/2013 | 357 | RESPONSE (re 354 Administrative Motion to File Under Seal ) *Defendants' Opposition to Facebook's Request for Injunctive Relief* filed byPower Ventures, Inc.. (Attachments: # 1 Declaration Vachani Declaration ISO Defendants' Opposition to Facebook's Request for Injunctive Relief, # 2 Exhibit Exhibit A, # 3 Exhibit Exhibit B, # 4 Exhibit Exhibit C, # 5 Exhibit Exhibit D, # 6 Exhibit Exhibit E)(Anderson, Amy) (Filed on 8/15/2013) (Entered: 08/15/2013) |
| 08/22/2013 | 358 | REPLY (re 354 Administrative Motion to File Under Seal ) *Facebook's Reply In Support of Request For Injunctive Relief* filed byFacebook, Inc.. (Metanat, Morvarid) (Filed on 8/22/2013) (Entered: 08/22/2013) |
| 08/25/2013 | 359 | Declaration of Amy Sommer Anderson Attesting to Concurrence of Signatory in Filing Declaration of Steven Vachani in Support of 357 Opposition to Facebook's Request for Injunctive Relief filed by Power Ventures, Inc.. (Related document(s) 357 ) (Anderson, Amy) (Filed on 8/25/2013) Modified text on 8/26/2013 (dhmS, COURT STAFF). (Entered: 08/25/2013) |
| 09/06/2013 | 360 | NOTICE OF APPEAL to the 9th CCA Steven Suraj Vachani. Appeal of Order, 356, (Appeal fee FEE NOT PAID.) (Attachments: # 1 Declaration, # 2 Exhibit)(Vachani, Steven) (Filed on 9/6/2013) Modified text on 11/25/2013 linking entry to document #356 (dhmS, COURT STAFF). (Entered: 09/06/2013) |
| 09/08/2013 | 361 | Declaration of Amy Sommer Anderson in Support of 353 MOTION for Leave to File *Motion for Reconsideration of Summary Judgment Order Filer's Attestation* filed byPower Ventures, Inc.. (Related document(s) 353 ) (Anderson, Amy) (Filed on 9/8/2013) (Entered: 09/08/2013) |
| 09/09/2013 | 362 | Mailed request for payment of docket fee to appellant (cc to USCA) (dhmS, COURT STAFF) (Filed on 9/9/2013) (Entered: 09/09/2013) |
| 09/09/2013 | 363 | USCA Case Number 13-16795 Ninth Circuit for 360 Notice of Appeal filed by Steven Suraj Vachani. The schedule is set as follows: Fee due from Appellant Steven Vachani on 09/06/2013. Transcript ordered by 10/07/2013. Transcript due 11/05/2013. Appellant Steven Vachani opening brief due 12/16/2013. Appellee Facebook, Inc. answering brief due 01/15/2014. Appellant's optional reply brief is due 14 days after service of the answering brief. (Attachments: # 1 USCA Time Scheduling Order) (dhmS, COURT STAFF) (Filed on 9/9/2013) (Entered: 09/09/2013) |
| 09/10/2013 | 364 | USCA Appeal Fees received $ 455 receipt number 54611014108 re 360 Notice of Appeal filed by Steven Suraj Vachani (dhmS, COURT STAFF) (Filed on 9/10/2013) (Entered: 09/19/2013) |
| 09/19/2013 | 365 | CASE MANAGEMENT STATEMENT filed by Facebook, Inc.. (Metanat, Morvarid) (Filed on 9/19/2013) (Entered: 09/19/2013) |
| 09/19/2013 | 366 | CASE MANAGEMENT STATEMENT *Defendants' Case Management Statement* filed by Power Ventures, Inc.. (Anderson, Amy) (Filed on 9/19/2013) (Entered: 09/19/2013) |
| 09/25/2013 | 367 | **ORDER by Judge Lucy Koh granting 354 Administrative Motion to File Under Seal (lhklc2, COURT STAFF) (Filed on 9/25/2013) (Entered: 09/25/2013)** |

| 09/25/2013 | 368 | DOCUMENT E-FILED UNDER SEAL re 367 Order on Administrative Motion to File Under Seal *FACEBOOK'S SUPPLEMENTAL MPA IN SUPPORT OF REQUEST FOR INJUNCTIVE RELIEF* by Facebook, Inc.. (Metanat, Morvarid) (Filed on 9/25/2013) (Entered: 09/25/2013) |
|---|---|---|
| 09/25/2013 | 369 | Supplemental MOTION for Permanent Injunction *(REDACTED-PUBLIC VERSION)* filed by Facebook, Inc.. Motion Hearing set for 9/26/2013 01:30 PM in Courtroom 8, 4th Floor, San Jose before Hon. Lucy H. Koh. Responses due by 8/15/2013. Replies due by 8/22/2013. (Attachments: # 1 Proposed Order)(Metanat, Morvarid) (Filed on 9/25/2013) (Entered: 09/25/2013) |
| 09/25/2013 | 370 | ****THIS DOCKET ENTRY WAS MADE IN ERROR WITHOUT JUDGE'S SIGNATURE - SEE DOCKET ENTRY 373 FOR CORRECT ORDER WITH SIGNATURE.*** **ORDER by Judge Lucy H. Koh denying 353 Motion for Leave to File; granting 369 Motion for Permanent Injunction; granting 292 motion for summary judgement regarding liability of Vachani and motion for damages (lhklc2, COURT STAFF) (Filed on 9/25/2013) Modified on 9/25/2013 (lhklc2, COURT STAFF). (Entered: 09/25/2013)** |
| 09/25/2013 | 371 | CERTIFICATE OF SERVICE by Facebook, Inc. re 368 Document E-Filed Under Seal *and 369* (Metanat, Morvarid) (Filed on 9/25/2013) (Entered: 09/25/2013) |
| 09/25/2013 | 372 | DOCUMENT E-FILED UNDER SEAL by Court Staff. (Attachments: # 1 Proof of Service)(lhklc2, COURT STAFF) (Filed on 9/25/2013) (Entered: 09/25/2013) |
| 09/25/2013 | 373 | **ORDER denying 353 Motion for Leave to File; granting 369 Motion for Permanent Injunction; granting 292 motion for summary judgement regarding liability of Vachani and motion for damages. Signed by Judge Lucy Koh on 9/25/2013. (lhklc2, COURT STAFF) (Filed on 9/25/2013) (Entered: 09/25/2013)** |
| 09/25/2013 | 374 | **JUDGMENT. Signed by Judge Lucy Koh on 9/25/2013. (lhklc2, COURT STAFF) (Filed on 9/25/2013) (Entered: 09/25/2013)** |
| 09/25/2013 | | (To remove hearings from Court's calendar) Set/Reset Hearing re 373 Order, (mpb, COURT STAFF) (Filed on 9/25/2013) (Entered: 09/25/2013) |
| 10/02/2013 | 375 | AMENDED NOTICE OF APPEAL. Response to Clerk's Order Regarding Lack of Jurisdiction of Appellant's Interlocutory Appeal by Steven Suraj Vachani. Appeal Record due by 11/1/2013. (Attachments: # 1 Exhibit Judgement)(Vachani, Steven) (Filed on 10/2/2013) Modified text on 10/21/2013 dft. posted document as an amended notice of appeal (dhmS, COURT STAFF). Modified on 11/25/2013 pursuant to USCA Order of 11/21/2013, the Clerk shall credit the filing fee paid in appeal 13-16795 to appeal no. 13-17102 (dhmS, COURT STAFF). (Entered: 10/02/2013) |
| 10/08/2013 | 376 | STIPULATION WITH PROPOSED ORDER *Regarding Extension of Time to File Bill of Costs* filed by Facebook, Inc.. (Chatterjee, Indra) (Filed on 10/8/2013) (Entered: 10/08/2013) |
| 10/11/2013 | 377 | **ORDER by Judge Lucy Koh granting 376 Stipulation (lhklc2, COURT STAFF) (Filed on 10/11/2013) (Entered: 10/11/2013)** |
| 10/21/2013 | 378 | USCA Case Number 13-17102 Ninth Circuit for 375 Amended Notice of Appeal filed by Steven Suraj Vachani. The schedule is set as follows: Fee due from Appellant Steven Vachani on 10/02/2013. Transcript ordered by 11/01/2013. Transcript due |

| | | |
|---|---|---|
| | | 12/02/2013. Appellant Steven Vachani opening brief due 01/10/2014. Appellee Facebook, Inc. answering brief due 02/10/2014. Appellant's optional reply brief is due 14 days after service of the answering brief. (Attachments: # 1 USCA Time Schedule Order)(dhmS, COURT STAFF) (Filed on 10/21/2013) (Entered: 10/21/2013) |
| 10/23/2013 | 379 | NOTICE OF APPEAL to the 9th CCA Power Ventures, Inc., Steven Suraj Vachani. Appeal of Judgment 374 , Order, 373 , Order on Motion for Summary Judgment, Order on Administrative Motion to File Under Seal 275 (Appeal fee of $455 receipt number 0971-8103973 paid.) (Anderson, Amy) (Filed on 10/23/2013) Modified text on 10/25/2013 (dhmS, COURT STAFF). (Entered: 10/23/2013) |
| 10/25/2013 | 380 | ORDER of USCA to show cause docket fee due as to 375 Amended Notice of Appeal (Response to Clerk's Order Regarding Lack of Jurisdiction of Appellant's Interlocutory Appeal), filed by Steven Suraj Vachani. (dhmS, COURT STAFF) (Filed on 10/25/2013) (Entered: 10/25/2013) |
| 10/25/2013 | 381 | USCA Case Number 13-17154 Ninth Circuit for 379 Notice of Appeal, filed by Power Ventures, Inc., Steven Suraj Vachani. The schedule is set as follows: Mediation Questionnaire due on 10/31/2013. Transcript ordered by 11/22/2013. Transcript due 12/23/2013. Appellants Power Ventures, Inc. and Steven Vachani opening brief due 01/31/2014. Appellee Facebook, Inc. answering brief due 03/03/2014. Appellant's optional reply brief is due 14 days after service of the answering brief. (Attachments: # 1 USCA Time Schedule Order)(dhmS, COURT STAFF) (Filed on 10/25/2013) (Entered: 10/25/2013) |
| 11/08/2013 | 382 | BILL OF COSTS by Facebook, Inc.. (Attachments: # 1 Exhibit)(Cooper, Monte) (Filed on 11/8/2013) (Entered: 11/08/2013) |
| 11/08/2013 | 383 | AFFIDAVIT re 382 Bill of Costs *DECLARATION OF MONTE M.F. COOPER IN SUPPORT OF PLAINTIFF FACEBOOK, INC.'S BILL OF COSTS* by Facebook, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Cooper, Monte) (Filed on 11/8/2013) (Entered: 11/08/2013) |
| 11/21/2013 | 386 | ORDER of USCA as to 360 Notice of Appeal, filed by Steven Suraj Vachani. A review of the record and appellants October 3, 2013 response to this courts order to show cause demonstrates that the district courts August 7, 2013 order re attorneys fees and costs for renewed deposition challenged in this appeal was not final or appealable at the time that the notice of appeal was filed. Consequently, this appeal is dismissed for lack of jurisdiction. Appellants October 2, 2013 amended notice of appeal is proceeding in this court as pending appeal no. 13-17102. The Clerk shall credit the filing fee paid in appeal no. 13-16795 to appeal no. 13-17102. All other pending motions are denied as moot. DISMISSED. (dhmS, COURT STAFF) (Filed on 11/21/2013) (Entered: 11/25/2013) |
| 11/22/2013 | 384 | Transcript Designation Form for proceedings held on 01/23/2012 before Judge Hon. James S. Ware, re 381 USCA Case Number,, Transcript due by 12/23/2013. (Attachments: # 1 Certificate/Proof of Service Certificate of Service of Transcript Designation)(Anderson, Amy) (Filed on 11/22/2013) (Entered: 11/22/2013) |
| 11/22/2013 | 385 | OBJECTIONS to re 382 Bill of Costs by Power Ventures, Inc.. (Attachments: # 1 Declaration Anderson Dec. ISO Dfts' Opposition to Bill of Costs, # 2 Exhibit Exhibit A, # 3 Exhibit Exhibit B)(Anderson, Amy) (Filed on 11/22/2013) (Entered: 11/22/2013) |

| 12/02/2013 | 387 | TRANSCRIPT ORDER by Steven Suraj Vachani for Court Reporter Debra Pas. (Vachani, Steven) (Filed on 12/2/2013) (Entered: 12/02/2013) |
| 12/10/2013 | 388 | Statement of Non-Opposition re 385 Objections to Bill of Costs, filed by Facebook, Inc.. (Attachments: # 1 Certificate/Proof of Service)(Related document(s) 385 ) (Uriarte, Robert) (Filed on 12/10/2013) Modified text on 12/11/2013 (dhmS, COURT STAFF). (Entered: 12/10/2013) |
| 12/17/2013 | 389 | MANDATE of USCA issued as to 360 Notice of Appeal, filed by Steven Suraj Vachani (dhmS, COURT STAFF) (Filed on 12/17/2013) (Entered: 12/17/2013) |
| 01/02/2014 | 390 | Costs Taxed in amount of $ 49,637.93 against Power Ventures, Inc. (srm, COURT STAFF) (Filed on 1/2/2014) (Entered: 01/02/2014) |
| 02/20/2014 | 391 | NOTICE of Removal of Attorney Morvarid Metanat by Indra Neel (Chatterjee, Indra) (Filed on 2/20/2014) Modified text on 2/21/2014 (dhmS, COURT STAFF). (Entered: 02/20/2014) |